HHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YAODI HU                                           )
                                                   )
           Plaintiffs                              )   Jury Demand
    vs                                             )
                                                   )
                                                   )
Honorable Timothy C. Evans Chief Judge             )
Of Circuit Court of Cook County Illinois           )   08CV2007
Honorable Pamela Hill Veal, Judge                  )   JUDGE ST. EVE
Honorable Sheryl Pethers, Judge                    )   MAG. JUDGE ASHMAN
All in their Official capacity                     )
                                                   )
Walinski & Trunkett, PC.                           )
Brian Lewis, John Buscher,                         )   FILED
Robert Walinski, Park National Bank                )
Allen Meyer,                                       )   APR 0 9 2008  TC
                                                       4-9-2008
                                                       MICHAEL W. DOBBINS
### Complaint                                          CLERK, U.S. DISTRICT COURT

### Parties:

1. Yaodi Hu is a resident in State of Illinois, involved in several litigation in the Circuit Court of Cook county.

2. Timothy C. Evans is the Chief Judge of Circuit Court of Cook County Illinois.

3. Honorable Pamela Hill Veal and Honorable Sheryl Pethers are both Judges working for Circuit Court of Cook County.

4. Walinski & Trunkett PC is a law firm located in Chicago Illinois at 25 East Washington Street, suite 1221.

5. Robert walinski, Brian Lewis and John Buscher are all attorneys working for Walinski & Trunkett PC.

6. Allen Meyer is an attorney in Chicago representing Peter Huey in the forcible entry detainer action. ( 07 M1 715191).

7. Park National Bank is publicly trade company engaged in banking business in

1

Chicago Illinois.

## Jurisdiction

8. This Court has jurisdiction over this matter pursuant to
   a. The Civil Rights Act of 1871, 42 U.S.C.§ 1983
   b. 28 U.S.C. § 1331  Federal Question
   c. 28 U.S.C. § 1343 Civil rights and elective franchise
   d. 28 U.S.C. § 1367  Supplemental Jurisdiction
   e. Federal Declaratory Judgment Act  28 U.S.C. § 2201 and § 2202

## Venue

9. Venue is proper is this District pursuant to 28 U.S.C. §1391(b)(2), in that a substantial part of the events giving rise to the claim arose in this district

## Statement of Fact  --- 07 m1 715191

10. Yaodi Hu was defendant to a forcible detainer action filed by Peter Huey. (07 M1 715191.) Honorable Judge Pethers was the presiding judge of the case.
11. Plaintiff Hu is not asking the Federal Court to review the final result of the litigation. In fact that 07 M1 715191 is under appeal.
12. October 18, 2007, at room 1302 of Daley Center, plaintiff's counsel Allen Meyer appeared. Defendant Hu also appeared. Judge Sheryl Pethers presided over the proceeding
13. On October 18, 2007, upon oral motion, Judge struck Hu's jury demand without hearing , without any proffered evidence from the moving party. There was no notice of that motion. On that same day, Judge just vacated a prior order striking Hu's jury demand for lack of in rem jurisdiction and personal jurisdiction. It is deprivation Hu's due process right under the Fourteenth Amendment.
14. Huey's counsel Allen Meyer  was unaware that **735 ILCS 5/2-301** was revised in 2000 and it overruled all the conflicting cases law prior to that. He presented a

1991 case of ***Pecoraro v. Kesner,*** 217 Ill. App.3d 1039 (1st Dist 1991) to support his position.

15. October 18, 2007, this court read the case law brought by defendant Hu, ***KSAC Corp. v. Recycle Free, Inc.***, 846 N.E2d 1021 (Ill. App., 2006). The Court agreed with defendant Yaodi Hu that when it entered the order on July 25, 2007, striking defendant's jury's demand, it was without jurisdiction and therefore its order is void. Defendant Hu was ordered to read the case in open court, highlighting the holding of the case to the Court, while the court continued its adjudications of other cases, When Honorable judge Pethers was making legal conclusion with quick temper and impetus without knowing what the law is, Defendant Hu had to remind the Court several times that the court did not read the case.

16. Judge expressed her surprise that the case was still pending in front of her without possession order to plaintiff. July 9, 2007, Judge Pethers ruled that there was no personal jurisdiction over defendant Hu.

17. The Court had to explain twice to Counsel Allen Meyer to make him understand that filing of jury demand does not waive one's objection to personal jurisdiction under **735 ILCS 5/2-301** and the case authority he offered is no longer a good precedent.

18. The Court was ready to draft its order transferring the case to upstairs for jury trial.

19. In the midst of this counsel Allen Meyer and Judge Pethers exchanged special eye contact and Allen Meyer pleaded with the Judge Pethers and Judge Pethers changed her mind. Judge decided to deny Hu's Motion to Vacate July 25, 2007's order striking Hu's jury demand. Judge stated that she changed her mind but refused to give any reason when asked by defendant Hu.

20. This change of heart by the Court means that the July 25, 2007 court's order striking Hu's jury demand stands. The Court asked Huey's counsel why he can't go for a jury trial. Huey's answer is that it would be several months' waiting for jury trial and he would like to get the possession sooner.

21. Hu reiterated his position that July 25, 2007 order is void because the court had neither personal jurisdiction, nor in rem jurisdiction and therefore the order was void.

22. Allen Meyer made an oral motion to strike Hu's jury demand in open court on October 18, 2007 without giving any notice to Court and to Hu.

23. The Court eventually decided to vacate the July 25, 2007 order first and then enter another order striking Hu's jury demand right away. There was no introduction of evidence such as Lease, no hearing.

24. Judge Pethers decided to strike Hu's jury demand so she could retain the jurisdiction and Huey would get an expeditious order of possession.

25. Judge Pethers intentionally discriminated against Hu because of his race. Judge was rendering a decision to favor plaintiff's white attorney Allen Meyer.

26. "Prior cases establish, first, that due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." *Boddie v. Connecticut*, 401 U.S. 371, 377 (1969). *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950); See also *Logan v. Zimmerman Brush Company*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982).

27. Judge Pethers struck Hu's jury demand on Oct. 18, 2007, based upon her assertion that Hu waived the jury trial in the subject lease. The issue is Plaintiff Huey had not introduced the Lease in the court yet and there was no hearing as to whether there was oral modification to the lease. At the trial, Plaintiff Huey asserted that he contact Justine Zhou regarding the lease, and Huey further admitted that he never contacted Hu regarding the Lease, therefore, without a hearing and Justine Zhou's testimony, the Court is without factual basis to conclude that there was no oral modification to the Lease.

28. According to *South Shore Amusements Inc., v. Supersport Auto Racing Ass'n*, 483 N.E.2d 337, 136 Ill. App. 3d, 284 (Ill.App.1 Dist., 1985), "parties to a written contract may alter or modify its terms by a subsequent oral agreement is well established. (Estate of Kern v. Handlsman (1983), 115 Ill. App.3d 789, 794, 75 Ill.Dec. 407, 450 N.E. 2d 1286.) Whether an oral contract exists, its terms and conditions and the intent of the parties, are questions of fact to be determined by the

4

trier of fact. (Emmenegger Construction Co. Inc. v. King (1982), 103 Ill.App.3d 423, 427, 59 Ill.Dec.237 431 N.E. 2d 738)"

29. *Wilson v. Moore*, 301 N.E. 2d 39, 40 13 Ill.App.3d 632 (Ill.App.1 Dist., 1973) "although notice of motion may be waived by an adverse party, an order entered on a motion without notice is void." See also **Moore v. One Stop Medical Center**, 578 N.E. 2d 1231, 218 Ill.App.3d 1011 (Ill.App. 1 Dist.1991). "We agree 'Parties to an action who have properly appeared are entitled to notice of any motions and hearings.' (City of Chicago v. American National Bank & Trust Co. 91988), 171 Ill.App.3d 680, 688, 121 Ill.Dec. 608, 525 N.E.2d 915) "

30. Judge Pethers' striking of Hu's jury demand demonstrated her reckless disregard of Hu's due process right.

31. In the open Court, Hu stated that striking his jury demand, without notice and opportunity to be heard is violation of Fourteenth Amendment Due Process Clause, especially just after the Court vacated its order of July 25, 2007 striking his jury demand. Hu further stated that the striking of his jury demand violated his constitutional right under Seventh Amendment of United State Constitution and Illinois Constitution.

32. November 8, 2007, the Court was presented Hu's Motion to vacate its order on October 18, 2007 striking Hu's jury demand.

33. Huey's counsel Allen Meyer and Yaodi Hu appeared. Judge Sheryl A. Pethers presided over the hearing.

34. Huey's counsel insisted in open court that Hu is tenant of sufferance.

35. The Court ordered both parties bring authorities regarding the issue of jury waiver. The Court also order plaintiff brings his Lease to prove the waiver provision in the Lease. The hearing was continued to November 21, 2007.

36. November 21, 2007, Judge Sheryl Pethers presided over the hearing at room 1302 of Daley Center.

37. Huey's counsel Allen Meyer and defendant Yaodi Hu appeared.

38. The Court already prepared a prewritten order before the hearing began. The Court ruled that Hu is a month-to-month holdover tenant and the Lease is binding upon Hu. The Court therefore reasoned that Hu waived his right to jury trial.

39. The Court denied Motion to Intervene as defendants by Citywide Mortgage Lending Corp and Citywide Real Estate Corp.
40. The Court was especially offended by the fact that Hu was filing the Motion on behalf of those Corporations. November 21, 2007, The Court specifically ordered: 4) "Defendant Hu is advised that this is not a 'small claim', and neither section 2-416 of the Code of Civil Procedure nor Supreme Court rule 282 apply; further, even if they did apply, the corporations he purports to represent in this Court as an officer are ….(illegible) …therefore, should Mr. Hu, a non-attorney, file any other pleadings or other documents on behalf of anyone but, himself, the matter shall be turned over to the State Attorney for ..(Illegible)…and possible prosecution for practicing law without a license.
41. In Honorable Judge Pethers' court room, there used to be a female sheriff. On the day of Hu's trial, December 13, 2007, a male sheriff was arranged to be present
42. December 13, 2007, starting about 3:00 pm at room 1302 of Daley Center, Chicago Illinois, Defendant Yaodi Hu participated in a trial in the instant case. Huey's counsel originally stated in the open Court November 21, 2007 that he was going to engage a reporter for the trial. On December 13, 2007, when the trial began, there was no reporter engaged by Huey. Relying upon Huey's statement, Hu did not engage his own reporter. Defendant Jun Zhou did not appear. Judge Sheryl A. Pethers presided over the bench trial. Trial ended around 5:00 pm.
43. Judge told defendant Hu could not participate in the proceeding unless Hu submit himself to the jurisdiction of the Court. Hu insisted that he could participate in the trial without subjecting himself to the jurisdiction of the Court citing the 735 ILCS 5/2-301 motion he filed. The Court stated that if Hu does not want to subject himself to the Court's jurisdiction, then he can not participate in the trial. A gun carrying sheriff then was approaching Hu ready to physically remove Hu from in front of bench.
44. Hu renewed his challenge to the Court's position that either Hu signed the document, claiming that he voluntarily submit himself to the Court's jurisdiction, or he be barred from participating in the trial. Hu asserted that since 2000 when 735 ILCS 5/2-301 was revised, there is no case law indicating voluntary

6

participation by Hu in the in rem trial would waive his objection to personal jurisdiction manifested by his filed 5/2-301 motion. The Court again order the sheriff approaching Hu ready to physically removing Hu from where he stand further back and preventing him from speaking out.

45. Under this imminent threat of physical restraint and removal, Hu decided to sign the Court order indicating that he "voluntarily" submitted to Court's jurisdiction. The Court enters three orders in the beginning of the trial. The Court denied Citywide Mortgage Lending Corp's motion for reconsideration to join in as defendant.

46. Also, the Court maintained that it is not a small claim court and Hu can't represent corporation. The Court did not receive Hu's Motion under Supreme Court Rule 219 which was filed on December 11, 2007. The Court did not read the Motion, did not have a copy of the Motion, did not allow Hu present his Motion, and the Court denied the Motion based upon the conclusion that the Court did not allow any discovery in this case. The third order the Court entered is that Hu voluntarily submitted himself to the Court's jurisdiction. Huey's counsel admitted that he received Hu's Motion under Supreme Court rule 219 (c) and his second set of interrogatories.

47. A few days before December 13, 2007 trial Honorable Pethers denied Hu's motion to intervene on behalf of Citywide Mortgage Lending Corp. The motion was denied by Judge Pethers. Hu could have argued that the denial of that motion is reversible error and Hu was attending the trial on behalf of the Corporation. Besides, because the statute was revised in 2000 and it was not quite settled if Hu could still preserve his objection to personal jurisdiction by participating in the trial.

48. In any event, personal jurisdiction is a mixed question of fact and law and Judge Pethers was free to make a judicial ruling over Hu's filed objection.

49. In order to resolve the possible legal challenge to her ruling, Judge Pethers resort to coercion. Judge ordered at least twice the sheriff to removing Hu from in front of the bench unless Hu sign the document "voluntarily" submitting himself to the jurisdiction of the Court.

7

50. The sheriff was carrying a gun. He almost had body contact with Yaodi Hu. Sheriff stood very close to almost contacting Hu's body for several minutes until well after Hu sign that document. Ultimately, Judge Pethers ordered the sheriff to step back away from Yaodi Hu.

51. During December 13, 2007 trial, Hu made several oral motions. First Motion is motion to dismiss for failure of Huey to serve the proper notice under 735 ILCS 5/9-211. Hu insisted that because Huey's action and the Court's jurisdiction was based upon the notice sent out on May 31, 2007, and once Huey chose to send out notice, Huey was obligated to comply with 735 ILCS 5/2-211 regardless the waiver of notice provision in the Lease. Since Huey admitted that the notice was sent out through regular mail, the Court should dismiss the action for failure to comply with 735 ILCS 5/9-211. Hu further indicated that according to Lease, the notice is supposed to be sent out by certified mail and Huey failed to comply with the Lease, which he alleged is binding upon Hu. This Court denied Hu's motion relying upon the waiver provision in Lease.

52. Second Motion made by Hu was that assuming May 31, 2007 notice was valid, the proper amount of that notice was only $1,000 after striking out the inappropriate amount of June 2007 rent, which was not due until June 1, 2007 under the Lease, and striking out bill of plumbing and electric repair. Because plaintiff admitted that he got paid $1,200 on June 2, 2007, then the demand notice of May 31, 2007 was satisfied. Because the action filed by Plaintiff was based upon that demand notice, the action ought to dismissed for lack of proper purported notice. Plaintiff did not base its complaint upon the Lease and its waiver provision. The Court is without valid jurisdictional notice for this forcible entry detainer action. This Court again denied Hu's motion relying upon the waiver provision in the Lease.

53. The third Motion made by Hu was a directed verdict after plaintiff rest his case based upon Huey's waiver. Hu insisted that Huey waived his right to extra rent, by accepting $1,200 monthly rent without objection or protest from August 2006 to January 2007. And Huey never raise the issue directly with Hu and Zhou. Hu testified that Huey and his attorney never contacted Hu or Zhou personally for that

extra rent. The Court denied Hu's motion, ruling that Huey was entitled to extra monthly rent.

54. The fourth Motion Hu made was motion for summary judgment based upon the fact that acceptance of $1,200 rent during the last 1 ½ years, demonstrate that by Huey's own consistent conduct, Huey agreed to $1,200 monthly payment from defendant. Hu insisted that since none of the defendant signed the option to renew the Lease, Hu was not obligated to that $100 monthly rent increase in the option. Hu also renewed the objection he raised in previous three motions as basis for his summary judgment motion. The Court again denied motion.

55. Hu's fifth a motion was a motion under Rule 305 requesting stay of the enforcement of possession order. The Court denied the motion by not ruling upon it. On the other hand, the Court indicated that if Hu paid Huey's requested nearly $6,000 in attorney's fee and cost and the $1,800 purported monthly $100 rent increase for the past 18 month, then the Court would grant the Motion to stay. Hu considered this as denial of his motion.

56. The Court asks Huey's counsel present a motion for his attorney fees. The Court instructed that motion should include information regarding his credential, practice experience upon which his rate was based and other information to support his fee motion.

57. The Court stated that it could not wait to see Hu's appeal and expressed its feeling that it would not want to be on the case because of its ruling. The Court entered order of possession.

58. The Court asks Huey's counsel present a motion for his attorney fees. The Court instructed that motion should include information regarding his credential, practice experience upon which his rate was based and other information to support his fee motion.

59. Toward the end of the trial, the Court told Hu not to talk any more, because the Court did not want to listen any more. The Court stated that Hu committed contempt of Court by filing a motion on behalf of Citywide Mortgage Lending Corp., which was expressed prohibited by its order on November 21, 2007. The Court further stated that it never allowed discovery and it expressly prohibited

9

discovery in its November 21 2007 order. Hu responded that even Huey's counsel made a mistake regarding Supreme Court Rule 237 and that Hu is not expert and could misunderstood the law and the Court order and Hu has no intention to commit contempt of Court which need an element of intent. Hu maintained that Court's order on November 21, 2007, ordering parties exchange documents to be used at trial is an discovery order, allowing the party to complete discovery before December 6, 2007.

60. Judge Pethers also rendered several decisions not in favor of Hu just to show she had the power and she is smarter and know more about the law.

61. December 21, 2007, at room 1302 of Daley Center Plaintiff Peter Huey appeared with his counsel Allen Meyer. Defendant Hu also appeared. Judge Sheryl Pethers presided over the proceeding. It was scheduled to hear the plaintiff's motion for attorney's fees.

62. The hearing started about 2:08 pm. Defendant Yaodi Hu handed over the just filed Motion for Substitution to Judge Sheryl Pether. Plaintiff Huey was given a copy of the motion earlier in the morning through fax. Hu also just filed his first "bystander's report" under SCR 323 (c). The bystander's report was incorporated into Hu's Motion for Substitution as his affidavit.

63. Once the Judge received the Motion for Substitution, she was reading it and she got quite upset, stating that "she is not only personally offended, but also professionally offended," that "it is defamation and I am public figure and I can not sue you for that", that "you are accusing me a big idiot," that "today is Friday, why do we have all this". There are some other similar remarks Hu can't exhaust. Her voice was quite high and she displayed her high emotion throughout the proceeding. Defendant Hu offered his apology several time and one time sincere apology without being able to calm her down.

64. The Court stated that Hu's Affidavit is not affidavit, just because Hu called it Affidavit. The Court did not give any specific reason why Hu's affidavit is not affidavit. Hu offered to cure any technical deficiency in the affidavit right away, if there is such deficiency. (Hu's signature was not notarized, which could be cured immediately by signing again in the open court). The Court did not respond to it.

65. On the Counter of the bench, there lied several volumes of West's Smith- Hurd's Illinois Compiled Statutes annotated. The volume containing 735 ILCS 5/2-1001 was missing and the Court ordered the staff to bring that volume.

66. Once the staff brought that book, The Court was reading the book for several minutes, and could not find any case authority to be relied upon to strike defendant Hu's Motion for Substitution. The Court was aware of the law that another judge is supposed to rule on the motion first. The Court first mentioned that there was no notice of hearing filed. Then, the Court said that "I am going to gamble on it." Then the Court proceeded to issue several orders including the one granting Huey's motion for attorney's fee. Defendant Hu stated to the Court that an order entered after the Motion for Substitution is filed is void. Defendant Hu's request for leave filing response to Huey's motion for attorney's fee was also denied. Hu requested that his oral motion and its denial to be reflected in the Court's order, the Court initially granted Hu's request, then changed its decision, stating that Hu can put it in the "bystander's report".

67. At the end of hearing, Judge Pethers lectured defendant Hu how Hu has no right to possession because he did not want to pay that extra $100 monthly increase and how there is no lease, plaintiff could just evict Hu with 30 day's notice.

68. Judge Pethers stated that she would considered a motion to stay the order possession, now that she would deny it, without stating that it is because of the Motion of Substitution filed by defendant Hu.

69. In effect, Judge Pethers was rendering her decision not based upon fact and law. Rather, she intentionally ignored the fact and law rendering her decision in favor of a white attorney to prevail against an Asian pro se litigant.

70. Defendant Hu is entitle to a fair tribunal under due process clause of Fourteenth Amendment of U.S. Constitution. "A right to a fair trial is a right admittedly protected by the due process clause of the Fourteenth Amendment." *Adamson v. People of State of California*, 332 U.S. 46, 53 (1947). See also *Moore v. Dempsey*, 261 U.S. 86, 91, 43 S.Ct.265, 266, 67 L.Ed. 543; *Chambers v. Florida,* 309 U.S. 227, 238, 60 S. Ct. 472, 477, 84 L.Ed. 716; *Buchalter v. New York*, 319 U.S. 427, 63 S.Ct. 1129, 87 L.Ed. 1492. "A fair trial in a fair tribunal is a basic requirement of

11

due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness." *Murchison* 349 U.S. 133 (1955).

71. 735 ILCS 5/2-1001 (a) (3)(i) provides statutory procedural protection to litigants who allege that the tribunal is not fair. December 21, 2007, Judge again displayed her reckless disregard of procedural law. She stated that she was going to "gamble" on it. She relied upon her quick reading of annotation of the law, instead of reading of the case law. When she could not find any case law supporting her decision, she would neither seek any input from any party, including plaintiff Huey, nor from defendant Hu. She would enter orders closing the case in reckless disregard of what the law is. Judge Pethers is absolute immune and she is gambling that she can escape from her persistent and conscious reckless disregard of law. See attached affidavit.

72. December 21, 2007, Judge Pethers struck defendant Hu's Motion for Substitution, claiming that the affidavit offered by Hu was not affidavit, just because Hu titled it as affidavit. Judge Pether was probably referring to the fact that Hu's affidavit was not notarized.

73. In *Robidoux v. Oliphant* 775 N.E.2d 987, 201 Ill.2d 324, 266 Ill.Dec. 915 (Ill., 2002), the Supreme Court of Illinois hold that "Lack of notarization did not render this affidavit insufficient;" citing *Northrop v. Lopatka*, 242 Ill.App.3d 1, 182 Ill.Dec.937, 610 N.E.2d 806 (1993) ("We nevertheless conclude that the affidavit here was minimally sufficient, as the deponent's name appears as one having taken an oath." *Northrop*, 242 Ill.App.3d at 7.

74. By striking Hu's Motion for Substitution, the Court divested itself of jurisdiction and the final order of granting possession and attorney fee must be reversed and Motion for Substitution be transferred for a new hearing before a different judge. see *Morris v. Martin-Trigona* 89 Ill.App.3d 85, 44 Ill.Dec. 408, 411 N.E.2d 530 (4th Dist., 1980). *Little v. Newell*, 302 N.E.2d 739,742, 14 Ill.App.3d 564, (3rd Dist., 1973)

75. Honorable Judge Pethers "gambled" that she still has the jurisdiction to enter the orders in favor of Huey in reckless disregard of procedural law. See attached affidavit.

76. Honorable Judge Pethers also stated that she would not certify Hu's bystander's report so Hu would not be able to appeal effectively.

77. In the course of litigation, as pro se litigant Hu need to communicate with Attorney Allen Meyer. Attorney Allen Meyer refused to talk to Hu many times.

## Statement of Fact --- 05 m1 151899

78. Walinski & Trunkett PC is representing Park National Bank trying to collect about $3,500 from Hu in the underlying case of 05 m1 151899.

79. After discovery, it was clear, that Park National Bank has no evidence supporting its allegation that the Postal Money Order tendered by Hu was counterfeit.

80. Nevertheless, Walinski & Trunkett and its attorneys failed to dismiss its suit against Hu voluntarily.

81. Instead, on December 20, 2007, it misrepresented to the Court that there was no discovery in the case of 05 m1 151899. The Court denied Hu's motion for leave to file for summary judgment. Trial date was set on March 12, 2008.

82. On March 12, 2008, Park National Bank through its attorney, Walinski and Trunkett appeared in Circuit Court of Cook County in Daily Center. It failed to present any witness, any documents to support its claim that Hu's deposited postal money was counterfeit. Rather, it asserted that Hu admitted that those deposited Money order was counterfeit.

83. Hu has another case pending in this Court related to the different aspect of this incident. (07 CV 0844, Hu v. Park National Bank focusing upon the reversal of the credit by Park National Bank.) This case would focus upon Park National Bank and it's attorney's pursuit of Hu in the Circuit Court of Cook County.

84. Defendant Walinski & Trunkett together with Honorable Pamela Veal Hill effectively prevented Hu from presenting his testimony. Honorable Pamela Veal Hill repeatedly interrupted Hu from speaking on any thing, then in her ruling, she stated that Hu was disruptive.

85. Honorable rendered a judgment in favor of Park National Bank, based upon Walinski & Trunkett's misrepresentation that Hu admitted that he deposited five thousand counterfeit Postal Money Orders into his Park National Bank's account.
86. Hu was denied due process right under the Fourteenth Amendment by this judgment and misrepresentation by Walinski & Trunkett.

## Count I  Violating Hu's Due Process Right  by Allen Meyer

87. Yaodi Hu repeat paragraphs 10-77.
88. October 18, 2007, Judge Pethers together with Allen Meyer deprived Hu's due process right of Notice under 14th Amendment when Allen Meyer's oral motion of striking Hu's Jury demand was granted.
89. In *In re Application of County Collector*, 838 N.E.2d 907, 217 Ill.2d 1 (IL. 2005), the Supreme Court of Illinois, in applying *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 486 (1988), concluded in note 7 that invocation of state judicial proceeding is state action. Under that case law, Allen Meyer is state actor.
90. "Rather, we have stated that due process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to represent their objections.' *Mullane*, 339 U.S.., at 314." *Jones v. Flowers* , no. 04-1477 (S.Ct. 4/26/2006)(S.Ct.2006)
91. Both Allen Meyer and Honorable Pethers deprived Hu's due process right under the Fourteenth Amendment of U.S. Constitution.

## Count II  Violating Hu's Right to Jury Trial of 7th Amendment

92. Yaodi Hu repeat paragraph 10-77.
93. The Seventh Amendment of U. S. Constitution states the following: " In Suits at common law, where the value in controversy shall exeed twenty dollars, the right of trial by jury shall be preserved."
94. Honorable Judge Pethers' order striking Hu's jury demand on October 18, 2008 violated Hu's right to jury trial under the Seventh Amendment.

95. Attorney Allen Meyer as state actor also violated seventh Amendment.

## Count III Violated Due Process of Art. I § 2 Illinois Constitution

96. Yaodi Hu repeat paragraph: 10-77.
97. Illinois Constitution Art. I § 2 states the following: "No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws."
98. "The Constitution of Illinois affords no less protection than the United States Constitution, but it may provide more protection." ***People v. Hightower***, 172 Ill.App.3d 678, 122 Ill.Dec. 590, 526 N.E.2d 1129 (5th Dist. 1988).
99. By depriving Hu's right to Notice of hearing of Allen Meyer's oral motion striking Hu's jury demand on October 18, 2007, both Allen Meyer and Honrable Judge Pethers violated Art. I § 2 of Illinois Constitution.
100. By misrepresenting to the Court that there was no discovery in the case of 05 M1 151899, leading to the denial of Hu's motion for leave to file summary judgment, defendants Walinski & Trunkett and its attorney violated Art. I § 2 of Illinois Constitution.

## Count IV.  Violating Due Process Right in 05 M1 151899

101. Hu repeat paragraph 78-86
102. March 12, 2008 trial, Park National, Walinski & Trunkett and Honorable Judge Pamela violated Hu's due process right under the 14th amendment.
103. They prevented Hu from presenting his testimony and evidence.
104. They prevented Hu from making arguments.
105. Walinski & Trunkett misrepresented to the Court that there was no discovery on December 20, 2007.  Hu's due process right under the 14th Amendment was violated when the Court denied Hu's motion to file for summary judgment.

15

## Count V. 735 ILCS 5/9-108 Facially Violates Equal Protection

106.    Yaodi Hu repeat paragraph 10-77.

107.    Hu hereby challenges the constitutionality of 735 ILCS 5/9-108 on its face for violating the equal protection clause of Fourteenth Amendment. Hu already sent notice according to Supreme Court Rule 19 to Attorney General's Office of State of Illinois. Hu prays for declaratory and injunctive relief.

108.    735 ILCS 5/9-108 did not abrogate common law right to jury trial. **_Twin-City Inn. Inc. v. Hahne Enterprises, Inc._**, 225 N.E. 2d 630, 37 Ill.2d 133 (Ill., 1967). On the other hand, 735 ILCS 5/9-108 made two classifications: one is residential lease, where right to jury trial is guaranteed by the statute notwithstanding any waiver of jury trial. The other is for non-residence purposes and the statute does not guarantee the right to jury trial because of the waiver. Since right to jury trial is a fundamental right, the statute facially violated the equal protection clause of Fourteenth Amendment. The statute can not survive strict scrutiny where compelling governmental interests are furthered by narrowly tailored statutory scheme. **_Schultz v. Lakewood Electric Corporation_**, 841 N.E.2d 37 (1st. Dist. 2005). Under **_In re Adoption of K.L.P._**, 763 N.E. 2d 741, 198 Ill.2d 448 (Ill., 2002), 735 ILCS 5/9-108 violates Equal Protection Clause of Fourteenth Amendment. In **_In re Adoption of K.L.P._**, the Supreme Court of Illinois found equal protection violation when appointment of counsel for indigent defendant is provided in Juvenile Court Act 705 ILCS 405/1-5 while Adoption Act 750 ILCS 50/1 does not have similar provision with same consequence of terminating parental right, which is a fundamental right.

109.    "The right to trial by jury is a fundamental Constitutional right, preserved by the Seventh Amendment to the United States Constitution." See **_Zirlin v. Village of Scarsdale_**, 365 F.Supp. 2d 477 (S.D.N.Y. 2005). **_Bouriez v. Carnegie Mellon University_** 359 F.3d 292 (3rd Cir. 2004) (The right to a jury trial is a fundamental right that is expressly protected by the Seventh amendment to the United States Constitution.) **_Molthan v. Temple University of Com. System of_**

*Higher Educ.*, 778 F.2d 955 (C.A.3 (Pa), 1985) (We are well aware that the right to a jury trial is a fundamental right, which is expressly protected by the Seventh amendment.) *Leasing Service Corp. v. Crane*, 804 F.2d 828 (C.A. 4 (N.C.), 1986) (The seventh amendment right is of course a fundamental one).

110. Illinois case authorities also conclude that right to jury trial is fundamental. *Ney v. Yellow Cab Co.*, 2 Ill.2d 74, 117 N.E.2d 74 (Ill.1954) (The right of trial by jury is recognized in the Magna Charta, our Declaration of Independence and both our State and Federal constitutions. It is a fundamental right in our democratic judicial system.) *Urbas v. Saintco, Inc.*, 636 N.E.2d 1214, 264 Ill.App.3d 111 (5 Dist., 1994). *Polkey v. Phillps*, 408 N.E.2d 348, 86 Ill.App.3d 677 (1st. Dist, 1980), *Czochara v. Howard Parlor Furniture Co.*, 254 N.E. 2d 546, 117 Ill.App.2d 253 (1st Dist., 1969), *Roth v. Nauman*, 234 N.E.2d 346, 90 Ill.App.2d 44 (1st Dist., 1967), *Felty v. General Tel.Co. of Illinois*, 362 N.E. 2d 43, 47 Ill.App.3d 427 (5th dist., 1977), *Bouillon v. Harry gill Co.*, 301 N.E.2d 627, 15 Ill.App.3d 45 (5th Dist., 1973), *Clark v. Fields*, 219 N.E. 2d 162, 73 Ill.app.2d 369 (5th Dist., 1966), *Mick v. Kroger Co.*, 218 N.E.2d 654, 73 Ill.App.2d 55 (5th Dist., 1966), *Club v. Main*, 213 N.E.2d 63, 65 Ill.App.2d 461 (5th Dist., 1965), *Placher v. Streepy*, 153 N.E.2d 369, 19 Ill.App.2d 183 (2nd Dist., 1958).

111. Because Hu is entitled to jury trial not withstanding his waiver in the Lease, orders entered on December 13, 2007 and December 21, 2007 based upon 735 ILCS 5/9-108 are null and void. Hu prays for preliminary injunctive relief against Huey from enforcing the possession order entered by Judge Sheryl Pethers.

## Count VI. Violation of 42 U.S.C.§ 1981 by all Defendants

112. Yaodi Hu repeat paragraph 10-86

113. Yaodi Hu was incarcerated in County jail several years ago by a Judge of Circuit Court of Cook County. There was supposed to be trial of contempt of court. No witness was presented, no documents were presented and Hu was sent to jail for several months. All that attorney had to do was to tell the Court that Hu is Chinese and non U.S. citizen. Attorney James Kotz was able to file motion securing Hu's freedom.

114.  There is a pattern of practice by the Circuit Court of Cook County discriminating against minority pro se litigants. The judges would simply ignore the fact and law making arbitrary rulings.

115.  Allen Meyer as state actor, Walinski & Trunkett, Brian Lewis, John Buscher, Robert Walinski all intentionally discriminated against Hu because of his race. As is summarized in Hu's statement of fact, they all intentionally deprive Hu's Constitutional due process right under the Fourteenth amendment.

116.  In Allen Meyer's case, he intentionally deprived Hu's due process right by making a surprise oral motion striking Hu's jury demand without notice and opportunity to be heard.

117.  In Walinski & Trunkett's case, they intentionally misrepresented to the Court that there was no discovery ever conducted and intentionally denied Hu's opportunity of filing a motion for summary judgment.

118.  Knowing that they did not have a case against Hu, (not one shred of evidence showing that the first 5 postal money order deposited by were counterfeit) Park National, Walinski & Trunkett nonetheless pursued vigorously against Hu in the Circuit Court of Cook County. That is intentional discrimination.

## Prayer of Relief:

119.  Yaodi Hu pray this Court to declare that 735 ILCS 5/9-108 is unconstitutional on its face violating equal protection clause of Fourteenth Amendment.

120.  Hu pray this Court to enter permanent injunctive relief against the enforcement of 735 ILCS 5/9-108.

121.  Hu pray for appropriate equitable relief against Honorable Timothy Evans rectifying the pervasive judicial discrimination against minorities.

122.  Hu pray for compensatory and punitive damages against Park National Bank, Allen Meyer, Walinski & Trunket, Robert Walinski, John Buscher and Brian Lewis.

123.   Hu pray for any other appropriate relief available under the laws of United States and State of Illinois against all defendants.


219 w. Cermak Chicago IL 60616   (773) 216 3173   yaodi_hu@sbcglobal.net

April 8, 2008