## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2007 | **DATE** | 4/18/2008 |
| **CASE TITLE** | Hu vs. Evans | | |

**DOCKET ENTRY TEXT**

The Court dismisses Mr. Hu's Complaint for failing to state claims upon which relief can be granted and dismisses Defendant judges based on judicial immunity.  See 28 U.S.C. § 1915(e)(2)(B). Civil case terminated.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

Plaintiff Yaodi Hu filed the present pro se Complaint alleging:  (1) violations of his due process rights under the Fourteenth Amendment and Illinois Constitution; (2) violations of his  Seventh Amendment right to a jury trial; and (3) race discrimination in violation of 42 U.S.C. § 1981 against state court judges in their official capacity, as well as individuals, a bank, and a law firm.  Mr. Hu also challenges the constitutionality of Illinois statute, 735 ILCS 5/9-108.  Because the Court has the power to screen complaints filed by all litigants prior to service – regardless of their fee status – the Court dismisses Mr. Hu's Complaint for failing to state claims upon which relief can be granted and dismisses Defendant judges based on judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B); *Jones v. Bock,* 127 S.Ct. 910, 920 (2007); *see also Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1959 (2007) (plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level.").

## BACKGROUND

In his Complaint, Mr. Hu seeks relief concerning certain state court proceedings, including a forcible entry and detainer action (07 M1 715191), and a collection action (07 M1 151899).  From his allegations, it appears that the Cook County Circuit Court judge presiding over the forcible entry and detainer action in which Mr. Hu was the defendant concluded that when Mr. Hu filed his jury demand, he waived his objection to the Court's personal jurisdiction.  According to Mr. Hu, this contradicts 735 ILCS 5/2-301 and Illinois case law.  *See KSAC Corp. v. Recycle Free, Inc.,* 364 Ill.App.3d 593, 594,, 301 Ill.Dec. 418, 846 N.E.2d 1021 (Ill. 2006).  Mr. Hu explains – in detail – the Cook County proceeding and the judge's alleged errors.  Mr. Hu also alleges that he has filed an appeal of the state court's possession order.

In the Cook County collection action in which Mr. Hu was the defendant, it appears that the plaintiff, Park National Bank, alleged that postal money orders tendered by Mr. Hu were counterfeit.  In his

## STATEMENT

Complaint, Mr. Hu alleges that he has another action in the Northern District of Illinois against Park National Bank based on the Right to Financial Privacy Act, 12 U.S.C. § 3401, *et seq.* (Case No. 07 C 0844). Mr. Hu explains that the present case is different from his other federal lawsuit because this case focuses on the Cook County collection case. In the present Complaint, Mr. Hu alleges that the law firm of Walinksi and Trunkett, who represented Park National Bank, and Circuit Court Judge Pamela Hill Veal, prevented him from presenting testimony in the collection action by interrupting Mr. Hu and that Judge Veal stated that Mr. Hu was disruptive.

## ANALYSIS

### I.    Judicial Immunity

First, Mr. Hu brings claims against Circuit Court of Cook County judges in their official capacities, namely, Judge Timothy Evans, Judge Pamela Hill Veal, and Judge Sheryl Pethers. Because these judicial officers are protected by judicial immunity, the Court dismisses them as Defendants from this lawsuit under 28 U.S.C. § 1915(e)(2)(B)(iii). *See Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) (judicial immunity serves the public interest in judges who are "at liberty to exercise their functions with independence and without fear of consequences" (internal quotation marks omitted)).

### II.    Rooker-Feldman Doctrine

Next, although Mr. Hu maintains that he is not seeking the Court's review of the outcome of his forcible entry and detainer action and the collection action, many of his allegations challenge the state courts' decisions.

The *Rooker-Feldman* doctrine bars federal lawsuits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commence and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005). District courts are not allowed to hear these cases because, "no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Brokaw v. Weaver,* 305 F.3d 660, 664 (7th Cir. 2002) (citation and quotation marks omitted). In other words, the Court is "not authorized to afford relief 'where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court.'" *Sides v. City of Champaign,* 496 F.3d 820, 824 (7th Cir. 2007) (quoting *Lance v. Dennis,* 546 U.S. 459, 465, 126 S.Ct. 1198, 1202, 163 L.Ed.2d 1059 (2006)). Accordingly, Mr. Hu's claims challenging the state court judgments are dismissed under the *Rooker-Feldman* doctrine, as discussed in detail below.

### III.    Due Process Violations

#### A.    Count I – Against Attorney Allen Meyer

In Count I of his Complaint, Mr. Hu alleges that his opponent's attorney in the forcible entry and detainer action, Allen Meyer, deprived him of his due process rights under the Fourteenth Amendment. Specifically, Mr. Hu alleges that Meyer deprived him of his rights when he moved to strike Mr. Hu's jury demand.

Section 1983 allows the enforcement of federal law, such as a Fourteenth Amendment due process

## STATEMENT

claim, against "state actors." *See Betrand v. Maram,* 495 F.3d 452, 456 (7th Cir. 2007). Allen Meyer was a private attorney for a civil litigant in state court, and thus is not a "state actor" for Section 1983 purposes. *See Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008). In addition, Mr. Hu makes no allegations that Meyer conspired with any state actors to violate Mr. Hu's due process rights under the Fourteenth Amendment. *See id.*; *Loubser v. Thacker,* 440 F.3d 439, 445 (7th Cir. 2006); *see also Fries v. Helsper,* 146 F.3d 452, 458 (7th Cir. 1998) ("being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.") (citation omitted). Construing Mr. Hu's pro se allegations liberally, *see Benders v. Bellows & Bellows,* 515 F.3d 757, 767 (7th Cir. 2008), the Court dismisses Count I of Mr. Hu's Complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    Count III – Against Walinski & Trunkett and Allen Meyer

In Count III of the Complaint, Mr. Hu alleges that the law firm of Walinksi & Trunkett, which represented Park National Bank in the collection action in state court, as well as attorney Allen Meyer violated his procedural due process rights under the Illinois Constitution. Specifically, Mr. Hu alleges that he was not provided any notice that attorney Allen Meyer would orally move to strike his jury demand. Mr. Hu further alleges that because the law firm of Walinski and Trunkett allegedly made misrepresentations to the Circuit Court judge, he was denied the opportunity to file a motion for summary judgment in the collection action.

"Procedural due process claims concern the constitutionality of the specific procedures employed to deny a person's life, liberty or property." *Segers v. Industrial Com'n,* 191 Ill.2d 421, 434, 247 Ill.Dec. 433, 732 N.E.2d 488 (Ill. 2000). In considering procedural due process claims, Illinois courts first ask whether the State has interfered with an existing liberty or property interest. *Id.* In other words, a state actor must interfere with a plaintiff's interests for a due process claim to be actionable. *See Big Sky Excavating, Inc. v. Illinois Bell Tel. Co.,* 217 Ill.2d 221, 241, 298 Ill.Dec. 739, 840 N.E.2d 1174 (Ill. 2005) ("In undertaking any due process analysis, one must first ascertain that a protected interest has been interfered with by the state."). Here, Mr. Hu alleges that private actors – and not the state – interfered with his due process rights. Thus, his due process claims based on the Illinois Constitution fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court thereby dismisses Count III from this lawsuit.

### C.    Count IV – Against Park National Bank and Walinski & Trunkett

Mr. Hu also alleges that Park National Bank and its law firm Walinski & Trunkett violated his due process rights under the Fourteenth Amendment to the Constitution. As discussed above, to sufficiently allege a claim under Section 1983, these Defendants must be state actors. *See Batagiannis v. West Lafayette Cmty. Sch. Corp.,* 454 F.3d 738, 742 (7th Cir. 2006) ("statute provides relief for state actors' violations of the Constitution and laws of the United States").

Here, the bank and law firm are private entities and Mr. Hu alleges no state involvement that would trigger any constitutional protections. *See Burrell v. City of Mattoon,* 378 F.3d 642, 650 (7th Cir. 2004). Again, "being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *See Fries*, 146 F.3d at 458 (citation omitted). Accordingly, Mr. Hu has failed to state a claim upon which relief can be granted and the Court dismisses Count IV from this lawsuit. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.    Seventh Amendment Violation  – Count II

## STATEMENT

In Count II of his pro se Complaint, Mr. Hu alleges that Judge Pether violated his Seventh Amendment right to a jury trial.  Mr. Hu also alleges that private attorney Allen Meyer was a state actor and violated his Seventh Amendment right, presumably because Meyer moved to strike Mr. Hu's demand for a jury trial in the state court forcible entry and detainer action.

Although Mr. Hu alleges that he was denied his Seventh Amendment right to a jury trial, he is asking the Court to review the state court's determination striking Mr. Hu's jury demand for lack of in rem jurisdiction and personal jurisdiction.  Under the *Rooker-Feldman* doctrine, the Court cannot review the state court's determination regarding Mr. Hu's jury demand.  Put differently, his claim that the trial court erred in denying his demand for a jury trial in the forcible entry and detainer action is not distinct from his Seventh Amendment claim.  *See Crestview Village Apartments v. U.S. Dep't of Housing & Urban Dev.,* 383 F.3d 552, 556 (7th Cir. 2004) ("the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment").  The Court therefore dismisses Count IV for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## V.      Constitutional Challenge to 735 ILCS 5/9-108 – Count V

Next, Mr. Hu challenges the constitutionality of 735 ILCS 5/9-108 on its face for violating the equal protection clause of the Fourteenth Amendment.  Section 5/9-108 states in its entirety:  "In any case relating to premises used for residence purposes, either party may demand trial by jury, notwithstanding any waiver of jury trial contained in any lease or contract."

Although Mr. Hu frames this claim as a constitutional challenge to the statute, the relief he seeks is to enjoin the enforcement of the possession order that Judge Pethers entered.  As such, Mr. Hu is asking the Court to review and reverse the decision of the state court in his forcible entry and detainer action, which the Court is barred from doing under the *Rooker-Feldman* doctrine.  *See Sides,* 496 F.3d at 824 (court is "not authorized to afford relief 'where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court.'"); *see also Crestview Village Apartments,* 383 F.3d at 556.  The Court thus dismisses Count V for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## VI.     Section 1981 Claim – Count VI

Last, Mr. Hu brings a claim against all Defendants based on 42 U.S.C. § 1981.  Section 1981 prohibits unlawful discrimination on the grounds of race and in the context of the making and enforcing contracts.  *See Humphries v. CBOCS West, Inc.,* 474 F.3d 387, 392-93 (7th Cir. 2007); *see also Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 756 (7th Cir. 2006) (litigants usually invoke Section 1981 to assert their rights while making and enforcing employment contracts).  Section 1981(a) specifically states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).  The term "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and

**STATEMENT**

conditions of the ***contractual relationship***." 42 U.S.C. § 1981(b) (emphasis added); *see also Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 475-76, 126 S.Ct. 1246, 163 L.Ed.2d 1069 (2006). "Any claim brought under § 1981 [] must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights." *Id.* at 476. In other words, "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Id.*

Here, Mr. Hu alleges that several years ago he was incarcerated in Cook County Jail and that the Circuit Court of Cook County discriminates against minority pro se litigants. Mr. Hu further alleges that the Cook County judges make arbitrary rulings. Moreover, Mr. Hu states that the individual lawyers Lewis, Buscher, and Walinski discriminated against him based on his race. Mr. Hu also alleges that the bank's law firm made misrepresentations to the Circuit Court of Cook County, presumably in the underlying state court collection proceeding.

Missing from Mr. Hu's allegations, however, is whether he had contractual relationships with any of these Defendants. By failing to identify any contractual relationships, he has not sufficiently alleged a claim of race discrimination under Section 1981. *See Domino's Pizza,* 546 U.S. at 479-80 ("plaintiff cannot state a claim under § 1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes 'to make and enforce.'"). Therefore, Court dismisses Count VI for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In short, without any allegations of contractual relationships with Defendants, Mr. Hu's Complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly,* 127 S.Ct. 1955, 1974 (2007).