# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| YAODI HU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 2007 |
| | ) | |
| HONORABLE TIMOTHY C. EVANS, Chief Judge | ) | Judge Amy St. Eve |
| Of Circuit Court of Cook County, Illinois, | ) | |
| HONORABLE PAMELA HILL VEAL, Judge, | ) | |
| HONORABLE SHERYL PETHERS, Judge, | ) | |
| All in Their Official Capacity, WALINSKI & | ) | |
| TRUNKETT, PC, BRIAN LEWIS, JOHN | ) | |
| BUSCHER, ROBERT WALINSKI, PARK | ) | |
| NATIONAL BANK, ALLEN MEYER, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT ALLEN MEYER'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

The Defendant, Allen Meyer, through counsel, O'Hagan Spencer LLC, requests that this Court dismiss the Plaintiff's amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of his Motion, this Defendant states:

## I.    Procedural Background

On or about April 9 2008, the Plaintiff filed a 123-paragraph, 6-count Complaint against the captioned Defendants. As it relates to Allen Meyer ("Meyer"), the Plaintiff contended that the manner in which an Illinois Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq*) action proceeded against the Plaintiff constituted a violation of various of his constitutional rights. For context, Meyer represented the party that filed the Forcible Entry action against the Plaintiff. The Plaintiff contended that Meyer was a "state actor" for the purposes of 42 U.S.C. § 1983 analysis. *See generally*, Exhibit "A," Plaintiff's Complaint dated April 9 2008 [Doc 1].

Prior to any Defendant filing an Appearance, this Court *sua sponte* dismissed the Plaintiff's Complaint on April 18 2008.  Exhibit "B," Order dated April 18 2008 [Doc 6].  As it relates to Meyer, the Court ruled that (a) he was not a "state actor" and thus is not subject to § 1983 liability, (b) the *Rooker-Feldman* Doctrine barred the Plaintiff's causes of action against Meyer, and (c) the Plaintiff's § 1981 cause of action against Meyer failed for the absence of any allegations of a contractual relationship between the Plaintiff and Meyer.

According to the Court's docket, the Plaintiff thereafter sought leave to file an amended complaint, which was granted by this Court on May 20 2008.  Exhibits "C," Motion to Enlarge Time Under Rule 6, and "D," Minute Order dated May 27 2008 [Docs 7 and 8].  The Plaintiff then filed his Amended Complaint,[1] which is the subject of this Motion.  Exhibit "E," "Complaint" dated June 27 2008 [Doc 9].[2]

## II.    Summary of Argument

The Plaintiff appears to have taken the view that this Court's April 18 2008 Order was akin to a motion to dismiss, to which an argued response was necessary.  That argued response is the Amended Complaint, which adds, deletes or changes little in the way of factual allegations – and nothing of substance.

Instead, the Amended Complaint seeks to inform this Court where this Court made error.  It does so by citing to various case law, none of which alters the fundamental soundness of this Court's April 18 2008 Order dismissing the original Complaint.  The result is that the factual and legal landscape of this case has not changed and the Amended Complaint should be dismissed.

---

[1]    The Plaintiff's Amended Complaint is designated only as a "Complaint" but will be referred to herein as the "Amended Complaint."

[2]    In the meantime, The Honorable Virginia Kendall referred the Plaintiff to the Executive Committee of the United States District Court for the Northern District of Illinois for a "pattern of violation of Court orders and abusive filings."  Judge Kendall, in a rather concise manner, set forth twelve federal claims that the Plaintiff has filed against various defendants since October 2006 in making that recommendation.  *See*, Exhibit "F," Order in <u>Yaodi Hu v. Peter Huey, Angela Ip and K.Y. Chau</u>, 07 CV 3822 (N.D.Ill., J. Kendall), dated July 18 2008 [Doc 58 therein].

### III.    Facts

Meyer adopts and incorporates herein this Court's April 18 2008 Order as a clear and concise factual summary of the Plaintiff's allegations against Meyer.

### IV.    Argument

### A.    Standard of Decision

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint.  Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).  As such, dismissal is proper where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984).

Here, no relief could be granted under any set of facts and dismissal is thus proper.

### B.    "State Actor" and *Rooker-Feldman*

Meyer adopts and incorporates herein this Court's April 18 2008 Order as his arguments that (a) Meyer was not a "state actor" for the purposes of 42 U.S.C. § 1983 analysis and is thus not subject to § 1983 liability and (b) either way, the *Rooker-Feldman* Doctrine bars the Plaintiff's causes of action as against Meyer.[3]

### C.    The Case Law Cited By The Plaintiff In Response To This Court's April 18 2008 Order Does Not Undermine The Soundness Of That Order.

With the original Complaint and this Court's April 18 2008 Order as a base, the Plaintiff has not materially amended that Complaint.  Instead, the Amended Complaint cites various cases to support the Plaintiff's contention that (a) Meyer is a "state actor" for the purposes of § 1983 analysis and (b) the *Rooker-Feldman* Doctrine does not bar his causes of action against Meyer.

---

[3]    The Amended Complaint does not appear to re-plead a cause of action against Meyer for violations of 42 U.S.C. § 1981.  To the extent that any such cause of action can be culled from the Amended Complaint, Meyer adopts and incorporates the Court's April 18 2008 Order on that issue and maintains that the Plaintiff has again failed to allege the existence of a contractual relationship between him and Meyer, requiring dismissal of any such culled cause of action.

**1.      "State Actor"**

Apparently, the Plaintiff has lifted language from this Court's April 18 2008 Order to support his continued assertion that Meyer is a "state actor." Specifically, this Court wrote that, in the original Complaint, the Plaintiff "makes no allegation that Meyer conspired with any state actors to violate Hu's due process rights under the Fourteenth Amendment."

The Plaintiff has thus included this new, yet immaterial, allegation to the Amended Complaint:

> Counsel Allen Meyer admitted in open court that he went to Sheryl Pethers' chamber several times during the time of litigation. These multiple and unusual visit by counsel Allen Meyer is part of the conspiracy between Allen Meyer and Judge Peters in depriving Hu's constitutional right of due process right of fair trial.

Exhibit "E," Amended Complaint, ¶ 13.

While new, this allegation is immaterial because nothing in it supports an inference of a conspiracy. Particularly, the allegation does not address why Meyer visited chambers (he actually did not, but for the purposes of this Motion the allegation will be taken as it is made), whether Judge Pethers was present, whether Meyer and Judge Pethers spoke, whether Meyer and Judge Pethers spoke of the subject litigation, or what was said to further the Plaintiff's perception that a conspiracy was afoot.

These deficiencies do not support an inference of a conspiracy and do not fall within the scope of those cases cited by this Court regarding "conspiracy" as a foundation for finding Meyer a "state actor" for any § 1983 analysis.

Nor do the cases cited by the Plaintiff. Contrary to his assertion made in ¶ 78 of the Amended Complaint, neither In re Application of County Collector, 217 Ill. 2d 1, 838 N.E.2d 907 (2005), nor Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478 (1988), stand

for the proposition that the invocation of state judicial proceedings renders the invocator a "state actor" under § 1983.

First, neither case involved § 1983 even remotely. The Illinois Supreme Court case involved the sufficiency, in terms of due process, of notice given to a mentally incompetent person of a tax sale. The United State Supreme Court case was similar, but involved the sufficiency of notice in a probate setting.

Second, in neither case did the respective court find that one of the parties was a "state actor" under § 1983 (likely because § 1983 was not at issue). Instead, the courts undertook an analysis as to whether the subject statutory notice provisions involved "state action." Regardless of the answer to that question, in neither case did the court equate "state action" with "state actor."

Meyer is not a "state actor" as that term is defined by, and applied in the context of, § 1983. Therefore, the Amended Complaint should be dismissed with prejudice as against Meyer.

## 2. *Rooker-Feldman* Doctrine

The Plaintiff attempts to use the same hook of "conspiracy" to navigate his way around this Court's invocation of the *Rooker-Feldman* Doctrine.

The Plaintiff is very clearly attempting to avoid the effect of the repossession order that resulted from the Forcible Entry action; the prayers for relief make that clear. But faced with this Court's April 18 2008 Order, he has now dreamt up a conspiracy. Nonetheless, as noted above, his allegations relating to that conspiracy are woefully lacking. He merely alleges that it existed without anything more.

The Plaintiff has thus pleaded insufficiently to avoid application of the *Rooker-Feldman* Doctrine to bar his claims against Meyer.[4]

**3.      Miscellaneous Case Citations**

The Plaintiff also quotes the following passage in ¶ 79:

> Rather, we have stated that due process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to represent their objections.' Mullane, 339 U.S. at 314.

Exhibit "E," *citing*, "Jones v. Flowers, no 04-1477 (S.Ct. 4/26/2006)(S.Ct.2006)."

The citation to "Mullane" is to Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652 (1950). Given that *Mullane* was decided by the Supreme Court in 1950, it cannot possibly have any application to whether Meyer is a § 1983 "state actor," as § 1983 was not passed into law until the decade following the *Mullane* ruling. And while *Mullane* post-dates *Rooker* (but not *Feldman*), *Mullane* does not address what has become the *Rooker-Feldman* Doctrine.

Jones v. Flowers, 547 U.S. 220, 126 S.Ct. 1708 (2006), like *Tulsa Professional* and *In re Application of County Collector* before it, relates to whether a particular notice provision satisfied due process. And like those cases discussed above, it does not in any fashion involve either § 1983 or the *Rooker-Feldman* Doctrine.

Whatever propositions *Mullane* and *Jones* represent, they have no application to this case, and more specifically no application to the questions of whether Meyer is a "state actor" or whether the *Rooker-Feldman* Doctrine bars the Plaintiff's transparent attempt to challenge the state court's ruling in the Forcible Entry action.

---

[4]    Meyer respectfully suggests that even if this Court finds that the *Rooker-Feldman* Doctrine does not in itself bar the Plaintiff's claims against Meyer, those claims are nonetheless barred because (a) the claims against Meyer are brought pursuant to § 1983 and (b) as argued in the preceding section, Meyer is not a "state actor" subject to § 1983 liability.

**D.      Conclusion**

The Plaintiff's Amended Complaint fails to cure the deficiencies set forth in his original Complaint.  While he suggests a conspiracy, he provides no allegations that would support the inference of one.  Without that, his contention that the conspiracy "between Allen Meyer and Judge Pethers so far succeeded in corrupting the state judicial process as to obtain a favorable judgment" fails and the *Rooker-Feldman* Doctrine bars his causes of action against Meyer.  For the same reason, Meyer is not a § 1983 "state actor."

The Amended Complaint should thus be dismissed against Meyer.  That dismissal should be with prejudice:  the Plaintiff has failed for the *second time* to set forth any set of facts upon which relief could be granted, and pleading "is not like playing darts; a plaintiff can't keep throwing claims at the board until she gets one that hits the mark."  <u>Doe v. Howe Military School</u>, 227 F.3d 981, 990 (7th Cir. 2000).

Wherefore, the Defendant, Allen Meyer, requests that this Court dismiss the Plaintiff's amended Complaint pursuant to Fed.R.Civ.Pro. 12(b)(6) without leave to amend, that the Plaintiff be recommended to the Executive Committee of the United States District Court for the Northern District of Illinois for a pattern of abusive conduct, and such further relief as this Court deems just.

Dated: <u>July 29 2008</u>.

Respectfully Submitted,


By:　　<u>    s/ Daniel B. Meyer          </u>
　　　　Daniel B. Meyer
　　　　Counsel to Allen Meyer

Daniel B. Meyer
Edward C. Eberspacher IV
O'Hagan Spencer LLC
One East Wacker Drive
Suite 3400
Chicago, Illinois 60601
312.422.6100