## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| YAODI HU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 2007 |
| | ) | |
| HONORABLE TIMOTHY C. EVANS, Chief Judge | ) | Judge Amy St. Eve |
| Of Circuit Court of Cook County, Illinois, | ) | |
| HONORABLE PAMELA HILL VEAL, Judge, | ) | |
| HONORABLE SHERYL PETHERS, Judge, | ) | |
| All in Their Official Capacity, WALINSKI & | ) | |
| TRUNKETT, PC, BRIAN LEWIS, JOHN | ) | |
| BUSCHER, ROBERT WALINSKI, PARK | ) | |
| NATIONAL BANK, ALLEN MEYER, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT ALLEN MEYER'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

The Defendant, Allen Meyer, through counsel, O'Hagan Spencer LLC, requests that this Court dismiss the Plaintiff's amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of his Motion, this Defendant states:

## I.      Procedural Background

On or about April 9 2008, the Plaintiff filed a 123-paragraph, 6-count Complaint against the captioned Defendants. As it relates to Allen Meyer ("Meyer"), the Plaintiff contended that the manner in which an Illinois Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq*) action proceeded against the Plaintiff constituted a violation of various of his constitutional rights. For context, Meyer represented the party that filed the Forcible Entry action against the Plaintiff. The Plaintiff contended that Meyer was a "state actor" for the purposes of 42 U.S.C. § 1983 analysis. *See generally*, Exhibit "A," Plaintiff's Complaint dated April 9 2008 [Doc 1].

Prior to any Defendant filing an Appearance, this Court *sua sponte* dismissed the Plaintiff's Complaint on April 18 2008.  Exhibit "B," Order dated April 18 2008 [Doc 6].  As it relates to Meyer, the Court ruled that (a) he was not a "state actor" and thus is not subject to § 1983 liability, (b) the *Rooker-Feldman* Doctrine barred the Plaintiff's causes of action against Meyer, and (c) the Plaintiff's § 1981 cause of action against Meyer failed for the absence of any allegations of a contractual relationship between the Plaintiff and Meyer.

According to the Court's docket, the Plaintiff thereafter sought leave to file an amended complaint, which was granted by this Court on May 20 2008.  Exhibits "C," Motion to Enlarge Time Under Rule 6, and "D," Minute Order dated May 27 2008 [Docs 7 and 8].  The Plaintiff then filed his Amended Complaint,[1] which is the subject of this Motion.  Exhibit "E," "Complaint" dated June 27 2008 [Doc 9].[2]

## II.    Summary of Argument

The Plaintiff appears to have taken the view that this Court's April 18 2008 Order was akin to a motion to dismiss, to which an argued response was necessary.  That argued response is the Amended Complaint, which adds, deletes or changes little in the way of factual allegations – and nothing of substance.

Instead, the Amended Complaint seeks to inform this Court where this Court made error.  It does so by citing to various case law, none of which alters the fundamental soundness of this Court's April 18 2008 Order dismissing the original Complaint.  The result is that the factual and legal landscape of this case has not changed and the Amended Complaint should be dismissed.

---

[1]    The Plaintiff's Amended Complaint is designated only as a "Complaint" but will be referred to herein as the "Amended Complaint."

[2]    In the meantime, The Honorable Virginia Kendall referred the Plaintiff to the Executive Committee of the United States District Court for the Northern District of Illinois for a "pattern of violation of Court orders and abusive filings."  Judge Kendall, in a rather concise manner, set forth twelve federal claims that the Plaintiff has filed against various defendants since October 2006 in making that recommendation.  *See*, Exhibit "F," Order in <u>Yaodi Hu v. Peter Huey, Angela Ip and K.Y. Chau</u>, 07 CV 3822 (N.D.Ill., J. Kendall), dated July 18 2008 [Doc 58 therein].

### III.    Facts

Meyer adopts and incorporates herein this Court's April 18 2008 Order as a clear and concise factual summary of the Plaintiff's allegations against Meyer.

### IV.    Argument

### A.    Standard of Decision

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint.  Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).  As such, dismissal is proper where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984).

Here, no relief could be granted under any set of facts and dismissal is thus proper.

### B.    "State Actor" and *Rooker-Feldman*

Meyer adopts and incorporates herein this Court's April 18 2008 Order as his arguments that (a) Meyer was not a "state actor" for the purposes of 42 U.S.C. § 1983 analysis and is thus not subject to § 1983 liability and (b) either way, the *Rooker-Feldman* Doctrine bars the Plaintiff's causes of action as against Meyer.[3]

### C.    The Case Law Cited By The Plaintiff In Response To This Court's April 18 2008 Order Does Not Undermine The Soundness Of That Order.

With the original Complaint and this Court's April 18 2008 Order as a base, the Plaintiff has not materially amended that Complaint.  Instead, the Amended Complaint cites various cases to support the Plaintiff's contention that (a) Meyer is a "state actor" for the purposes of § 1983 analysis and (b) the *Rooker-Feldman* Doctrine does not bar his causes of action against Meyer.

---

[3]    The Amended Complaint does not appear to re-plead a cause of action against Meyer for violations of 42 U.S.C. § 1981.  To the extent that any such cause of action can be culled from the Amended Complaint, Meyer adopts and incorporates the Court's April 18 2008 Order on that issue and maintains that the Plaintiff has again failed to allege the existence of a contractual relationship between him and Meyer, requiring dismissal of any such culled cause of action.

**1.      "State Actor"**

Apparently, the Plaintiff has lifted language from this Court's April 18 2008 Order to support his continued assertion that Meyer is a "state actor."  Specifically, this Court wrote that, in the original Complaint, the Plaintiff "makes no allegation that Meyer conspired with any state actors to violate Hu's due process rights under the Fourteenth Amendment."

The Plaintiff has thus included this new, yet immaterial, allegation to the Amended Complaint:

> Counsel Allen Meyer admitted in open court that he went to Sheryl Pethers' chamber several times during the time of litigation.  These multiple and unusual visit by counsel Allen Meyer is part of the conspiracy between Allen Meyer and Judge Peters in depriving Hu's constitutional right of due process right of fair trial.

Exhibit "E," Amended Complaint, ¶ 13.

While new, this allegation is immaterial because nothing in it supports an inference of a conspiracy.  Particularly, the allegation does not address why Meyer visited chambers (he actually did not, but for the purposes of this Motion the allegation will be taken as it is made), whether Judge Pethers was present, whether Meyer and Judge Pethers spoke, whether Meyer and Judge Pethers spoke of the subject litigation, or what was said to further the Plaintiff's perception that a conspiracy was afoot.

These deficiencies do not support an inference of a conspiracy and do not fall within the scope of those cases cited by this Court regarding "conspiracy" as a foundation for finding Meyer a "state actor" for any § 1983 analysis.

Nor do the cases cited by the Plaintiff.  Contrary to his assertion made in ¶ 78 of the Amended Complaint, neither <u>In re Application of County Collector</u>, 217 Ill. 2d 1, 838 N.E.2d 907 (2005), nor <u>Tulsa Professional Collection Services, Inc. v. Pope</u>, 485 U.S. 478 (1988), stand

for the proposition that the invocation of state judicial proceedings renders the invocator a "state actor" under § 1983.

First, neither case involved § 1983 even remotely. The Illinois Supreme Court case involved the sufficiency, in terms of due process, of notice given to a mentally incompetent person of a tax sale. The United State Supreme Court case was similar, but involved the sufficiency of notice in a probate setting.

Second, in neither case did the respective court find that one of the parties was a "state actor" under § 1983 (likely because § 1983 was not at issue). Instead, the courts undertook an analysis as to whether the subject statutory notice provisions involved "state action." Regardless of the answer to that question, in neither case did the court equate "state action" with "state actor."

Meyer is not a "state actor" as that term is defined by, and applied in the context of, § 1983. Therefore, the Amended Complaint should be dismissed with prejudice as against Meyer.

**2.     _Rooker-Feldman_ Doctrine**

The Plaintiff attempts to use the same hook of "conspiracy" to navigate his way around this Court's invocation of the _Rooker-Feldman_ Doctrine.

The Plaintiff is very clearly attempting to avoid the effect of the repossession order that resulted from the Forcible Entry action; the prayers for relief make that clear. But faced with this Court's April 18 2008 Order, he has now dreamt up a conspiracy. Nonetheless, as noted above, his allegations relating to that conspiracy are woefully lacking. He merely alleges that it existed without anything more.

The Plaintiff has thus pleaded insufficiently to avoid application of the *Rooker-Feldman* Doctrine to bar his claims against Meyer.[4]

**3.     Miscellaneous Case Citations**

The Plaintiff also quotes the following passage in ¶ 79:

> Rather, we have stated that due process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to represent their objections.' Mullane, 339 U.S. at 314.

Exhibit "E," *citing*, "Jones v. Flowers, no 04-1477 (S.Ct. 4/26/2006)(S.Ct.2006)."

The citation to "Mullane" is to <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 70 S.Ct. 652 (1950). Given that *Mullane* was decided by the Supreme Court in 1950, it cannot possibly have any application to whether Meyer is a § 1983 "state actor," as § 1983 was not passed into law until the decade following the *Mullane* ruling. And while *Mullane* post-dates *Rooker* (but not *Feldman*), *Mullane* does not address what has become the *Rooker-Feldman* Doctrine.

<u>Jones v. Flowers</u>, 547 U.S. 220, 126 S.Ct. 1708 (2006), like *Tulsa Professional* and *In re Application of County Collector* before it, relates to whether a particular notice provision satisfied due process. And like those cases discussed above, it does not in any fashion involve either § 1983 or the *Rooker-Feldman* Doctrine.

Whatever propositions *Mullane* and *Jones* represent, they have no application to this case, and more specifically no application to the questions of whether Meyer is a "state actor" or whether the *Rooker-Feldman* Doctrine bars the Plaintiff's transparent attempt to challenge the state court's ruling in the Forcible Entry action.

---

[4]     Meyer respectfully suggests that even if this Court finds that the *Rooker-Feldman* Doctrine does not in itself bar the Plaintiff's claims against Meyer, those claims are nonetheless barred because (a) the claims against Meyer are brought pursuant to § 1983 and (b) as argued in the preceding section, Meyer is not a "state actor" subject to § 1983 liability.

**D.    Conclusion**

The Plaintiff's Amended Complaint fails to cure the deficiencies set forth in his original Complaint.  While he suggests a conspiracy, he provides no allegations that would support the inference of one.  Without that, his contention that the conspiracy "between Allen Meyer and Judge Pethers so far succeeded in corrupting the state judicial process as to obtain a favorable judgment" fails and the *Rooker-Feldman* Doctrine bars his causes of action against Meyer.  For the same reason, Meyer is not a § 1983 "state actor."

The Amended Complaint should thus be dismissed against Meyer.  That dismissal should be with prejudice:  the Plaintiff has failed for the *second time* to set forth any set of facts upon which relief could be granted, and pleading "is not like playing darts; a plaintiff can't keep throwing claims at the board until she gets one that hits the mark."  <u>Doe v. Howe Military School</u>, 227 F.3d 981, 990 (7th Cir. 2000).

Wherefore, the Defendant, Allen Meyer, requests that this Court dismiss the Plaintiff's amended Complaint pursuant to Fed.R.Civ.Pro. 12(b)(6) without leave to amend, that the Plaintiff be recommended to the Executive Committee of the United States District Court for the Northern District of Illinois for a pattern of abusive conduct, and such further relief as this Court deems just.

Dated: <u>July 29 2008</u>.

Respectfully Submitted,

By:     <u>    s/ Daniel B. Meyer          </u>
Daniel B. Meyer
Counsel to Allen Meyer

Daniel B. Meyer
Edward C. Eberspacher IV
O'Hagan Spencer LLC
One East Wacker Drive
Suite 3400
Chicago, Illinois 60601
312.422.6100

312-236-0237

LAW OFFICES
ALLEN H. MEYER

111 WEST WASHINGTON STREET
CHICAGO, ILLINOIS 60602
SUITE 1505

April 16, 2008

Victoria Chi
333 South Wabash Ave.
Chicago, IL 60604

Re:     CNA
        Insured:      Allen H. Meyer
        State:        IL
        Claimant:     Yaodi Hu
        Policy No.:   003936430
        Claim#        LM109493-WJ

Dear Ms. Chi:

On 4/16/08, the receptionist of my office accepted service of Summons and Complaint in the enclosed Federal Court case, in which I am named as a defendant.

Kindly review, and enter an Appearance in my behalf.

Very truly yours,

AHM:zps

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

Yaodi   Hu

Plaintiff

Honorable Chief Judge

V.

Tim Evans    et Al

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 08C 2007

ASSIGNED JUDGE: JUDGE AMY ST. EVE

DESIGNATED
MAGISTRATE JUDGE: MAGISTRATE JUDGE ASHMAN

TO: (Name and address of Defendant)

Allen  Meyer
111  W  Washington    Suite 1505
Chicago  IL  60602

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Yaodi   Hu
219  W.  Cermak
Chicago  IL  60616

an answer to the complaint which is herewith served upon you within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable
period of time after service.

MICHAEL W. DOBBINS, CLERK

D. Cervantes

(By) DEPUTY CLERK

APR 0 9 2008

DATE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| YAODI HU | ) |
| | ) |
| Plaintiffs | ) |
| vs | ) *Jury Demand* |
| | ) |
| Honorable Timothy C. Evans Chief Judge | ) |
| Of Circuit Court of Cook County Illinois | ) **08C 2007** |
| Honorable Pamela Hill Veal, Judge | ) |
| Honorable Sheryl Pethers , Judge | ) |
| All in their Official capacity | ) MAGISTRATE JUDGE ASHMAN |
| | ) |
| Walinski & Trunkett, PC. | ) |
| Brian Lewis, John Buscher, | ) |
| Robert Walinski, Park National Bank | ) JUDGE AMY ST. EVE |
| Allen Meyer, | ) |

# Complaint

## Parties:

1. Yaodi Hu is a resident in State of Illinois, involved in several litigation in the Circuit Court of Cook county.

2. Timothy C. Evans is the Chief Judge of Circuit Court of Cook County Illinois.

3. Honorable Pamela Hill Veal and Honorable Sheryl Pethers are both Judges working for Circuit Court of Cook County.

4. Walinski & Trunkett PC is a law firm located in Chicago Illinois at 25 East Washington Street, suite 1221.

5. Robert walinski, Brian Lewis and John Buscher are all attorneys working for Walinski & Trunkett PC.

6. Allen Meyer is an attorney in Chicago representing Peter Huey in the forcible entry detainer action. ( 07 M1 715191).

7. Park National Bank is publicly trade company engaged in banking business in

Chicago Illinois.

# Jurisdiction

8. This Court has jurisdiction over this matter pursuant to
   a. The Civil Rights Act of 1871, 42 U.S.C.§ 1983
   b. 28 U.S.C. § 1331 Federal Question
   c. 28 U.S.C. § 1343 Civil rights and elective franchise
   d. 28 U.S.C. § 1367 Supplemental Jurisdiction
   e. Federal Declaratory Judgment Act 28 U.S.C. § 2201 and § 2202

# Venue

9. Venue is proper is this District pursuant to 28 U.S.C. §1391(b)(2), in that a substantial part of the events giving rise to the claim arose in this district

# Statement of Fact --- 07 m1 715191

10. Yaodi Hu was defendant to a forcible detainer action filed by Peter Huey. (07 M1 715191.) Honorable Judge Pethers was the presiding judge of the case.

11. Plaintiff Hu is not asking the Federal Court to review the final result of the litigation. In fact that 07 M1 715191 is under appeal.

12. October 18, 2007, at room 1302 of Daley Center, plaintiff's counsel Allen Meyer appeared. Defendant Hu also appeared. Judge Sheryl Pethers presided over the proceeding

13. On October 18, 2007, upon oral motion, Judge struck Hu's jury demand without hearing , without any proffered evidence from the moving party. There was no notice of that motion. On that same day, Judge just vacated a prior order striking Hu's jury demand for lack of in rem jurisdiction and personal jurisdiction. It is deprivation Hu's due process right under the Fourteenth Amendment.

14. Huey's counsel Allen Meyer was unaware that *735 ILCS 5/2-301* was revised in 2000 and it overruled all the conflicting cases law prior to that. He presented a

2

1991 case of ***Pecoraro v. Kesner***, 217 Ill. App.3d 1039 (1st Dist 1991) to support his position.

15. October 18, 2007, this court read the case law brought by defendant Hu, ***KSAC Corp. v. Recycle Free, Inc***., 846 N.E2d 1021 (Ill. App., 2006). The Court agreed with defendant Yaodi Hu that when it entered the order on July 25, 2007, striking defendant's jury's demand, it was without jurisdiction and therefore its order is void. Defendant Hu was ordered to read the case in open court, highlighting the holding of the case to the Court, while the court continued its adjudications of other cases. When Honorable judge Pethers was making legal conclusion with quick temper and impetus without knowing what the law is, Defendant Hu had to remind the Court several times that the court did not read the case.

16. Judge expressed her surprise that the case was still pending in front of her without possession order to plaintiff. July 9, 2007, Judge Pethers ruled that there was no personal jurisdiction over defendant Hu.

17. The Court had to explain twice to Counsel Allen Meyer to make him understand that filing of jury demand does not waive one's objection to personal jurisdiction under ***735 ILCS 5/2-301*** and the case authority he offered is no longer a good precedent.

18. The Court was ready to draft its order transferring the case to upstairs for jury trial.

19. In the midst of this counsel Allen Meyer and Judge Pethers exchanged special eye contact and Allen Meyer pleaded with the Judge Pethers and Judge Pethers changed her mind. Judge decided to deny Hu's Motion to Vacate July 25, 2007's order striking Hu's jury demand. Judge stated that she changed her mind but refused to give any reason when asked by defendant Hu.

20. This change of heart by the Court means that the July 25, 2007 court's order striking Hu's jury demand stands. The Court asked Huey's counsel why he can't go for a jury trial. Huey's answer is that it would be several months' waiting for jury trial and he would like to get the possession sooner.

21. Hu reiterated his position that July 25, 2007 order is void because the court had neither personal jurisdiction, nor in rem jurisdiction and therefore the order was void.

22. Allen Meyer made an oral motion to strike Hu's jury demand in open court on October 18, 2007 without giving any notice to Court and to Hu.

23. The Court eventually decided to vacate the July 25, 2007 order first and then enter another order striking Hu's jury demand right away. There was no introduction of evidence such as Lease, no hearing.

24. Judge Pethers decided to strike Hu's jury demand so she could retain the jurisdiction and Huey would get an expeditious order of possession.

25. Judge Pethers intentionally discriminated against Hu because of his race. Judge was rendering a decision to favor plaintiff's white attorney Allen Meyer.

26. "Prior cases establish, first, that due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." *Boddie v. Connecticut*, 401 U.S. 371, 377 (1969). *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950); See also *Logan v. Zimmerman Brush Company*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982).

27. Judge Pethers struck Hu's jury demand on Oct. 18, 2007, based upon her assertion that Hu waived the jury trial in the subject lease. The issue is Plaintiff Huey had not introduced the Lease in the court yet and there was no hearing as to whether there was oral modification to the lease. At the trial, Plaintiff Huey asserted that he contact Justine Zhou regarding the lease, and Huey further admitted that he never contacted Hu regarding the Lease, therefore, without a hearing and Justine Zhou's testimony, the Court is without factual basis to conclude that there was no oral modification to the Lease.

28. According to *South Shore Amusements Inc., v. Supersport Auto Racing Ass'n*, 483 N.E.2d 337, 136 Ill. App. 3d, 284 (Ill.App.1 Dist., 1985), "parties to a written contract may alter or modify its terms by a subsequent oral agreement is well established. (Estate of Kern v. Handlsman (1983), 115 Ill. App.3d 789, 794, 75 Ill.Dec. 407, 450 N.E. 2d 1286.) Whether an oral contract exists, its terms and conditions and the intent of the parties, are questions of fact to be determined by the

4

trier of fact. (Emmenegger Construction Co. Inc. v. King (1982), 103 Ill.App.3d 423, 427, 59 Ill.Dec.237 431 N.E. 2d 738)"

29. *Wilson v. Moore*, 301 N.E. 2d 39, 40 13 Ill.App.3d 632 (Ill.App.1 Dist., 1973) "although notice of motion may be waived by an adverse party, an order entered on a motion without notice is void." See also *Moore v. One Stop Medical Center*, 578 N.E. 2d 1231, 218 Ill.App.3d 1011 (Ill.App. 1 Dist.1991). "We agree 'Parties to an action who have properly appeared are entitled to notice of any motions and hearings.' (City of Chicago v. American National Bank & Trust Co. 91988), 171 Ill.App.3d 680, 688, 121 Ill.Dec. 608, 525 N.E.2d 915)"

30. Judge Pethers' striking of Hu's jury demand demonstrated her reckless disregard of Hu's due process right.

31. In the open Court, Hu stated that striking his jury demand, without notice and opportunity to be heard is violation of Fourteenth Amendment Due Process Clause, especially just after the Court vacated its order of July 25, 2007 striking his jury demand. Hu further stated that the striking of his jury demand violated his constitutional right under Seventh Amendment of United State Constitution and Illinois Constitution.

32. November 8, 2007, the Court was presented Hu's Motion to vacate its order on October 18, 2007 striking Hu's jury demand.

33. Huey's counsel Allen Meyer and Yaodi Hu appeared. Judge Sheryl A. Pethers presided over the hearing.

34. Huey's counsel insisted in open court that Hu is tenant of sufferance.

35. The Court ordered both parties bring authorities regarding the issue of jury waiver. The Court also order plaintiff brings his Lease to prove the waiver provision in the Lease. The hearing was continued to November 21, 2007.

36. November 21, 2007, Judge Sheryl Pethers presided over the hearing at room 1302 of Daley Center.

37. Huey's counsel Allen Meyer and defendant Yaodi Hu appeared.

38. The Court already prepared a prewritten order before the hearing began. The Court ruled that Hu is a month-to-month holdover tenant and the Lease is binding upon Hu. The Court therefore reasoned that Hu waived his right to jury trial.

5

39. The Court denied Motion to Intervene as defendants by Citywide Mortgage Lending Corp and Citywide Real Estate Corp.

40. The Court was especially offended by the fact that Hu was filing the Motion on behalf of those Corporations. November 21, 2007, The Court specifically ordered: 4) "Defendant Hu is advised that this is not a 'small claim', and neither section 2-416 of the Code of Civil Procedure nor Supreme Court rule 282 apply; further, even if they did apply, the corporations he purports to represent in this Court as an officer are ....(illegible) ...therefore, should Mr. Hu, a non-attorney, file any other pleadings or other documents on behalf of anyone but, himself, the matter shall be turned over to the State Attorney for ..(Illegible)...and possible prosecution for practicing law without a license.

41. In Honorable Judge Pethers' court room, there used to be a female sheriff. On the day of Hu's trial, December 13, 2007, a male sheriff was arranged to be present

42. December 13, 2007, starting about 3:00 pm at room 1302 of Daley Center, Chicago Illinois, Defendant Yaodi Hu participated in a trial in the instant case. Huey's counsel originally stated in the open Court November 21, 2007 that he was going to engage a reporter for the trial. On December 13, 2007, when the trial began, there was no reporter engaged by Huey. Relying upon Huey's statement, Hu did not engage his own reporter. Defendant Jun Zhou did not appear. Judge Sheryl A. Pethers presided over the bench trial. Trial ended around 5:00 pm.

43. Judge told defendant Hu could not participate in the proceeding unless Hu submit himself to the jurisdiction of the Court. Hu insisted that he could participate in the trial without subjecting himself to the jurisdiction of the Court citing the 735 ILCS 5/2-301 motion he filed. The Court stated that if Hu does not want to subject himself to the Court's jurisdiction, then he can not participate in the trial. A gun carrying sheriff then was approaching Hu ready to physically remove Hu from in front of bench.

44. Hu renewed his challenge to the Court's position that either Hu signed the document, claiming that he voluntarily submit himself to the Court's jurisdiction, or he be barred from participating in the trial. Hu asserted that since 2000 when 735 ILCS 5/2-301 was revised, there is no case law indicating voluntary

6

participation by Hu in the in rem trial would waive his objection to personal jurisdiction manifested by his filed 5/2-301 motion. The Court again order the sheriff approaching Hu ready to physically removing Hu from where he stand further back and preventing him from speaking out.

45.   Under this imminent threat of physical restraint and removal, Hu decided to sign the Court order indicating that he "voluntarily" submitted to Court's jurisdiction. The Court enters three orders in the beginning of the trial. The Court denied Citywide Mortgage Lending Corp's motion for reconsideration to join in as defendant.

46. Also, the Court maintained that it is not a small claim court and Hu can't represent corporation. The Court did not receive Hu's Motion under Supreme Court Rule 219 which was filed on December 11, 2007. The Court did not read the Motion, did not have a copy of the Motion, did not allow Hu present his Motion, and the Court denied the Motion based upon the conclusion that the Court did not allow any discovery in this case. The third order the Court entered is that Hu voluntarily submitted himself to the Court's jurisdiction. Huey's counsel admitted that he received Hu's Motion under Supreme Court rule 219 (c) and his second set of interrogatories.

47. A few days before December 13, 2007 trial Honorable Pethers denied Hu's motion to intervene on behalf of Citywide Mortgage Lending Corp.   The motion was denied by Judge Pethers. Hu could have argued that the denial of that motion is reversible error and Hu was attending the trial on behalf of the Corporation. Besides, because the statute was revised in 2000 and it was not quite settled if Hu could still preserve his objection to personal jurisdiction by participating in the trial.

48. In any event, personal jurisdiction is a mixed question of fact and law and Judge Pethers was free to make a judicial ruling over Hu's filed objection.

49. In order to resolve the possible legal challenge to her ruling, Judge Pethers resort to coercion.   Judge ordered at least twice the sheriff to removing Hu from in front of the bench unless Hu sign the document "voluntarily" submitting himself to the jurisdiction of the Court.

7

50. The sheriff was carrying a gun. He almost had body contact with Yaodi Hu. Sheriff stood very close to almost contacting Hu's body for several minutes until well after Hu sign that document. Ultimately, Judge Pethers ordered the sheriff to step back away from Yaodi Hu.

51. During December 13, 2007 trial, Hu made several oral motions. First Motion is motion to dismiss for failure of Huey to serve the proper notice under 735 ILCS 5/9-211. Hu insisted that because Huey's action and the Court's jurisdiction was based upon the notice sent out on May 31, 2007, and once Huey chose to send out notice, Huey was obligated to comply with 735 ILCS 5/2-211 regardless the waiver of notice provision in the Lease. Since Huey admitted that the notice was sent out through regular mail, the Court should dismiss the action for failure to comply with 735 ILCS 5/9-211. Hu further indicated that according to Lease, the notice is supposed to be sent out by certified mail and Huey failed to comply with the Lease, which he alleged is binding upon Hu. This Court denied Hu's motion relying upon the waiver provision in Lease.

52. Second Motion made by Hu was that assuming May 31, 2007 notice was valid, the proper amount of that notice was only $1,000 after striking out the inappropriate amount of June 2007 rent, which was not due until June 1, 2007 under the Lease, and striking out bill of plumbing and electric repair. Because plaintiff admitted that he got paid $1,200 on June 2, 2007, then the demand notice of May 31, 2007 was satisfied. Because the action filed by Plaintiff was based upon that demand notice, the action ought to dismissed for lack of proper purported notice. Plaintiff did not base its complaint upon the Lease and its waiver provision. The Court is without valid jurisdictional notice for this forcible entry detainer action. This Court again denied Hu's motion relying upon the waiver provision in the Lease.

53. The third Motion made by Hu was a directed verdict after plaintiff rest his case based upon Huey's waiver. Hu insisted that Huey waived his right to extra rent, by accepting $1,200 monthly rent without objection or protest from August 2006 to January 2007. And Huey never raise the issue directly with Hu and Zhou. Hu testified that Huey and his attorney never contacted Hu or Zhou personally for that

8

extra rent.  The Court denied Hu's motion, ruling that Huey was entitled to extra monthly rent.

54.  The fourth Motion Hu made was motion for summary judgment based upon the fact that acceptance of $1,200 rent during the last 1 ½ years, demonstrate that by Huey's own consistent conduct, Huey agreed to $1,200 monthly payment from defendant. Hu insisted that since none of the defendant signed the option to renew the Lease, Hu was not obligated to that $100 monthly rent increase in the option. Hu also renewed the objection he raised in previous three motions as basis for his summary judgment motion. The Court again denied motion.

55.  Hu's fifth a motion was a motion under Rule 305 requesting stay of the enforcement of possession order. The Court denied the motion by not ruling upon it. On the other hand, the Court indicated that if Hu paid Huey's requested nearly $6,000 in attorney's fee and cost and the $1,800 purported monthly $100 rent increase for the past 18 month, then the Court would grant the Motion to stay. Hu considered this as denial of his motion.

56.  The Court asks Huey's counsel present a motion for his attorney fees. The Court instructed that motion should include information regarding his credential, practice experience upon which his rate was based and other information to support his fee motion.

57.  The Court stated that it could not wait to see Hu's appeal and expressed its feeling that it would not want to be on the case because of its ruling.   The Court entered order of possession.

58.  The Court asks Huey's counsel present a motion for his attorney fees. The Court instructed that motion should include information regarding his credential, practice experience upon which his rate was based and other information to support his fee motion.

59.  Toward the end of the trial, the Court told Hu not to talk any more, because the Court did not want to listen any more. The Court stated that Hu committed contempt of Court by filing a motion on behalf of Citywide Mortgage Lending Corp., which was expressed prohibited by its order on November 21, 2007.  The Court further stated that it never allowed discovery and it expressly prohibited

discovery in its November 21 2007 order. Hu responded that even Huey's counsel
made a mistake regarding Supreme Court Rule 237 and that Hu is not expert and
could misunderstood the law and the Court order and Hu has no intention to
commit contempt of Court which need an element of intent. Hu maintained that
Court's order on November 21, 2007, ordering parties exchange documents to be
used at trial is an discovery order, allowing the party to complete discovery before
December 6, 2007.

60. Judge Pethers also rendered several decisions not in favor of Hu just to show she
    had the power and she is smarter and know more about the law.

61. December 21, 2007, at room 1302 of Daley Center Plaintiff Peter Huey appeared
    with his counsel Allen Meyer. Defendant Hu also appeared. Judge Sheryl Pethers
    presided over the proceeding. It was scheduled to hear the plaintiff's motion for
    attorney's fees.

62. The hearing started about 2:08 pm. Defendant Yaodi Hu handed over the just filed
    Motion for Substitution to Judge Sheryl Pether. Plaintiff Huey was given a copy of
    the motion earlier in the morning through fax. Hu also just filed his first
    "bystander's report" under SCR 323 (c). The bystander's report was incorporated
    into Hu's Motion for Substitution as his affidavit.

63. Once the Judge received the Motion for Substitution, she was reading it and she got
    quite upset, stating that "she is not only personally offended, but also professionally
    offended," that "it is defamation and I am public figure and I can not sue you for
    that", that "you are accusing me a big idiot," that "today is Friday, why do we have
    all this". There are some other similar remarks Hu can't exhaust. Her voice was
    quite high and she displayed her high emotion throughout the proceeding.
    Defendant Hu offered his apology several time and one time sincere apology
    without being able to calm her down.

64. The Court stated that Hu's Affidavit is not affidavit, just because Hu called it
    Affidavit. The Court did not give any specific reason why Hu's affidavit is not
    affidavit. Hu offered to cure any technical deficiency in the affidavit right away, if
    there is such deficiency. (Hu's signature was not notarized, which could be cured
    immediately by signing again in the open court). The Court did not respond to it.

65. On the Counter of the bench, there lied several volumes of West's Smith- Hurd's Illinois Compiled Statutes annotated.   The volume containing 735 ILCS 5/2-1001 was missing and the Court ordered the staff to bring that volume.

66. Once the staff brought that book, The Court was reading the book for several minutes, and could not find any case authority to be relied upon to strike defendant Hu's Motion for Substitution. The Court was aware of the law that another judge is supposed to rule on the motion first. The Court first mentioned that there was no notice of hearing filed. Then, the Court said that "I am going to gamble on it." Then the Court proceeded to issue several orders including the one granting Huey's motion for attorney's fee. Defendant Hu stated to the Court that an order entered after the Motion for Substitution is filed is void. Defendant Hu's request for leave filing response to Huey's motion for attorney's fee was also denied. Hu requested that his oral motion and its denial to be reflected in the Court's order, the Court initially granted Hu's request, then changed its decision, stating that Hu can put it in the "bystander's report".

67. At the end of hearing, Judge Pethers lectured defendant Hu how Hu has no right to possession because he did not want to pay that extra $100 monthly increase and how there is no lease, plaintiff could just evict Hu with 30 day's notice.

68. Judge Pethers stated that she would considered a motion to stay the order possession, now that she would deny it, without stating that it is because of the Motion of Substitution filed by defendant Hu.

69. In effect, Judge Pethers was rendering her decision not based upon fact and law. Rather, she intentionally ignored the fact and law rendering her decision in favor of a white attorney to prevail against an Asian pro se litigant.

70. Defendant Hu is entitle to a fair tribunal under due process clause of Fourteenth Amendment of U.S. Constitution. "A right to a fair trial is a right admittedly protected by the due process clause of the Fourteenth Amendment." *Adamson v. People of State of California*, 332 U.S. 46, 53 (1947). See also *Moore v. Dempsey*, 261 U.S. 86, 91, 43 S.Ct.265, 266, 67 L.Ed. 543; *Chambers v. Florida*, 309 U.S. 227, 238, 60 S. Ct. 472, 477, 84 L.Ed. 716; *Buchalter v. New York*, 319 U.S. 427, 63 S.Ct. 1129, 87 L.Ed. 1492. "A fair trial in a fair tribunal is a basic requirement of

due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness." *__Murchison__* 349 U.S. 133 (1955).

71. 735 ILCS 5/2-1001 (a) (3)(i) provides statutory procedural protection to litigants who allege that the tribunal is not fair. December 21, 2007, Judge again displayed her reckless disregard of procedural law. She stated that she was going to "gamble" on it. She relied upon her quick reading of annotation of the law, instead of reading of the case law. When she could not find any case law supporting her decision, she would neither seek any input from any party, including plaintiff Huey, nor from defendant Hu. She would enter orders closing the case in reckless disregard of what the law is. Judge Pethers is absolute immune and she is gambling that she can escape from her persistent and conscious reckless disregard of law. See attached affidavit.

72. December 21, 2007, Judge Pethers struck defendant Hu's Motion for Substitution, claiming that the affidavit offered by Hu was not affidavit, just because Hu titled it as affidavit. Judge Pether was probably referring to the fact that Hu's affidavit was not notarized.

73. In *__Robidoux v. Oliphant__* 775 N.E.2d 987, 201 Ill.2d 324, 266 Ill.Dec. 915 (Ill., 2002), the Supreme Court of Illinois hold that "Lack of notarization did not render this affidavit insufficient;" citing *__Northrop v. Lopatka,__* 242 Ill.App.3d 1, 182 Ill.Dec.937, 610 N.E.2d 806 (1993) ("We nevertheless conclude that the affidavit here was minimally sufficient, as the deponent's name appears as one having taken an oath." *__Northrop__*, 242 Ill.App.3d at 7.

74. By striking Hu's Motion for Substitution, the Court divested itself of jurisdiction and the final order of granting possession and attorney fee must be reversed and Motion for Substitution be transferred for a new hearing before a different judge. see *__Morris v. Martin-Trigona__* 89 Ill.App.3d 85, 44 Ill.Dec. 408, 411 N.E.2d 530 (4th Dist., 1980). *__Little v. Newell,__* 302 N.E.2d 739,742, 14 Ill.App.3d 564, (3rd Dist., 1973)

75. Honorable Judge Pethers "gambled" that she still has the jurisdiction to enter the orders in favor of Huey in reckless disregard of procedural law. See attached affidavit.

76. Honorable Judge Pethers also stated that she would not certify Hu's bystander's report so Hu would not be able to appeal effectively.

77. In the course of litigation, as pro se litigant Hu need to communicate with Attorney Allen Meyer. Attorney Allen Meyer refused to talk to Hu many times.

## Statement of Fact --- 05 ml 151899

78. Walinski & Trunkett PC is representing Park National Bank trying to collect about $3,500 from Hu in the underlying case of 05 ml 151899.

79. After discovery, it was clear, that Park National Bank has no evidence supporting its allegation that the Postal Money Order tendered by Hu was counterfeit.

80. Nevertheless, Walinski & Trunkett and its attorneys failed to dismiss its suit against Hu voluntarily.

81. Instead, on December 20, 2007, it misrepresented to the Court that there was no discovery in the case of 05 ml 151899. The Court denied Hu's motion for leave to file for summary judgment. Trial date was set on March 12, 2008.

82. On March 12, 2008, Park National Bank through its attorney, Walinski and Trunkett appeared in Circuit Court of Cook County in Daily Center. It failed to present any witness, any documents to support its claim that Hu's deposited postal money was counterfeit. Rather, it asserted that Hu admitted that those deposited Money order was counterfeit.

83. Hu has another case pending in this Court related to the different aspect of this incident. (07 CV 0844, Hu v. Park National Bank focusing upon the reversal of the credit by Park National Bank.) This case would focus upon Park National Bank and it's attorney's pursuit of Hu in the Circuit Court of Cook County.

84. Defendant Walinski & Trunkett together with Honorable Pamela Veal Hill effectively prevented Hu from presenting his testimony. Honorable Pamela Veal Hill repeatedly interrupted Hu from speaking on any thing, then in her ruling, she stated that Hu was disruptive.

85. Honorable rendered a judgment in favor of Park National Bank, based upon Walinski & Trunkett's misrepresentation that Hu admitted that he deposited five thousand counterfeit Postal Money Orders into his Park National Bank's account.

86. Hu was denied due process right under the Fourteenth Amendment by this judgment and misrepresentation by Walinski & Trunkett.

# Count I  Violating Hu's Due Process Right  by Allen Meyer

87. Yaodi Hu repeat paragraphs 10-77.

88. October 18, 2007, Judge Pethers together with Allen Meyer deprived Hu's due process right of Notice under 14th Amendment when Allen Meyer's oral motion of striking Hu's Jury demand was granted.

89. In *In re Application of County Collector*, 838 N.E.2d 907, 217 Ill.2d 1 (IL. 2005), the Supreme Court of Illinois, in applying *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 486 (1988), concluded in note 7 that invocation of state judicial proceeding is state action.  Under that case law, Allen Meyer is state actor.

90. "Rather, we have stated that due process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to represent their objections.' *Mullane*, 339 U.S., at 314." *Jones v. Flowers* , no. 04-1477 (S.Ct. 4/26/2006)(S.Ct.2006)

91. Both Allen Meyer and Honorable Pethers deprived Hu's due process right under the Fourteenth Amendment of U.S. Constitution.

# Count II  Violating Hu's Right to Jury Trial of 7th Amendment

92. Yaodi Hu repeat paragraph  10-77.

93. The Seventh Amendment of U. S. Constitution states the following: " In Suits at common law, where the value in controversy shall exeed twenty dollars, the right of trial by jury shall be preserved."

94. Honorable Judge Pethers' order striking Hu's jury demand on October 18, 2008 violated Hu's right to jury trial under the Seventh Amendment.

95. Attorney Allen Meyer as state actor also violated seventh Amendment.

# Count III Violated Due Process of Art. I § 2 Illinois Constitution

96. Yaodi Hu repeat paragraph: 10-77.

97. Illinois Constitution Art. I § 2 states the following: "No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws."

98. "The Constitution of Illinois affords no less protection than the United States Constitution, but it may provide more protection." *People v. Hightower*, 172 Ill.App.3d 678, 122 Ill.Dec. 590, 526 N.E.2d 1129 (5th Dist. 1988).

99. By depriving Hu's right to Notice of hearing of Allen Meyer's oral motion striking Hu's jury demand on October 18, 2007, both Allen Meyer and Honrable Judge Pethers violated Art. I § 2 of Illinois Constitution.

100.     By misrepresenting to the Court that there was no discovery in the case of 05 M1 151899, leading to the denial of Hu's motion for leave to file summary judgment, defendants Walinski & Trunkett and its attorney violated Art. I § 2 of Illinois Constitution.

# Count IV.  Violating Due Process Right in 05 M1 151899

101.     Hu repeat paragraph 78-86

102.     March 12, 2008 trial, Park National, Walinski & Trunkett and Honorable Judge Pamela violated Hu's due process right under the 14th amendment.

103.     They prevented Hu from presenting his testimony and evidence.

104.     They prevented Hu from making arguments.

105.     Walinski & Trunkett misrepresented to the Court that there was no discovery on December 20, 2007.   Hu's due process right under the 14th Amendment was violated when the Court denied Hu's motion to file for summary judgment.

# Count V. 735 ILCS 5/9-108 Facially Violates Equal Protection

106.     Yaodi Hu repeat paragraph 10-77.

107.     Hu hereby challenges the constitutionality of 735 ILCS 5/9-108 on its face for violating the equal protection clause of Fourteenth Amendment. Hu already sent notice according to Supreme Court Rule 19 to Attorney General's Office of State of Illinois. Hu prays for declaratory and injunctive relief.

108.     735 ILCS 5/9-108 did not abrogate common law right to jury trial. *Twin-City Inn. Inc. v. Hahne Enterprises, Inc.*, 225 N.E. 2d 630, 37 Ill.2d 133 (Ill., 1967). On the other hand, 735 ILCS 5/9-108 made two classifications: one is residential lease, where right to jury trial is guaranteed by the statute notwithstanding any waiver of jury trial. The other is for non-residence purposes and the statute does not guarantee the right to jury trial because of the waiver. Since right to jury trial is a fundamental right, the statute facially violated the equal protection clause of Fourteenth Amendment. The statute can not survive strict scrutiny where compelling governmental interests are furthered by narrowly tailored statutory scheme. *Schultz v. Lakewood Electric Corporation*, 841 N.E.2d 37 (1st. Dist. 2005). Under *In re Adoption of K.L.P.*, 763 N.E. 2d 741, 198 Ill.2d 448 (Ill., 2002), 735 ILCS 5/9-108 violates Equal Protection Clause of Fourteenth Amendment. In *In re Adoption of K.L.P.*, the Supreme Court of Illinois found equal protection violation when appointment of counsel for indigent defendant is provided in Juvenile Court Act 705 ILCS 405/1-5 while Adoption Act 750 ILCS 50/1 does not have similar provision with same consequence of terminating parental right, which is a fundamental right.

109.     "The right to trial by jury is a fundamental Constitutional right, preserved by the Seventh Amendment to the United States Constitution." See *Zirlin v. Village of Scarsdale*, 365 F.Supp. 2d 477 (S.D.N.Y. 2005). *Bouriez v. Carnegie Mellon University* 359 F.3d 292 (3rd Cir. 2004) (The right to a jury trial is a fundamental right that is expressly protected by the Seventh amendment to the United States Constitution.) *Molthan v. Temple University of Com. System of*

16

*Higher Educ.*, 778 F.2d 955 (C.A.3 (Pa), 1985) (We are well aware that the right to a jury trial is a fundamental right, which is expressly protected by the Seventh amendment.) *Leasing Service Corp. v. Crane,* 804 F.2d 828 (C.A. 4 (N.C.), 1986) (The seventh amendment right is of course a fundamental one).

110.    Illinois case authorities also conclude that right to jury trial is fundamental. *Ney v. Yellow Cab Co.*, 2 Ill.2d 74, 117 N.E.2d 74 (Ill.1954) (The right of trial by jury is recognized in the Magna Charta, our Declaration of Independence and both our State and Federal constitutions. It is a fundamental right in our democratic judicial system.) *Urbas v. Saintco, Inc.*, 636 N.E.2d 1214, 264 Ill.App.3d 111 (5 Dist., 1994). *Polkey v. Phillps*, 408 N.E.2d 348, 86 Ill.App.3d 677 (1st. Dist, 1980), *Czochara v. Howard Parlor Furniture Co.*, 254 N.E. 2d 546, 117 Ill.App.2d 253 (1st Dist., 1969), *Roth v. Nauman*, 234 N.E.2d 346, 90 Ill.App.2d 44 (1st Dist., 1967), *Felty v. General Tel.Co. of Illinois*, 362 N.E. 2d 43, 47 Ill.App.3d 427 (5th dist., 1977), *Bouillon v. Harry gill Co.*, 301 N.E.2d 627, 15 Ill.App.3d 45 (5th Dist., 1973), *Clark v. Fields*, 219 N.E. 2d 162, 73 Ill.app.2d 369 (5th Dist., 1966), *Mick v. Kroger Co.*, 218 N.E.2d 654, 73 Ill.App.2d 55 (5th Dist., 1966), *Club v. Main*, 213 N.E.2d 63, 65 Ill.App.2d 461 (5th Dist., 1965), *Placher v. Streepy*, 153 N.E.2d 369, 19 Ill.App.2d 183 (2nd Dist., 1958).

111.    Because Hu is entitled to jury trial not withstanding his waiver in the Lease, orders entered on December 13,2007 and December 21, 2007 based upon 735 ILCS 5/9-108 are null and void.   Hu prays for preliminary injunctive relief against Huey from enforcing the possession order entered by Judge Sheryl Pethers.

## Count VI.   Violation of 42 U.S.C.§ 1981 by all Defendants

112.    Yaodi Hu repeat paragraph 10-86

113.    Yaodi Hu was incarcerated in County jail several years ago by a Judge of Circuit Court of Cook County.   There was supposed to be trial of contempt of court. No witness was presented, no documents were presented and Hu was sent to jail for several months.   All that attorney had to do was to tell the Court that Hu is Chinese and non U.S. citizen.   Attorney James Kotz was able to file motion securing Hu's freedom.

114.     There is a pattern of practice by the Circuit Court of Cook County discriminating against minority pro se litigants.   The judges would simply ignore the fact and law making arbitrary rulings.

115.     Allen Meyer as state actor, Walinski & Trunkett, Brian Lewis, John Buscher, Robert Walinski all intentionally discriminated against Hu because of his race.   As is summarized in Hu's statement of fact, they all intentionally deprive Hu's Constitutional due process right under the Fourteenth amendment.

116.     In Allen Meyer's case, he intentionally deprived Hu's due process right by making a surprise oral motion striking Hu's jury demand without notice and opportunity to be heard.

117.     In Walinski & Trunkett's case, they intentionally misrepresented to the Court that there was no discovery ever conducted and intentionally denied Hu's opportunity of filing a motion for summary judgment.

118.     Knowing that they did not have a case against Hu, (not one shred of evidence showing that the first 5 postal money order deposited by were counterfeit) Park National, Walinski & Trunkett nonetheless pursued vigorously against Hu in the Circuit Court of Cook County.   That is intentional discrimination.

## Prayer of Relief:

119.     Yaodi Hu pray this Court to declare that 735 ILCS 5/9-108 is unconstitutional on its face violating equal protection clause of Fourteenth Amendment.

120.     Hu pray this Court to enter permanent injunctive relief against the enforcement of 735 ILCS 5/9-108.

121.     Hu pray for appropriate equitable relief against Honorable Timothy Evans rectifying the pervasive judicial discrimination against minorities.

122.     Hu pray for compensatory and punitive damages against Park National Bank, Allen Meyer, Walinski & Trunket, Robert Walinski, John Buscher and Brian Lewis.

123.     Hu pray for any other appropriate relief available under the laws of United
States and State of Illinois against all defendants.


219 w. Cermak Chicago IL 60616   (773) 216 3173    yaodi_hu@sbcglobal.net

April 8, 2008

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2007 | **DATE** | 4/18/2008 |
| **CASE TITLE** | Hu vs. Evans | | |

**DOCKET ENTRY TEXT**

The Court dismisses Mr. Hu's Complaint for failing to state claims upon which relief can be granted and dismisses Defendant judges based on judicial immunity. See 28 U.S.C. § 1915(e)(2)(B). Civil case terminated.

■[ For further details see text below.]                                              Notices mailed by Judicial staff.

---

## STATEMENT

    Plaintiff Yaodi Hu filed the present pro se Complaint alleging: (1) violations of his due process rights under the Fourteenth Amendment and Illinois Constitution; (2) violations of his Seventh Amendment right to a jury trial; and (3) race discrimination in violation of 42 U.S.C. § 1981 against state court judges in their official capacity, as well as individuals, a bank, and a law firm. Mr. Hu also challenges the constitutionality of Illinois statute, 735 ILCS 5/9-108. Because the Court has the power to screen complaints filed by all litigants prior to service – regardless of their fee status – the Court dismisses Mr. Hu's Complaint for failing to state claims upon which relief can be granted and dismisses Defendant judges based on judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B); *Jones v. Bock,* 127 S.Ct. 910, 920 (2007); *see also Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1959 (2007) (plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level.").

### BACKGROUND

    In his Complaint, Mr. Hu seeks relief concerning certain state court proceedings, including a forcible entry and detainer action (07 M1 715191), and a collection action (07 M1 151899). From his allegations, it appears that the Cook County Circuit Court judge presiding over the forcible entry and detainer action in which Mr. Hu was the defendant concluded that when Mr. Hu filed his jury demand, he waived his objection to the Court's personal jurisdiction. According to Mr. Hu, this contradicts 735 ILCS 5/2-301 and Illinois case law. *See KSAC Corp. v. Recycle Free, Inc.,* 364 Ill.App.3d 593, 594,, 301 Ill.Dec. 418, 846 N.E.2d 1021 (Ill. 2006). Mr. Hu explains – in detail – the Cook County proceeding and the judge's alleged errors. Mr. Hu also alleges that he has filed an appeal of the state court's possession order.

    In the Cook County collection action in which Mr. Hu was the defendant, it appears that the plaintiff, Park National Bank, alleged that postal money orders tendered by Mr. Hu were counterfeit. In his

---

## STATEMENT

Complaint, Mr. Hu alleges that he has another action in the Northern District of Illinois against Park National Bank based on the Right to Financial Privacy Act, 12 U.S.C. § 3401, *et seq.* (Case No. 07 C 0844). Mr. Hu explains that the present case is different from his other federal lawsuit because this case focuses on the Cook County collection case. In the present Complaint, Mr. Hu alleges that the law firm of Walinksi and Trunkett, who represented Park National Bank, and Circuit Court Judge Pamela Hill Veal, prevented him from presenting testimony in the collection action by interrupting Mr. Hu and that Judge Veal stated that Mr. Hu was disruptive.

## ANALYSIS

### I.    Judicial Immunity

First, Mr. Hu brings claims against Circuit Court of Cook County judges in their official capacities, namely, Judge Timothy Evans, Judge Pamela Hill Veal, and Judge Sheryl Pethers. Because these judicial officers are protected by judicial immunity, the Court dismisses them as Defendants from this lawsuit under 28 U.S.C. § 1915(e)(2)(B)(iii). *See Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) (judicial immunity serves the public interest in judges who are "at liberty to exercise their functions with independence and without fear of consequences" (internal quotation marks omitted)).

### II.    Rooker-Feldman Doctrine

Next, although Mr. Hu maintains that he is not seeking the Court's review of the outcome of his forcible entry and detainer action and the collection action, many of his allegations challenge the state courts' decisions.

The *Rooker-Feldman* doctrine bars federal lawsuits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commence and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005). District courts are not allowed to hear these cases because, "no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Brokaw v. Weaver,* 305 F.3d 660, 664 (7th Cir. 2002) (citation and quotation marks omitted). In other words, the Court is "not authorized to afford relief 'where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court.'" *Sides v. City of Champaign,* 496 F.3d 820, 824 (7th Cir. 2007) (quoting *Lance v. Dennis,* 546 U.S. 459, 465, 126 S.Ct. 1198, 1202, 163 L.Ed.2d 1059 (2006)). Accordingly, Mr. Hu's claims challenging the state court judgments are dismissed under the *Rooker-Feldman* doctrine, as discussed in detail below.

### III.    Due Process Violations

#### A.    Count I – Against Attorney Allen Meyer

In Count I of his Complaint, Mr. Hu alleges that his opponent's attorney in the forcible entry and detainer action, Allen Meyer, deprived him of his due process rights under the Fourteenth Amendment. Specifically, Mr. Hu alleges that Meyer deprived him of his rights when he moved to strike Mr. Hu's jury demand.

Section 1983 allows the enforcement of federal law, such as a Fourteenth Amendment due process

# STATEMENT

claim, against "state actors." *See Betrand v. Maram,* 495 F.3d 452, 456 (7th Cir. 2007). Allen Meyer was a private attorney for a civil litigant in state court, and thus is not a "state actor" for Section 1983 purposes. *See Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008). In addition, Mr. Hu makes no allegations that Meyer conspired with any state actors to violate Mr. Hu's due process rights under the Fourteenth Amendment. *See id.; Loubser v. Thacker,* 440 F.3d 439, 445 (7th Cir. 2006); *see also Fries v. Helsper,* 146 F.3d 452, 458 (7th Cir. 1998) ("being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.") (citation omitted). Construing Mr. Hu's pro se allegations liberally, *see Benders v. Bellows & Bellows,* 515 F.3d 757, 767 (7th Cir. 2008), the Court dismisses Count I of Mr. Hu's Complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    Count III – Against Walinski & Trunkett and Allen Meyer

In Count III of the Complaint, Mr. Hu alleges that the law firm of Walinksi & Trunkett, which represented Park National Bank in the collection action in state court, as well as attorney Allen Meyer violated his procedural due process rights under the Illinois Constitution. Specifically, Mr. Hu alleges that he was not provided any notice that attorney Allen Meyer would orally move to strike his jury demand. Mr. Hu further alleges that because the law firm of Walinski and Trunkett allegedly made misrepresentations to the Circuit Court judge, he was denied the opportunity to file a motion for summary judgment in the collection action.

"Procedural due process claims concern the constitutionality of the specific procedures employed to deny a person's life, liberty or property." *Segers v. Industrial Com'n,* 191 Ill.2d 421, 434, 247 Ill.Dec. 433, 732 N.E.2d 488 (Ill. 2000). In considering procedural due process claims, Illinois courts first ask whether the State has interfered with an existing liberty or property interest. *Id.* In other words, a state actor must interfere with a plaintiff's interests for a due process claim to be actionable. *See Big Sky Excavating, Inc. v. Illinois Bell Tel. Co.,* 217 Ill.2d 221, 241, 298 Ill.Dec. 739, 840 N.E.2d 1174 (Ill. 2005) ("In undertaking any due process analysis, one must first ascertain that a protected interest has been interfered with by the state."). Here, Mr. Hu alleges that private actors – and not the state – interfered with his due process rights. Thus, his due process claims based on the Illinois Constitution fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court thereby dismisses Count III from this lawsuit.

### C.    Count IV – Against Park National Bank and Walinski & Trunkett

Mr. Hu also alleges that Park National Bank and its law firm Walinski & Trunkett violated his due process rights under the Fourteenth Amendment to the Constitution. As discussed above, to sufficiently allege a claim under Section 1983, these Defendants must be state actors. *See Batagiannis v. West Lafayette Cmty. Sch. Corp.,* 454 F.3d 738, 742 (7th Cir. 2006) ("statute provides relief for state actors' violations of the Constitution and laws of the United States").

Here, the bank and law firm are private entities and Mr. Hu alleges no state involvement that would trigger any constitutional protections. *See Burrell v. City of Mattoon,* 378 F.3d 642, 650 (7th Cir. 2004). Again, "being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *See Fries,* 146 F.3d at 458 (citation omitted). Accordingly, Mr. Hu has failed to state a claim upon which relief can be granted and the Court dismisses Count IV from this lawsuit. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.    Seventh Amendment Violation – Count II

# STATEMENT

In Count II of his pro se Complaint, Mr. Hu alleges that Judge Pether violated his Seventh Amendment right to a jury trial. Mr. Hu also alleges that private attorney Allen Meyer was a state actor and violated his Seventh Amendment right, presumably because Meyer moved to strike Mr. Hu's demand for a jury trial in the state court forcible entry and detainer action.

Although Mr. Hu alleges that he was denied his Seventh Amendment right to a jury trial, he is asking the Court to review the state court's determination striking Mr. Hu's jury demand for lack of in rem jurisdiction and personal jurisdiction. Under the *Rooker-Feldman* doctrine, the Court cannot review the state court's determination regarding Mr. Hu's jury demand. Put differently, his claim that the trial court erred in denying his demand for a jury trial in the forcible entry and detainer action is not distinct from his Seventh Amendment claim. *See Crestview Village Apartments v. U.S. Dep't of Housing & Urban Dev.*, 383 F.3d 552, 556 (7th Cir. 2004) ("the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment"). The Court therefore dismisses Count IV for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## V.  Constitutional Challenge to 735 ILCS 5/9-108 – Count V

Next, Mr. Hu challenges the constitutionality of 735 ILCS 5/9-108 on its face for violating the equal protection clause of the Fourteenth Amendment. Section 5/9-108 states in its entirety: "In any case relating to premises used for residence purposes, either party may demand trial by jury, notwithstanding any waiver of jury trial contained in any lease or contract."

Although Mr. Hu frames this claim as a constitutional challenge to the statute, the relief he seeks is to enjoin the enforcement of the possession order that Judge Pethers entered. As such, Mr. Hu is asking the Court to review and reverse the decision of the state court in his forcible entry and detainer action, which the Court is barred from doing under the *Rooker-Feldman* doctrine. *See Sides*, 496 F.3d at 824 (court is "not authorized to afford relief 'where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court.'"); *see also Crestview Village Apartments*, 383 F.3d at 556. The Court thus dismisses Count V for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## VI.  Section 1981 Claim – Count VI

Last, Mr. Hu brings a claim against all Defendants based on 42 U.S.C. § 1981. Section 1981 prohibits unlawful discrimination on the grounds of race and in the context of the making and enforcing contracts. *See Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 392-93 (7th Cir. 2007); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006) (litigants usually invoke Section 1981 to assert their rights while making and enforcing employment contracts). Section 1981(a) specifically states:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). The term "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and

## STATEMENT

conditions of the ***contractual relationship***." 42 U.S.C. § 1981(b) (emphasis added); *see also Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 475-76, 126 S.Ct. 1246, 163 L.Ed.2d 1069 (2006). "Any claim brought under § 1981 [] must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights." *Id.* at 476. In other words, "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Id.*

Here, Mr. Hu alleges that several years ago he was incarcerated in Cook County Jail and that the Circuit Court of Cook County discriminates against minority pro se litigants. Mr. Hu further alleges that the Cook County judges make arbitrary rulings. Moreover, Mr. Hu states that the individual lawyers Lewis, Buscher, and Walinski discriminated against him based on his race. Mr. Hu also alleges that the bank's law firm made misrepresentations to the Circuit Court of Cook County, presumably in the underlying state court collection proceeding.

Missing from Mr. Hu's allegations, however, is whether he had contractual relationships with any of these Defendants. By failing to identify any contractual relationships, he has not sufficiently alleged a claim of race discrimination under Section 1981. *See Domino's Pizza,* 546 U.S. at 479-80 ("plaintiff cannot state a claim under § 1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes 'to make and enforce.'"). Therefore, Court dismisses Count VI for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In short, without any allegations of contractual relationships with Defendants, Mr. Hu's Complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

YAODI HU                    )

                            )   08 CV 2007

                            )

         v.                )   Judge Amy Eve

                            )

City of Chicago

**FILED**

**MAY 20, 2008**

MICHAEL W. DOBBINS

CLERK, U.S. DISTRICT COURT

# Plaintiff Hu's Motion to Enlarge Time under Rule 6

1       Hu was unable file Motion for Reconsideration within 30 days.

2       This Court entered its decision on April 18, 2008 dismissing Hu's complaint.

3       Hu is an e-filer.   On the other hand, this case of 08 CV 2007 was not available for Hu to file on line.   Hu contacted the Clerk and the issue is still unresolved.

4       Hu would like to amend his complaint under Rule 15 or file Motion for Reconsideration under Rule 60.    May 18, 2008 is Sunday.   Today is Monday, May 19, 2008.  Therefore when Hu is asking for the enlargement of time to file his Motion for reconsideration, it is within 30 days.

5        Under FRCP 15 (a), plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served.  see ***Rogers v. Girard Trust Co***. 159 F.2d 239, (6 Cir. 1947).

6       Hu respectfully request additional 30 days to file his Motion for reconsideration or amend his complaint under Rule 15.

7       Once this case is available for e-filing, Hu will file his Notice of Motion.

Respectfully submitted,

Yaodi  Hu      219 w. Cermak Chicago IL 60616      (312) 808 8899

(773) 216 3173                signature:   yaodi hu

e-mail:   yaodi_hu@sbcglobal.net

Signature     Yaodi Hu

1

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.1.3**
**Eastern Division**

Yaodi Hu

                    Plaintiff,

v.                                              Case No.: 1:08–cv–02007
                                                Honorable Amy J. St. Eve

Timothy C Evans, et al.

                    Defendant.

---

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, May 27, 2008:

      MINUTE entry before the Honorable Amy J. St. Eve:The Court grants Plaintiff's motion for an extension of time to file his Amended Complaint [7], which is due on or before June 27, 2008.Mailed notice(tmh, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

*MHL*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

YAODI HU )
)
          Plaintiffs )
  vs )
)   case No.  08 CV 2007
Honorable Timothy C. Evans Chief Judge )
Of Circuit Court of Cook County Illinois )   Honorable Amy Eve
Honorable Pamela Hill Veal, Judge )
Honorable  Sheryl Pethers , Judge )   jury demand
All in their  Official capacity )
)
Walinski & Trunkett, PC. )
Brian Lewis, John Buscher, )
Robert Walinski, Park National Bank ) **FILED**
Allen Meyer, )

*First Amended* **Complaint**

JUN 2 7 2008 **TC**
*6-27-2008*
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

### Parties:

1. Yaodi Hu is a resident in State of Illinois, involved in several litigation in the Circuit Court of Cook county.

2. Timothy C. Evans is the Chief Judge of Circuit Court of Cook County Illinois.

3. Honorable Pamela Hill Veal and Honorable Sheryl Pethers are both Judges working for Circuit Court of Cook County.

4. Walinski & Trunkett PC is a law firm located in Chicago Illinois at  25 East Washington Street,  suite 1221.

5. Robert walinski,  Brian Lewis and John Buscher are all attorneys working for Walinski & Trunkett PC.

6. Allen Meyer is an attorney in Chicago representing Peter Huey in the forcible entry detainer action. ( 07 M1 715191).

7. Park National Bank is publicly trade company engaged in banking business in

1

Chicago Illinois.

# Jurisdiction

8.  This Court has jurisdiction over this matter pursuant to

    a.  The Civil Rights Act of 1871,  42 U.S.C.§ 1983

    b.  15 U.S.C. § 1692 k  of Fair Debt Collection Practices Act

    c.  28 U.S.C. § 1331  Federal Question

    d.  28 U.S.C. §  1343 Civil rights and elective franchise

    e.  28 U.S.C. § 1367  Supplemental Jurisdiction

    f.  Federal Declaratory Judgment Act  28 U.S.C. § 2201 and § 2202

# Venue

9.  Venue is proper is this District pursuant to 28 U.S.C. §1391(b)(2), in that a substantial part of the events giving rise to the claim arose in this district

# Statement of Fact  --- 07 m1 715191

10. Yaodi Hu was defendant to a forcible detainer action filed by Peter Huey. (07 M1 715191.)  Honorable Judge Pethers was the presiding judge of the case.

11. Plaintiff Hu is not asking the Federal Court to review the final result of the litigation. In fact that 07 M1 715191 is under appeal.

12. In the appellate court of Circuit Court of Cook County,  Allen Meyer misrepresented to the Appellate Court that Hu did not pay his rent, when in fact, he instructed his client not to accept Hu's rent repeatedly and his client followed Allen Meyer's instruction.

13. Counsel Allen Meyer admitted in open court that he went to Sheryl Pethers' chamber several times during the time of litigation. These multiple and unusual visit by counsel Allen Meyer is part of the conspiracy between Allen Meyer and Judge Peters in depriving Hu's constitutional right of due process right to a fair trial.

14. On October 18, 2007, upon oral motion, Judge struck Hu's jury demand without hearing, without any proffered evidence from the moving party.   There was no notice

2

of that motion. On that same day, Judge just vacated a prior order striking Hu's jury demand for lack of in rem jurisdiction and personal jurisdiction. It is deprivation Hu's due process right under the Fourteenth Amendment.

15. Judge expressed her surprise that the case was still pending in front of her without possession order to plaintiff. July 9, 2007, Judge Pethers ruled that there was no personal jurisdiction over defendant Hu.

16. Allen Meyer made an oral motion to strike Hu's jury demand in open court on October 18, 2007 without giving any notice to Court and to Hu.

17. The Court eventually decided to vacate the July 25, 2007 order first and then enter another order striking Hu's jury demand right away. There was no introduction of evidence such as Lease, no hearing. Essentially, the old order of striking Hu's jury demand was left standing. Judge Pethers vacated the prior one which was entered without jurisdiction, and immediately entered another order striking Hu's jury demand.

18. Judge Pethers decided to strike Hu's jury demand so she could retain the jurisdiction and Huey would get an expeditious order of possession.

19. Judge Pethers intentionally discriminated against Hu because of his race. Judge was rendering a decision to favor plaintiff's white attorney Allen Meyer.

20. "Prior cases establish, first, that due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." *Boddie v. Connecticut*, 401 U.S. 371, 377 (1969). *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950); See also *Logan v. Zimmerman Brush Company*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982).

21. Judge Pethers struck Hu's jury demand on Oct. 18, 2007, based upon her assertion that Hu waived the jury trial in the subject lease. The issue is Plaintiff Huey had not introduced the Lease in the court yet and there was no hearing as to whether there was oral modification to the lease. At the trial, Plaintiff Huey asserted that he contact Justine Zhou regarding the lease, and Huey further admitted that he never contacted Hu regarding the Lease, therefore, without a hearing and Justine Zhou's testimony,

3

the Court is without factual basis to conclude that there was no oral modification to
the Lease.

22. ***Wilson v. Moore***, 301 N.E. 2d 39, 40 13 Ill.App.3d 632 (Ill.App.1 Dist., 1973)
"although notice of motion may be waived by an adverse party, an order entered on a
motion without notice is void." See also ***Moore v. One Stop Medical Center***, 578
N.E. 2d 1231, 218 Ill.App.3d 1011 (Ill.App. 1 Dist.1991). "We agree 'Parties to an
action who have properly appeared are entitled to notice of any motions and
hearings.' (City of Chicago v. American National Bank & Trust Co. 91988), 171
Ill.App.3d 680, 688, 121 Ill.Dec. 608, 525 N.E.2d 915) "

23. Judge Pethers' striking of Hu's jury demand demonstrated her reckless disregard of
Hu's due process right.

24. In the open Court, Hu stated that striking his jury demand, without notice and
opportunity to be heard is violation of Fourteenth Amendment Due Process Clause,
especially just after the Court vacated its order of July 25, 2007 striking his jury
demand. Hu further stated that the striking of his jury demand violated his
constitutional right under Seventh Amendment of United State Constitution and
Illinois Constitution.

25. In Honorable Judge Pethers' court room, there used to be a female sheriff.  On the
day of Hu's trial, December 13, 2007, a male sheriff was arranged to be present

26. December 13, 2007,  starting about 3:00 pm at room 1302 of Daley Center, Chicago
Illinois, Defendant Yaodi Hu participated in a trial in the instant case. Huey's
counsel originally stated in the open Court November 21, 2007 that he was going to
engage a reporter for the trial. On December 13, 2007, when the trial began, there
was no reporter engaged by Huey. Relying upon Huey's statement, Hu did not
engage his own reporter. Defendant Jun Zhou did not appear. Judge Sheryl A.
Pethers presided over the bench trial. Trial ended around 5:00 pm.

27.  Judge told defendant Hu could not participate in the proceeding unless Hu submit
himself to the jurisdiction of the Court. Hu insisted that he could participate in the
trial without subjecting himself to the jurisdiction of the Court citing the 735 ILCS
5/2-301 motion he filed. The Court stated that if Hu does not want to subject himself
to the Court's jurisdiction, then he can not participate in the trial. A gun carrying

4

sheriff then was approaching Hu ready to physically remove Hu from in front of bench.

28. Hu renewed his challenge to the Court's position that either Hu signed the document, claiming that he voluntarily submit himself to the Court's jurisdiction, or he be barred from participating in the trial. Hu asserted that since 2000 when 735 ILCS 5/2-301 was revised, there is no case law indicating voluntary participation by Hu in the in rem trial would waive his objection to personal jurisdiction manifested by his filed 5/2-301 motion. The Court again order the sheriff approaching Hu ready to physically removing Hu from where he stand further back and preventing him from speaking out.

29. Under this imminent threat of physical restraint and removal, Hu decided to sign the Court order indicating that he "voluntarily" submitted to Court's jurisdiction. The Court enters three orders in the beginning of the trial. The Court denied Citywide Mortgage Lending Corp's motion for reconsideration to join in as defendant.

30. Also, the Court maintained that it is not a small claim court and Hu can't represent corporation. The Court did not receive Hu's Motion under Supreme Court Rule 219 which was filed on December 11, 2007. The Court did not read the Motion, did not have a copy of the Motion, did not allow Hu present his Motion, and the Court denied the Motion based upon the conclusion that the Court did not allow any discovery in this case. The third order the Court entered is that Hu voluntarily submitted himself to the Court's jurisdiction. Huey's counsel admitted that he received Hu's Motion under Supreme Court rule 219 (c) and his second set of interrogatories.

31. A few days before December 13, 2007 trial Honorable Pethers denied Hu's motion to intervene on behalf of Citywide Mortgage Lending Corp. The motion was denied by Judge Pethers. Hu could have argued that the denial of that motion is reversible error and Hu was attending the trial on behalf of the Corporation. Besides, because the statute was revised in 2000 and it was not quite settled if Hu could still preserve his objection to personal jurisdiction by participating in the trial.

32. In any event, personal jurisdiction is a mixed question of fact and law and Judge Pethers was free to make a judicial ruling over Hu's filed objection.

5

33. In order to resolve the possible legal challenge to her ruling, Judge Pethers resort to coercion. Judge ordered at least twice the sheriff to removing Hu from in front of the bench unless Hu sign the document "voluntarily" submitting himself to the jurisdiction of the Court.

34. The sheriff was carrying a gun. He almost had body contact with Yaodi Hu. Sheriff stood very close to almost contacting Hu's body for several minutes until well after Hu sign that document. Ultimately, Judge Pethers ordered the sheriff to step back away from Yaodi Hu.

35. During December 13, 2007 trial, Hu made several oral motions. First Motion is motion to dismiss for failure of Huey to serve the proper notice under 735 ILCS 5/9-211. Hu insisted that because Huey's action and the Court's jurisdiction was based upon the notice sent out on May 31, 2007, and once Huey chose to send out notice, Huey was obligated to comply with 735 ILCS 5/2-211 regardless the waiver of notice provision in the Lease. Since Huey admitted that the notice was sent out through regular mail, the Court should dismiss the action for failure to comply with 735 ILCS 5/9-211. Hu further indicated that according to Lease, the notice is supposed to be sent out by certified mail and Huey failed to comply with the Lease, which he alleged is binding upon Hu. This Court denied Hu's motion relying upon the waiver provision in Lease.

36. Second Motion made by Hu was that assuming May 31, 2007 notice was valid, the proper amount of that notice was only $1,000 after striking out the inappropriate amount of June 2007 rent, which was not due until June 1, 2007 under the Lease, and striking out bill of plumbing and electric repair. Because plaintiff admitted that he got paid $1,200 on June 2, 2007, then the demand notice of May 31, 2007 was satisfied. Because the action filed by Plaintiff was based upon that demand notice, the action ought to dismiss for lack of proper purported notice. Plaintiff did not base its complaint upon the Lease and its waiver provision. The Court is without valid jurisdictional notice for this forcible entry detainer action. This Court again denied Hu's motion relying upon the waiver provision in the Lease.

37. The third Motion made by Hu was a directed verdict after plaintiff rest his case based upon Huey's waiver. Hu insisted that Huey waived his right to extra rent, by

accepting $1,200 monthly rent without objection or protest from August 2006 to January 2007. And Huey never raise the issue directly with Hu and Zhou. Hu testified that Huey and his attorney never contacted Hu or Zhou personally for that extra rent. The Court denied Hu's motion, ruling that Huey was entitled to extra monthly rent.

38. The fourth Motion Hu made was motion for summary judgment based upon the fact that acceptance of $1,200 rent during the last 1 ½ years, demonstrate that by Huey's own consistent conduct, Huey agreed to $1,200 monthly payment from defendant. Hu insisted that since none of the defendant signed the option to renew the Lease, Hu was not obligated to that $100 monthly rent increase in the option. Hu also renewed the objection he raised in previous three motions as basis for his summary judgment motion. The Court again denied motion.

39. Hu's fifth a motion was a motion under Rule 305 requesting stay of the enforcement of possession order. The Court denied the motion by not ruling upon it. On the other hand, the Court indicated that if Hu paid Huey's requested nearly $6,000 in attorney's fee and cost and the $1,800 purported monthly $100 rent increase for the past 18 month, then the Court would grant the Motion to stay. Hu considered this as denial of his motion.

40. The Court asks Huey's counsel present a motion for his attorney fees. The Court instructed that motion should include information regarding his credential, practice experience upon which his rate was based and other information to support his fee motion.

41. The Court stated that it could not wait to see Hu's appeal and expressed its feeling that it would not want to be on the case because of its ruling.    The Court entered order of possession.

42. The Court asks Huey's counsel present a motion for his attorney fees. The Court instructed that motion should include information regarding his credential, practice experience upon which his rate was based and other information to support his fee motion.

43. Toward the end of the trial, the Court told Hu not to talk any more, because the Court did not want to listen any more. The Court stated that Hu committed contempt of

7

Court by filing a motion on behalf of Citywide Mortgage Lending Corp., which was expressed prohibited by its order on November 21, 2007. The Court further stated that it never allowed discovery and it expressly prohibited discovery in its November 21 2007 order. Hu responded that even Huey's counsel made a mistake regarding Supreme Court Rule 237 and that Hu is not expert and could misunderstood the law and the Court order and Hu has no intention to commit contempt of Court which need an element of intent. Hu maintained that Court's order on November 21, 2007, ordering parties exchange documents to be used at trial is a discovery order, allowing the party to complete discovery before December 6, 2007.

44. Judge Pethers also rendered several decisions not in favor of Hu just to show she had the power and she is smarter and know more about the law.

45. December 21, 2007, at room 1302 of Daley Center Plaintiff Peter Huey appeared with his counsel Allen Meyer. Defendant Hu also appeared. Judge Sheryl Pethers presided over the proceeding. It was scheduled to hear the plaintiff's motion for attorney's fees.

46. The hearing started about 2:08 pm. Defendant Yaodi Hu handed over the just filed Motion for Substitution to Judge Sheryl Pether. Plaintiff Huey was given a copy of the motion earlier in the morning through fax. Hu also just filed his first "bystander's report" under SCR 323 (c). The bystander's report was incorporated into Hu's Motion for Substitution as his affidavit.

47. Once the Judge received the Motion for Substitution, she was reading it and she got quite upset, stating that "she is not only personally offended, but also professionally offended," that "it is defamation and I am public figure and I can not sue you for that", that "you are accusing me a big idiot," that "today is Friday, why do we have all this". There are some other similar remarks Hu can't exhaust. Her voice was quite high and she displayed her high emotion throughout the proceeding. Defendant Hu offered his apology several time and one time sincere apology without being able to calm her down.

48. The Court stated that Hu's Affidavit is not affidavit, just because Hu called it Affidavit. The Court did not give any specific reason why Hu's affidavit is not affidavit. Hu offered to cure any technical deficiency in the affidavit right away, if

8

there is such deficiency. (Hu's signature was not notarized, which could be cured immediately by signing again in the open court). The Court did not respond to it.

49. On the Counter of the bench, there lied several volumes of West's Smith- Hurd's Illinois Compiled Statutes annotated. The volume containing 735 ILCS 5/2-1001 was missing and the Court ordered the staff to bring that volume.

50. Once the staff brought that book, The Court was reading the book for several minutes, and could not find any case authority to be relied upon to strike defendant Hu's Motion for Substitution. The Court was aware of the law that another judge is supposed to rule on the motion first. The Court first mentioned that there was no notice of hearing filed. Then, the Court said that "I am going to gamble on it." Then the Court proceeded to issue several orders including the one granting Huey's motion for attorney's fee. Defendant Hu stated to the Court that an order entered after the Motion for Substitution is filed is void. Defendant Hu's request for leave filing response to Huey's motion for attorney's fee was also denied. Hu requested that his oral motion and its denial to be reflected in the Court's order, the Court initially granted Hu's request, then changed its decision, stating that Hu can put it in the "bystander's report".

51. At the end of hearing, Judge Pethers lectured defendant Hu how Hu has no right to possession because he did not want to pay that extra $100 monthly increase and how there is no lease, plaintiff could just evict Hu with 30 day's notice.

52. Judge Pethers stated that she would consider a motion to stay the order possession, now that she would deny it, without stating that it is because of the Motion of Substitution filed by defendant Hu.

53. In effect, Judge Pethers was rendering her decision not based upon fact and law. Rather, she intentionally ignored the fact and law rendering her decision in favor of a white attorney to prevail against an Asian pro se litigant.

54. Defendant Hu is entitle to a fair tribunal under due process clause of Fourteenth Amendment of U.S. Constitution. "A right to a fair trial is a right admittedly protected by the due process clause of the Fourteenth Amendment." *Adamson v. People of State of California*, 332 U.S. 46, 53 (1947). See also *Moore v. Dempsey*, 261 U.S. 86, 91, 43 S.Ct.265, 266, 67 L.Ed. 543; *Chambers v. Florida*, 309 U.S. 227,

9

238, 60 S. Ct. 472, 477, 84 L.Ed. 716; ***Buchalter v. New York***, 319 U.S. 427, 63 S.Ct. 1129, 87 L.Ed. 1492. "A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness." ***Murchison*** 349 U.S. 133 (1955).

55. 735 ILCS 5/2-1001 (a) (3)(i) provides statutory procedural protection to litigants who allege that the tribunal is not fair. December 21, 2007, Judge again displayed her reckless disregard of procedural law. She stated that she was going to "gamble" on it. She relied upon her quick reading of annotation of the law, instead of reading of the case law. When she could not find any case law supporting her decision, she would neither seek any input from any party, including plaintiff Huey, nor from defendant Hu. She would enter orders closing the case in reckless disregard of what the law is. Judge Pethers is absolute immune and she is gambling that she can escape from her persistent and conscious reckless disregard of law. See attached affidavit.

56. December 21, 2007, Judge Pethers struck defendant Hu's Motion for Substitution, claiming that the affidavit offered by Hu was not affidavit, just because Hu titled it as affidavit. Judge Pether was probably referring to the fact that Hu's affidavit was not notarized.

57. In ***Robidoux v. Oliphant*** 775 N.E.2d 987, 201 Ill.2d 324, 266 Ill.Dec. 915 (Ill., 2002), the Supreme Court of Illinois hold that "Lack of notarization did not render this affidavit insufficient;" citing ***Northrop v. Lopatka***, 242 Ill.App.3d 1, 182 Ill.Dec.937, 610 N.E.2d 806 (1993) ("We nevertheless conclude that the affidavit here was minimally sufficient, as the deponent's name appears as one having taken an oath." ***Northrop***, 242 Ill.App.3d at 7.

58. By striking Hu's Motion for Substitution, the Judge Pethers usurped jurisdiction. Judge Pethers entered the final order without jurisdiction. see ***Morris v. Martin-Trigona*** 89 Ill.App.3d 85, 44 Ill.Dec. 408, 411 N.E.2d 530 (4th Dist., 1980). ***Little v. Newell***, 302 N.E.2d 739,742, 14 Ill.App.3d 564, (3rd Dist., 1973)

59. Honorable Judge Pethers "gambled" that she still has the jurisdiction to enter the orders in favor of Huey in reckless disregard of procedural law. See attached affidavit.

60. Honorable Judge Pethers also stated that she would not certify Hu's bystander's report so Hu would not be able to appeal effectively.

61. In the course of litigation, as pro se litigant Hu need to communicate with Attorney Allen Meyer. Attorney Allen Meyer refused to talk to Hu many times.

## Statement of Fact --- 05 ml 151899

62. After Hu was served with Summon, Hu had several conversations with the collection attorneys.

63. Hu raised the issue that Park National Bank did not have any evidence proving that those Post Money Orders were counterfeit. The response from the attorney was that it did not matter. They are going to collect that debt regardless of the validity of the debt.

64. Walinski & Trunkett PC is representing Park National Bank trying to collect about $3,500 from Hu in the underlying case of 05 ml 151899.

65. After discovery, Hu's position was vindicated. Park National Bank could not provide any witness list, any documentation supporting its allegation that the Postal Money Order tendered by Hu was counterfeit.

66. Nevertheless, Walinski & Trunkett and its attorneys failed to dismiss its suit against Hu voluntarily.

67. Instead, on December 20, 2007, it misrepresented to the Court that there was no discovery in the case of 05 ml 151899. The Court denied Hu's motion for leave to file for summary judgment. Trial date was set on March 12, 2008.

68. On March 12, 2008, Park National Bank through its attorney, Walinski and Trunkett appeared in Circuit Court of Cook County in Daily Center. It failed to present any witness, any documents to support its claim that Hu's deposited postal money was counterfeit. Rather, it asserted that Hu admitted that those deposited Money order was counterfeit.

69. Hu has another case pending in this Court related to the different aspect of this incident. (07 CV 0844, Hu v. Park National Bank focusing upon the reversal of the credit by Park National Bank.) This case would focus upon Park National Bank and it's attorney's pursuit of Hu in the Circuit Court of Cook County.

11

70. Defendant Walinski & Trunkett together with Honorable Pamela Veal Hill effectively prevented Hu from presenting his testimony. Honorable Pamela Veal Hill repeatedly interrupted Hu from speaking on any thing, then in her ruling, she stated that Hu was disruptive.

71. Honorable rendered a judgment in favor of Park National Bank, based upon Walinski & Trunkett's misrepresentation that Hu admitted that he deposited five thousand counterfeit Postal Money Orders into his Park National Bank's account.

72. Hu was denied due process right under the Fourteenth Amendment by this judgment and misrepresentation by Walinski & Trunkett.

## Count I  Violating Hu's Due Process Right  by Allen Meyer

73. Yaodi Hu repeat paragraphs 10-77.

74. In *Loubser v. Thacker*, 440, 442 F.3d 439 (7th Cir., 2006), the Seventh Circuit held that Rooker-Feldman doctrine does not bar a civil right suit where defendants "so far succeeded in corrupting the state judicial process as to obtain a favorable judgment" *Nesses. v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995). Under *Loubser v. Thacker*, lawyers conspiring to deprive plaintiff's civil right in that case can be state actors.

75. Conspiracy between Allen Meyer and Judge Pethers so far succeeded in corrupting the state judicial process as to obtain a favorable judgment.

76. October 18, 2007, Allen Meyer conspired with Judge Pethers and deprived Hu's due process right of Notice under 14th Amendment when Allen Meyer's oral motion of striking Hu's Jury demand was granted.

77. Allen Meyer also conspired with Judge Pethers so Judge Pether would ignore all the relevant facts and law in rendering a favorable decision to Allen Meyer's client. Allen Meyer visited Judge Pethers' chamber inappropriately several times during the litigation.

78. In *In re Application of County Collector*, 838 N.E.2d 907, 217 Ill.2d 1 (IL. 2005), the Supreme Court of Illinois, in applying *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 486 (1988), concluded in note 7 that invocation of state judicial proceeding is state action. Under that case law, Allen Meyer is state actor.

12

79. "Rather, we have stated that due process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to represent their objections.' *Mullane*, 339 U.S.., at 314." *Jones v. Flowers* , no. 04-1477 (S.Ct. 4/26/2006)(S.Ct.2006)

80. Both Allen Meyer and Honorable Pethers deprived Hu's due process right under the Fourteenth Amendment of U.S. Constitution.

# Count II  735 ILCS 5/9-108 Facially Violates Equal Protection

81. Yaodi Hu repeat paragraph 10-77.

82. In *District of Columbia Court of Appeals v. Feldman* 460 U.S. 462 (1983) the Supreme Court of United States clearly held "Challenges to the constitutionality of state bar rules, therefore, do not necessarily require a United States District Court to review a final state court judgment in a judicial proceeding. Instead, the District Court may simply be asked to assess the validity of a rule promulgated in a non-judicial proceeding. If this is the case, the district Court is not reviewing a state court judicial decision. In this regard, 28 U.S.C. § 1257 does not act as a bar to the District Court's consideration of the case and because the proceedings giving rise to the rule are non-judicial the policies prohibiting United States District Court review of final state court judgments are not implicated.  United States District Courts, therefore, have subject matter jurisdiction over general challenges to state bar rules." *Id* at 486.  Therefore, Rooker-Felderman doctrine is no bar to Hu's facial challenge to the constitutionality of an Illinois statute.

83. Hu hereby challenges the constitutionality of 735 ILCS 5/9-108 on its face for violating the equal protection clause of Fourteenth Amendment. Hu already sent notice according to Supreme Court Rule 19 to Attorney General's Office of State of Illinois. Hu prays for declaratory and injunctive relief.

84. 735 ILCS 5/9-108 did not abrogate common law right to jury trial. *Twin-City Inn. Inc. v. Hahne Enterprises, Inc.*, 225 N.E. 2d 630, 37 Ill.2d 133 (Ill., 1967).  On the other hand, 735 ILCS 5/9-108 made two classifications: one is residential lease, where right to jury trial is guaranteed by the statute notwithstanding any waiver of

13

jury trial. The other is for non-residence purposes and the statute does not guarantee the right to jury trial because of the waiver. Since right to jury trial is a fundamental right, the statute facially violated the equal protection clause of Fourteenth Amendment. The statute can not survive strict scrutiny where compelling governmental interests are furthered by narrowly tailored statutory scheme. *Schultz v. Lakewood Electric Corporation*, 841 N.E.2d 37 (1st, Dist. 2005). Under *In re Adoption of K.L.P.*,763 N.E. 2d 741, 198 Ill.2d 448 (Ill., 2002), 735 ILCS 5/9-108 violates Equal Protection Clause of Fourteenth Amendment. In *In re Adoption of K.L.P.*, the Supreme Court of Illinois found equal protection violation when appointment of counsel for indigent defendant is provided in Juvenile Court Act 705 ILCS 405/1-5 while Adoption Act 750 ILCS 50/1 does not have similar provision with same consequence of terminating parental right, which is a fundamental right.

85. "The right to trial by jury is a fundamental Constitutional right, preserved by the Seventh Amendment to the United States Constitution." See *Zirlin v. Village of Scarsdale*, 365 F.Supp. 2d 477 (S.D.N.Y. 2005). *Bouriez v. Carnegie Mellon University* 359 F.3d 292 (3rd Cir. 2004) (The right to a jury trial is a fundamental right that is expressly protected by the Seventh amendment to the United States Constitution.) *Molthan v. Temple University of Com. System of Higher Educ.*, 778 F.2d 955 (C.A.3 (Pa), 1985) (We are well aware that the right to a jury trial is a fundamental right, which is expressly protected by the Seventh amendment.) *Leasing Service Corp. v. Crane*, 804 F.2d 828 (C.A. 4 (N.C.), 1986) (The seventh amendment right is of course a fundamental one).

86. Illinois case authorities also conclude that right to jury trial is fundamental. *Ney v. Yellow Cab Co.*, 2 Ill.2d 74, 117 N.E.2d 74 (Ill.1954) (The right of trial by jury is recognized in the Magna Charta, our Declaration of Independence and both our State and Federal constitutions. It is a fundamental right in our democratic judicial system.) *Urbas v. Saintco, Inc.*, 636 N.E.2d 1214, 264 Ill.App.3d 111 (5 Dist., 1994). *Polkey v. Phillps*, 408 N.E.2d 348, 86 Ill.App.3d 677 (1st, Dist, 1980), *Czochara v. Howard Parlor Furniture Co.*, 254 N.E. 2d 546, 117 Ill.App.2d 253 (1st Dist., 1969), *Roth v. Nauman*, 234 N.E.2d 346, 90 Ill.App.2d 44 (1st Dist., 1967), *Felty v. General Tel.Co. of Illinois*, 362 N.E. 2d 43, 47 Ill.App.3d 427 (5th dist., 1977), *Bouillon v.

14

*Harry gill Co.*, 301 N.E.2d 627, 15 Ill.App.3d 45 (5th Dist., 1973), *Clark v. Fields*, 219 N.E. 2d 162, 73 Ill.app.2d 369 (5th Dist., 1966), *Mick v. Kroger Co.*, 218 N.E.2d 654, 73 Ill.App.2d 55 (5th Dist., 1966), *Club v. Main*, 213 N.E.2d 63, 65 Ill.App.2d 461 (5th Dist., 1965), *Placher v. Streepy*, 153 N.E.2d 369, 19 Ill.App.2d 183 (2nd Dist., 1958).

87. Because Hu is entitled to jury trial not withstanding his waiver in the Lease, orders entered on December 13,2007 and December 21, 2007 based upon 735 ILCS 5/9-108 are null and void.   Hu prays for preliminary injunctive relief against Huey from enforcing the possession order entered by Judge Sheryl Pethers.

## Count III  Violation of Fair Debt Collection Act

88. Plaintiff repeat paragraph 74-89

89. By aggressively collecting the debt for Park National Bank,  by intentionally disregarding the validity of the debt, by misrepresenting to the Circuit Court of Cook County on March 12, 2008 that Hu admitted that those Postal Money Order were counterfeit, by filing frivolous lawsuit and prosecuting that suit for about two years knowing that the Park National Bank did not have a valid claim,  defendant Walinski & Trunkett, PC, Brian Lewis, John Buscher, Robert Walinski, Park National Bank violated 15 U.S.C. § 1692d, § 1692e,  § 1692 f  (unconscionable means to collect or attempt to collect any debt)

90. Defendants' actions are a pattern of practice.

91. Plaintiff is praying for injunctive relief, compensatory damages and punitive damages.

## Count IV  Violation of Due Process Right of Hu by Judge Pamela Veal and Collection Attorneys

92. In open Court on March 12, 2008 trial,  Judge Pamela Veal and the attorney representing Walinski and Trunkett conspired to deprive Hu's constitutional right of due process.

15

93. The Attorney fraudulently stated in the open Court that Hu admitted that those Postal Money Order were counterfeit.

94. While Judge Veal refused to allow Hu effectively presenting his by preventing Hu from speaking out.

95. The trial last several minutes and is a complete sham

96. In *Loubser v. Thacker*, 440, 442 F.3d 439 (7th Cir., 2006), the Seventh Circuit held that Rooker-Feldman doctrine does not bar a civil right suit where defendants "so far succeeded in corrupting the state judicial process as to obtain a favorable judgment" *Nesses. v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995). Under *Loubser v. Thacker*, private lawyers and judges corrupting the judicial proceedings are state actors.

97. Corruption by those collection attorneys and Judge Veal "so far succeeded in corrupting the state judicial process as to obtain a favorable judgment."

98. Hu's procedural due process right under the Fourteenth Amendment was blatantly deprived by those defendants.

99. Hu is seeking injunctive relief.

100. Judge Veal and Judge Pethers action are a pattern of practice, custom by the Cook County Circuit Court systematically depriving due process right of those pro se minority litigants. Hu is not seeking to review the outcomes of Hu's suit in Circuit Court. Hu is seeking prospective equitable relief changing that custom. (there is no doubt it is quite difficult to fathom a practical and effective relief, on the other, that should not be a reason to dismiss Hu's action)

## Count V. All Defendants Discriminated Hu due to His Race Violating the Equal Protection Clause of 14th Amendment

101. Plaintiff repeat paragraph

102. All defendants treated Hu differently because of his race.

103. Judge Pethers and Judge Veal ruled against Hu disregarding the law and the fact, because Hu is Asian and all defendants' attorneys are white.

104. All attorneys intentionally misrepresent fact to courts because Hu is Asian. Defendants collection attorneys aggressively pursued Hu disregarding the underlying validity of the debt because Hu is Asian.

105. Those conduct violated equal protection clause of Fourteenth Amendment of U.S. Constitution.

106. Hu is seeking injunctive relief.

## Prayer of Relief:

107. Yaodi Hu prays this Court to declare that 735 ILCS 5/9-108 is unconstitutional on its face violating equal protection clause of Fourteenth Amendment.

108. Hu pray this Court to enter permanent injunctive relief against the enforcement of 735 ILCS 5/9-108.

109. Hu pray for appropriate prospective equitable relief against Honorable Timothy Evans rectifying the pervasive judicial discrimination against minorities.

110. Hu pray for compensatory and punitive damages against Park National Bank, Allen Meyer, Walinski & Trunket, Robert Walinski, John Buscher and Brian Lewis.

111. Hu pray for any other appropriate relief available under the laws of United States and State of Illinois against all defendants.

219 w. Cermak Chicago IL 60616   (773) 216 3173   yaodi_hu@sbcglobal.net

June 26, 2008

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.2.1
### Eastern Division


Yaodi Hu

                         Plaintiff,

                                              Case No.: 1:07−cv−03822
v.                                            Honorable Virginia M. Kendall

Peter Huey, et al.

                         Defendant.

---

## NOTIFICATION OF DOCKET ENTRY


This docket entry was made by the Clerk on Friday, July 18, 2008:

   MINUTE entry before the Honorable Virginia M. Kendall:Pursuant to
Memorandum Opinion and Order entered this day, plaintiff's motion to reconsider [37]
and motion for a writ of mandamus [45] are denied. Based on Hus pattern of violation of
Court orders and abusive filings as set forth in the factual background in this opinion, this
Court refers Yaodi Hu to the Executive Committee to consider whether he should be
subjected to filing restrictions in the Northern District of Illinois. Mailed notice(jms, )


**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at *www.ilnd.uscourts.gov*.

**Date:** Fri, 18 Jul 2008 15:05:08 -0500

**From:** usdc_ecf_ilnd@ilnd.uscourts.gov  〔A〕 Add to Address Book  〖📱〗 Add Mobile Alert

**To:** ecfmail_ilnd@ilnd.uscourts.gov

**Subject:** Activity in Case 1:07-cv-03822 Hu v. Huey et al memorandum opinion and order

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

### United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1

## Notice of Electronic Filing

The following transaction was entered on 7/18/2008 at 3:05 PM CDT and filed on 7/18/2008
**Case Name:** Hu v. Huey et al
**Case Number:** 1:07-cv-3822
**Filer:**
**WARNING: CASE CLOSED on 10/30/2007**
**Document Number:** 59

**Docket Text:**
**MEMORANDUM Opinion and Order Signed by the Honorable Virginia M. Kendall on 7/18/2008:Mailed notice(jms, )**

**1:07-cv-3822 Notice has been electronically mailed to:**

Yaodi Hu    yaodi_hu@sbcglobal.net

Alan Ray Rhine    rindhom@sbcglobal.net

**1:07-cv-3822 Notice has been delivered by other means to:**

K.Y. Chau
221 W. Cermak
RD 2F
Chicago, IL 60616

Angela Ip
221 W. Cermak
RD 2F
Chicago, IL 60616

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=7/18/2008] [FileNumber=5022524-0
] [3892d6e4fb6b2e2f8ce9dec31c2aac00a3a0506016ee65d5a84b5809c57e8e212ac
02b73aa4d3f6b04cae4fe79e3b53d29b14972702201813ba2285f78caa1b2]]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

YAODI HU,                                    )
                                             )
         Plaintiff,                         )
                                             )
      v.                                    )    Case No. 07 C 3822
                                             )
PETER HUEY, ANGELA IP,                       )    Judge Virginia M. Kendall
and K.Y. Chau,                               )
                                             )
                                             )
         Defendants.                        )

## MEMORANDUM AND OPINION ORDER

Plaintiff Yaodi Hu ("Hu"), a *pro se* litigant, brought suit against Defendants, Peter Huey ("Huey"), Angela Ip ("Ip"), and K.Y. Chau ("Chau") (collectively the "Defendants") alleging that they conspired to restrain his trade, violate his First Amendment right to free speech and retaliated against him in connection with a commercial lease for property. His allegations stem from the Defendants' eviction action against him and his wife, Jun Zhou ("Zhou") – an action which, at the time of this Court's ruling on Defendants' Motion to Dismiss, was pending in state court.

### Hu's History of Federal Court Filings

Hu is no stranger to the federal judicial system nor to filing complaints alleging discriminatory actions under 42 U.S.C. §§ 1981 and 1983 and the Sherman Antitrust Act. *See* Case Nos. 06 C 6589, 07 C 844, 07 C 3748, 07 C 3822, 07 C 5494, 07 C 7203, 08 C 839, 08 C 1032, 08 C 1033, 08 C 2007, 07 C 3428. Yaodi Hu has filed twelve federal claims since October 25, 2006 including five cases since February of 2008. In Hu's first federal claim, *Bell v. Martinez*, Hu and others filed an action under 42 U.S.C. § 1983 seeking to enjoin the State of Illinois from enforcing

1

Article 3 of the Residential Real Property Disclosure Act and the Illinois Predatory Lending Database Pilot Program because it had a discriminatory effect on residents of ten zip codes. *See* 06 C 5809; Cplt. ¶ 1. Hu's counsel withdrew from representing Hu but continued to represent the other plaintiffs. On November 29, 2006, Hu, now as a *pro se* litigant, sought to amend the Complaint and file a 68-page cause of action on behalf of a class of borrowers seeking a loan from a loan broker or a loan originator licensed under the Illinois Residential Mortgage License Act in the Pilot Area. Dk. 34. Hu's Complaint, filed against numerous defendants including Governor Rod Blagojevich and Speaker of the House Michael Madigan, alleged that the defendants violated the RICO and Sherman Antitrust Acts, in addition to other allegations. The District Court Judge dismissed Hu's Complaint, Hu moved to reconsider, and appealed the District Court's denial to the Seventh Circuit. Dk. 189.    In *Hu v. Cantwell*, et. al, Hu, *pro se*, sought compensatory and punitive damages against First Chicago Realty and two individual defendants for violating the Fair Housing Act, 42 U.S.C. § 1981, 42 U.S.C. § 1982, the Illinois Human Rights Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, and for breach of contract. In short, Hu alleged that the defendants discriminated against him as a minority buyer. The case is pending.

Less than four months after filing the *Cantwell* case, Hu filed another action – *Hu v. Park National Bank*, against Park National Bank, Donald R. Nichols, Postmaster of the U.S. Postal Service, the U.S. Postal Service, J.P. Morgan Chase Bank, and Walinski & Trunkett, P.C. Hu's Complaint stemmed from the sale of a piano. *See* Dk. 1. When Hu notified defendants that the piano was purchased using counterfeit money order, the defendants reported the matter to federal officials which report Hu believes to be a violation of the Right to Financial Privacy Act. In June, 2007, Hu's counsel withdrew, Hu filed a *pro se* appearance, and moved to file a second amended

complaint adding seven new defendants and thirteen new claims for violations of his rights under the Fourth and Fifth Amendments, the Equal Protection clause of the Fourteenth Amendment, 42 U.S.C. § 1981 and various federal criminal and bank statutes. *See* Dk. 28, 32, 35. The District Court denied Hu's motion on the basis that allowing Hu at such a late date to add seven defendants and a "myriad of new claims would greatly protract the time and resources consumed by this litigation." Dk. 65, 89. Hu moved to reconsider and the Court denied his motion. Dk. 97. Subsequently, the District Court granted Defendants' Motion for Summary Judgment, Hu moved to reconsider, his motion was again denied, and Hu appealed to the Seventh Circuit. Dk. 97-98, 105, 109.

On July 3, 2007, five months after Hu filed the *Park National Bank* case, Hu, appearing *pro se*, filed two more cases within 6 days of each other– *Hu v. Village of Midlothian*, 07 C 3748 and the case before this Court, *Hu v. Huey*, 07 C 3822. Both cases concern purported violations 42 U.S.C. § 1981, in addition to other claims. In *Hu v. Midlothian*, Hu alleged that the Village of Midlothian violated his constitutional rights when it repeatedly fined him under municipal code 4-18-9(b)5 for overgrown vegetation and for denying his application to display a sign advertising his insurance business. Hu amended his complaint on three occasions and the case is pending before the District Court. Hu's pending action before this Court against Defendants Huey, Ip, and Chau is described in detail below. Two months after filing the *Village* and *Huey* cases, Hu filed *Hu v. Mann*, 07 C 5494, *pro se*, alleging violations of the Sherman Act, the Real Estate Settlement Procedure Act, and the Illinois Antitrust Act. Hu alleged, in short, that Defendants Elizabeth Mann conspired with First American Title to refuse to deal with Quality Title Insurance and Hu in connection with the closing of a real estate transaction. Hu's Complaint was dismissed on January

3

8, 2008 for failure to comply with Federal Rule of Civil Procedure 4(m). Dk. 8.

One month before the District Court dismissed Hu's claim against Mann, Hu filed his seventh federal court claim–this time against the Village of Maywood. *See Hu v. Village of Maywood*, 07 C 7203. Hu alleged that the Village violated 42 U.S.C. § 1983 when it towed Hu's vehicles from his private property. Dk. 1. The Defendants moved to dismiss and Hu amended his Complaint. Still pending before the District Court is Defendants motion to dismiss the First Amended Complaint.

The year 2008 has proved to be Hu's most litigious year to date. Since February 8, 2008, Hu has filed five causes of action against seventeen defendants. *See* Case Nos. 08 C 839, 08 C 1032, 08 C, 1033, 08 C 2007, 08 C 3825. Hu is suing the City of Chicago under 42 U.S.C. § 1981 and 1983 for towing two of his vehicles alleging that the City targets ethnic Chinese minorities when it issues parking tickets. *See* 08 C 839. Hu filed a motion for preliminary injunction under Federal Rule of Civil Procedure 65 and the District Court denied Hu's Motion. Dk. 16. Hu moved to reconsider and the District Court denied his motion on May 29, 2008. Dk. 27. One day later, Hu filed a second Motion to Reconsider which was denied on June 5, 2008. Dk. 31. Hu's appeal to the Seventh Circuit is pending and subject to dismissal under Circuit Rule 3(b). Dk. 27.

Twelve days after Hu's first 2008 federal case, Hu filed two cases on the same day– *Hu v. Pearl River Piano USA* and *Hu v. American Bar Association*, 08 C 1032 and 08 C 1033, respectively. In *Hu v. Pearl River Piano USA*, he alleged that he contracted with Pearl River to purchase several pianos. Because Hu "did not fit into a typical piano dealer prototype: a white male," Hu believes that the contract that he signed contained discriminatory terms in violation of 42 U.S.C. § 1981 and the Sherman Antitrust Act. Cplt. ¶ 17; Dk. 1. Hu's third lawsuit for the month

4

of February and second lawsuit filed on February 20, 2008, *Hu v. American Bar Association*, seeks redress for purported violations of the Fourteenth Amendment of the U.S. Constitution and the Equal Protection Clause, based on the ABA's failure to accredit Hu with two years of credit hours obtained at Kent Law School in 1991. Cplt. Dk. 1.

Hu waited almost two months before he filed his fourth 2008 lawsuit– *Hu v. Timothy Evans, et. al.*, 08 C 2007. This cause of action stemmed from a forcible entry and detainer action filed by one of the defendants in the case at bar, Peter Huey, against Hu in Illinois State Court. Judge Sheryl Plethers presided over the action and Hu was forcibly evicted for failure to pay rent.[1] Hu alleges that he was deprived of a right to a fair trial because, among other allegations, Judge Plethers and Huey's counsel conspired against Hu and struck his jury demand on the basis of Hu's race. According to Hu's Complaint, Judge Plether's reason for striking his jury demand was that Hu waived it in his lease with Huey. Cplt. ¶ 21. Hu pleaded that Judge Plethers failed to take into account that Hu may have later orally amended the lease agreement. *Id.* A bench trial was held on December 13, 2007 but Hu refused to consent to the Court's jurisdiction. *Id.* at ¶ 27. The Judge advised Hu that he could not participate in the proceeding unless he submitted himself to the Court's jurisdiction. Hu insisted that he could participate in the trial without submitting to the Court's jurisdiction until the Court's Deputy threatened to remove Hu from the proceedings. *Id.* at ¶ 29.

During the State Court proceeding, Hu moved to intervene on behalf of two corporations, Citywide Mortgage Lending Corporation and Citywide Real Estate Corp. *See* Cplt. Dk. 1, ¶ 40. Hu was warned against filing any other pleadings or documents on behalf of anyone but himself lest Hu face prosecution by the State's Attorney for practicing law without a license. *Id.* Hu appealed Judge

---

[1] Incidentally, the *Evans* case is related to the same property at issue in the case before this Court.

Plether's decision to the Illinois Appellate Court and simultaneously filed federal claims against Defendants Allen Meyer, Chief Judge Timothy C. Evans, Honorable Judges Pamela Hill Veal and Sheryl Plethers, Brian Lewis, John Buscher, Park National Bank, Walinksi & Trunkett, and Robert Walinski alleging violations of the Due Process and the Equal Protection Clauses and the Fair Debt Collection Act.

On July 3, 2008, Hu filed his twelfth federal case– the fifth action filed this year– against Florencio Ramirez and L.A. Auto Body Inc. alleging that the defendants treated him differently on account of his race when they delayed repairs to his automobile. *See Hu v. L.A. Auto Body Inc.*, 08 C 3825.

Hu has also been a party-defendant in two federal causes of action. *See* 96 C 3428, and 98 C 7853. In *Re/Max Intl Inc v. Quality Realty Inc.*, the Court held Hu in contempt of court and sanctioned Hu $1,000 per day for failure to comply with court orders. 96 C 3428; Dk. 40, 44. Default judgment was entered against Hu and Zhou. Dk. 8.

### Hu's Cause of Action before this Court

Turning to Hu's cause of action before this Court, Hu filed his Complaint *pro se* on July 9, 2007. In short, Hu alleged that he and his wife, Jun Zhou, were lessees of the second floor premises of 219 W. Cermak in Chicago, Illinois. Dk. 1. Defendant Huey was the lessor and Defendants Ip and Chau run their accounting business in the same building as lessees. When Hu signed the lease agreement, Huey inserted a clause prohibiting Hu and Zhou from engaging in income tax preparation in the building because his other tenants, Ip and Chau, agreed to pay a premium on their lease with Huey so long as they were the only accounting business in the building. Though Hu signed the lease agreeing to the provision, Zhou told customers of their other businesses that she

6

could provide tax preparation services. Huey initiated eviction proceedings against Hu in Illinois State Court on the basis that Hu failed to pay rent and failed to fix the plumbing (*see* subject matter of *Hu v. Evans* described above 08 C 2007 and Hu's affidavit filed in his claim, Dk. 47). Hu filed this action seeking damages, declaratory, and injunctive relief under the Sherman Act, the First Amendment, the Illinois Antitrust Act, 42 U.S.C. §§ 1981 and 1982, the Illinois Retaliatory Eviction Act, and fraud. Dk. 15. Hu's Section 1981 and 1982 claims alleged that Huey, who is Chinese, discriminated against Hu, who is also Chinese. Count III alleged that Hu's First Amendment rights were violated because he could not tell customers that Zhou could do their income taxes.[2]

On July 30, 2007, Defendants moved to dismiss Hu's Complaint. Dk. 8, 10. The Court entered a briefing schedule on August 2, 2007. Dk. 14. Before briefing was completed on the motion, Hu filed a First Amended Complaint and a Motion to "Amend/Correct Rule 15(a) motion to amend complaint." Dk. 16. On August 30, 2007, the court denied Hu's Rule 15 (a) motion without prejudice and denied Defendants' motions to dismiss as moot. The Court set another briefing schedule on the Defendants' anticipated motion to dismiss the First Amended Complaint. Reply briefs were due by October 11, 2007. Dk. 20. On September 20, 2007, Huey moved to dismiss all of Hu's counts in the First Amended Complaint and Ip and Chau together moved to dismiss Hu's First Amendment and state and federal antitrust claims. Dk. 21, 24. Before briefing was completed on the pending motions to dismiss, Hu filed another motion to "Amend/Correct Rule 15 motion to amend complaint" and a Motion for Preliminary Injunction pursuant to 28 U.S.C. § 1651. Hu's Motion for Preliminary Injunction under § 1651 sought to stay the pending Circuit Court eviction proceedings under the All Writs Act or pursuant to Federal Rule of Civil Procedure 65.

---

[2] Zhou, is a licensed accountant and Hu assisted her with research. Cplt. ¶¶ 20-21; 40.

7

On September 26, 2007, Hu's Motion to Amend and Motion for Preliminary Injunction was denied until after the Court had an opportunity to rule on Defendants' pending motions to dismiss the First Amended Complaint. Dk. 27. Despite the Court's order, Hu re-filed his motion for preliminary injunction on the day that Defendants' replies were due. Four days later, Hu filed his motion for preliminary injunction a third time, but this time styling it as "refile what was filed on October 11, 2007." Dk. 33. All three motions set forth the same arguments and sought the same relief. On October 17, 2007, this Court heard oral argument on Hu's Motion for Preliminary Injunction pursuant to 28 U.S.C. § 1651 seeking a stay of the circuit court action. Hu's Motion for Preliminary Injunction was denied on the basis that it sought an extraordinary remedy without asserting irreparable injury. The Court advised Hu that it would rule on the pending motions to dismiss.

On October 30, 2007, Defendants' Motions to Dismiss were granted and Hu's First Amended Complaint was dismissed with prejudice. Dk. 35. Additionally, the Court denied Hu's Motion to "Amend/correct Rule 15 Motion to Amend Complaint" and Hu's September 24, 2007 Motion for Preliminary injunction. Judgment was entered in favor of Defendants and all pending dates, motions, and schedules were terminated as moot. *Id.*

On November 9, 2007, Hu filed a Motion to Reconsider under Federal Rule of Civil Procedure 59. Dk. 37. Two days later, Hu filed a "Supplemental Brief of the Rule 59 Motion" without leave of court. Dk. 39. On November 15, 2007, the Court entered a briefing schedule and advised that it would rule on Hu's motion by mail. Dk. 40. Both Defendants filed responses and plaintiff filed a reply. Dk. 41-43. Three days after replies were filed, Hu filed a "Motion to Stay Eviction per Rule 65 and All Writs Act" which he docketed as a motion for "writ of mandamus."

8

Hu's motion with his fourth attempt to stay the circuit court proceeding under 28 U.S.C. § 1651 and Rule 65. On February 25, 2008, while the motions were still pending, Hu petitioned the Seventh Circuit for a Writ of Mandamus Staying the Execution of Possession Order by the Circuit Court of Cook County. Dk. 51, 52. On March 4, 2008, the Seventh Circuit denied Hu's petition. Dk. 57.

### Motion to Reconsider

Hu moves to reconsider this Court's October 30, 2007 order dismissing his First Amended Complaint with prejudice. The only grounds for a Rule 59(e) motion are newly discovered evidence, an intervening change in the controlling law, and manifest error of law. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Hu does not argue that there is newly discovered evidence or that there was an intervening change in the controlling law. Instead, Hu argues that the Court 1) should have granted Hu leave to amend his complaint; 2) applied an incorrect legal standard to Defendants' motions to dismiss; 3) erred when it found that Hu did not and could not allege that any of the defendants were agents of the government in his First Amendment claim 4) erred when it found that Hu failed to allege facts that show Huey's intent to discriminate against Hu on the basis of race when Huey charged Hu higher rent for space in the Building than Huey charged State Farm Insurance; 5) erred when it dismissed his § 1982 claim; 6) and erred when it held that Hu did not adequately allege the jurisdictional requirement of interstate commerce. As a preliminary matter, Hu does not allege that this Court committed a manifest error of law and simply regurgitates arguments that he previously raised in the fully briefed motions to dismiss.

The Seventh Circuit defines "manifest error" as "'wholesale disregard, misapplication, or failure to recognize controlling precedent'" on the part of the court. *Oto v. Metro. Life Ins. Co.*, 224

F.3d 601, 606 (7th Cir. 2000); *quoting Sedrak v. Callahan,* 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Reconsideration is only appropriate when "the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.,* 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001), *quoting Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1191, 1195 (N.D. Ill. 2001).

Regarding Hu's argument that this Court should have allowed him leave to amend his First Amended Complaint and that the Court failed to apply the correct standard, a Court has discretion in deciding when to allow parties to amend their pleadings. *Park v. City of Chicago,* 297 F.3d 606, 612 (7th Cir. 2002). Although every amendment after the first requires leave from the court, leave should be liberally granted "when justice so requires." Fed. R. Civ. P. 15(a). Where a pro se complaint is involved, district courts should in fact "allow ample opportunity" to amend. *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir. 1996). Save Count I, this Court did not error when it dismissed Hu's First Amended Complaint with prejudice. First, Hu was allowed to file an amended complaint on one occasion having had the benefit of reviewing the Defendants' motions to dismiss. For the reasons set forth in the Court's Opinion as well as those stated below, a review of Hu's First Amended Complaint proved that any further amendments to Hu's Section 1981, Section 1982, and First Amendment claims would have been futile under the law, and thus, justice did not require that leave be given.

Hu further argues that this Court erred by applying the incorrect standard on a motion to dismiss pursuant to Federal Rule 12(b)(6). To survive a motion to dismiss a plaintiff must allege facts that plausibly suggest entitlement to relief. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955,

10

1965-66 (2007). This Court found that even taking Hu's allegations as true, Hu failed to make a

showing that he was plausibly entitled to relief on any of his claims. Minute Order, pp. 1-3.

Accordingly, Hu's argument that this Court failed to take his assertions as true is incorrect; instead,

this Court found that Hu effectively pleaded himself out of Court. *See Gutierrez v. Peters*, 111 F.3d

1364, 1374 (7th Cir. 1997) (A pro se complainant can plead himself out of court by pleading facts

that undermine the allegations set forth in his complaint.)[3]  Accordingly, this Court did not commit

a manifest error of law when it declined to allow Hu yet another chance to amend his Complaint

when Hu pleaded himself out of Court.

This Court dismissed Hu's Sherman Act claims on the basis that he failed to adequately

allege the jurisdictional requirement and failed to allude in any manner to interstate commerce in

his First Amended Complaint. It is axiomatic that in pleading a cause of action under the Sherman

Act §§ 1, 2, the plaintiff must adequately allege the jurisdictional requirement of interstate

commerce." *Nelson v. Monroe Reg'l Med. Ctr.*, 925 F.2d 1555, 1565 (7th Cir. 1991) (*quoting

Marrese v. Interqual, Inc.*, 748 F.2d 373, 379 (7th Cir. 1984)). Hu can satisfy the jurisdictional

requirement of interstate commerce by showing that 1) the tax preparation is itself "in" interstate

commerce; or 2) the tax preparation has a "substantial effect on interstate commerce." *See McClain

v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232, 242 (1980). It was not manifest error to

dismiss Hu's First Amended Complaint because it was jurisdictionally deficient. *See McLain v.

Real Estate Bd.*, 444 U.S. 232 , 242 (1979); *citing Wickard v. Filburn*, 317 U.S. 111 (1942); *United

States v. Darby*, 312 U.S. 100 (1941) (Jurisdiction may not be invoked under that statute unless the

---

[3] Hu's arguments that the Supreme Court's decision in *Bell Atlantic v. Twombly* "should be confined
where it belongs: anti-trust cases involving parallel anti-competitive conduct" is wrong under any
interpretation of its holding.

11

relevant aspect of interstate commerce is identified; it is not sufficient merely to rely on identification of a relevant local activity and to presume an interrelationship with some unspecified aspect of interstate commerce.)

In Hu's Motion to Reconsider, he argues, for the first time, that the allegation in his First Amended Complaint that Jun Zhou e-files income taxes suffices to establish that interstate commerce is substantially affected. Mtn. Recons., p. 16. Hu failed to raise this argument during the briefing of the motion to dismiss despite the fact that the jurisdiction issue was raised by the Defendants. A motion for reconsideration cannot "serve as the occasion to tender new legal theories for the first time." *Publishers Res. v. Walker-Davis Publication*, 762 F.2d 557, 561 (7th Cir. 1985). Nevertheless, Hu failed to plead facts that would support finding interstate commerce based on the tax return services being an "integral part of an interstate transaction," *Goldfarb v. Va. State B.*, 421 U.S. 773, 785 (1975), or having a "substantial effect on interstate commerce." *McLain*, 444 U.S. at 242. Because "it is not sufficient merely to rely on identification of a relevant local activity and to presume an interrelationship with some unspecified aspect of interstate commerce," Hu's claim was properly dismissed. [4] *Id.* Moreover, Hu's argument that Zhou's accounting business provided electronic filing suffices to allege the jurisdictional requirement of interstate commerce is unsupported in the law. Hu cites no case law for the proposition that mere electronic

---

[4] Hu cites *United States v. Yellow Cab Company*, 332 U.S. 218 (1947), *overruled on other grounds*, *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984), in support of his argument that he sufficiently pleaded that jurisdictional requirement of interstate commerce in his Sherman Act Claim. *Yellow Cab*, however, is distinguishable in that *Yellow Cab* physically aided those interstate travelers by transporting them in between stations in the midst of their interstate travels. *Id.* at 228-29. The Court held, "All that we hold here is that when local taxicabs merely convey interstate train passengers between their homes and the railroad station in the normal course of their independent local service, that service is not an integral part of interstate transportation. And a restraint on or monopoly of that general local service, without more, is not proscribed by the Sherman Act." *Id.* at 233.

communications across state lines constitutes interstate commerce for purposes of the Sherman Act. Indeed, accepting this proposition would lead to untenable results, as any company that has ever made a long-distance telephone call or used e-mail could be said to have engaged in interstate commerce.

Despite having had the benefit of reviewing the parties motions to dismiss, Hu failed to plead a sufficient interstate connection nor did he argue that e-filing suffices as a jurisdiction element in his response brief to the Defendants' Motion to Dismiss. Hu has not provided newly discovered evidence or argued that there was an intervening change in the controlling law. Nor has Hu persuaded this Court that it disregarded, misapplied, or failed to recognize controlling precedent. Therefore, Hu's Motion to Reconsider as to Count I is denied. Count I– Hu's Sherman Act claim– was properly dismissed.[5]

Hu's Section 1981 claim was also appropriately dismissed. Section 1981 authorizes suits arising out of racial discrimination in the making and enforcing of contracts. *See* 42 U.S.C. § 1981. In order to state a claim under § 1981, a plaintiff must allege the following elements: (1) the plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes

---

[5] In addition to the reasons set forth in its Memorandum and Opinion order dismissing Count I, this Court further notes that Hu's pleadings run contrary to his ability to meet the requirements of both antitrust injury and antitrust standing. Hu has pleaded in his first Complaint that Jun Zhou prepared taxes for the last decade and that Hu helped her by performing legal research and advertising. Cplt. ¶¶ 20-21; 40. Hu attests in his affidavit that Zhou moved back into 219 W. Cermak in May, 2007. (¶2, Zhou and Hu Affidavit). "Not all persons who have suffered an injury flowing from [an] antitrust violation have standing to sue under § 4." *Kochert v. Greater Lafayette Health Servs.*, 463 F.3d 710, 715-16; (*citing In re Industrial Gas Antitrust Litigation*, 681 F.2d 514, 516 (7th Cir. 1982). "Only those parties who can most efficiently vindicate the purposes of the antitrust laws have antitrust standing to maintain a private action under § 4." *Id.*; (*citing Serfecz v. Jewel Food Stores*, 67 F.3d 591, 597-98 (7th Cir. 1995); (*quoting In re Industrial Gas*, 681 F.2d at 516).

the right to make and enforce contracts. *Id.*; *See also Daniels v. Pipefitters' Ass'n,* 945 F.2d 906, 913 (7th Cir. 1991); *Gehring v. Case Corp.,* 43 F.3d 340, 344 (7th Cir. 1994); *Achor v. Riverside Golf Club,* 117 F.3d 339, 340 (7th Cir. 1997). The Statute defines "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981.

Hu does not allege that Defendants prevented Hu from entering in a contract; to the contrary, Hu leased a space from Defendant Huey. Moreover, Hu does not claim that his lease was modified or terminated on the basis of his race. Hu's factual basis for his Section 1981 claim is that Huey, who is Chinese, discriminated against Hu, who is also Chinese, by charging Hu and his business partner higher rent than their co-tenant, State Farm Insurance, because State Farm is "controlled by white people." Am. Cplt. ¶ 78. As pleaded, Hu's allegations are based in the assumption that State Farm has a racial identity and the assertion that a corporation, such as State Farm, has a racial identity has been rejected when considered in Section 1982 cases. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 263 (1977).

Moreover, Hu's allegations run contrary to others in his First Amended Complaint. Specifically, Hu alleges that the rental price for the property was "fixed" because Huey required Defendants Ip and Chau to pay a "significant extra amount of money" to add the restrictive covenant to the lease. Because of the Huey/Ip and Chau agreement, Huey was "able to charge substantially higher above the market rent" to Hu and Zhou. Am. Cplt. ¶¶ 33-35. Hu claims that he "had no choice" but to agree to the terms of the restrictive covenant in his lease with Huey because 219 West Cermak was "the only space available" to rent. Then, paragraphs later, Hu alleges that there were other, but less desirable, spaces to rent in Chinatown. *See* Am. Cplt. ¶ 15. Finally, that Huey

14

discriminated against Hu on the basis of his race by charging him higher rent contradicts Hu's allegations that Huey required Ip and Chau to pay a "significant extra amount of money" for their leased space.

Hu's allegations are conclusory and contradictory and do not pass the speculative test set forth in *Twombly*. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965-66 (2007). Accordingly, Hu's Section 1981 claim was properly dismissed.

Count III- Hu's First Amendment claim– was also properly dismissed. In Count III, Hu alleged that Defendants violated his First Amendment right to free speech by prohibiting Hu and Zhou from telling their customers about their tax preparation business. The Court dismissed the claim on the grounds that Hu failed to allege that Defendants were state actors. Hu does not dispute that it is "commonplace that the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state." *Hudgens v. NLRB*, 424 U.S. 507, 513 (1976). Rather, in Hu's Motion to Reconsider, he argues, for the first time, that Hu's First Amendment claim is "intertwined" with this Sherman Act claim. Thus, Hu posits that because Defendants' restrictive covenant in the lease is a "'per se' violation of state anti-trust law" enforcing the covenant in an eviction could "very well turn this private action into a state action." Mtn. Reconsider, p. 9. Hu cites no case law supportive of his assertions, and accordingly, this Court did not commit a manifest error of law when it concluded that Hu's First Amendment claim failed as a matter of law because Defendants are not state actors.[6]

---

[6] Hu's reliance upon *Shelley v. Kraemer* is misplaced. In *Shelley*, the restrictive covenant was itself unconstitutional as it disallowed the occupancy or ownership of the operty "by people of the Negro or Mongolian races," and thus, violated the Equal Protection Clause of the U.S. Constitution. 334 U.S. 1, 5 (1948). By invoking state judicial proceedings to enforce the restrictive covenants, the defendants enlisted the help of state courts to knowingly bring about unconstitutional ends (i.e., race-based discrimination). Here, Hu is not alleging that the restrictive covenant is itself unconstitutional or that the restrictive covenant is being

15

Count VII- Hu's Section 1982 claim– was properly dismissed. Under Section 1982, "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. As the Supreme Court has stated, Section 1982 is concerned with "the right of black persons to hold and acquire property on an equal basis with white persons and [to provide for] the right of blacks not to have property interests impaired because of their race." *City of Memphis v. Greene*, 451 U.S. 100, 122 (1981). Hu's Section 1982 claim was dismissed for failure to allege facts that plausibly entitle him to relief. Namely, Hu's Section 1982 claim was based upon the conclusory allegation that Huey charged Hu higher rent than State Farm Insurance because State Farm is controlled by white people. Understanding that Section 1982 is meant to protect the enforceability of property interests acquired by minority citizens and their right to use the property on an equal basis with whites, Hu's claim fails as a matter of law because State Farm, as a corporation, does not have a racial identity, *see Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 263 (1977), and thus, Hu's allegation that he didn't enjoy the same rights as "white people" fails as a matter of law. Additionally, Hu's First Amended Complaint failed to allege any of the requisite elements of a Section 1982 claim. Accordingly, Hu's Section 1982 claim was properly dismissed.[7]

---

used to unconstitutional ends. Instead, he is alleging that Huey attempted to restrain his speech by including and enforcing a restrictive covenant barring tax services on the leased property. Similarly, *Lugar v. Edmonson Oil* is distinguishable on the basis that it was confined to the Fourteenth Amendment of the U.S. Constitution. 457 U.S. 922, 941-42 (1982). Nevertheless, none of these arguments were put before the Court in Response to Defendants' Motion to Dismiss the First Amended Complaint.

[7] Hu's argument that State Farm has a racial identity was made for the first time in his Motion to Reconsider. Hu cites *Hudson Valley v. Freedom Theater* in support of his argument, but *Hudson Valley* is distinguishable from *Arlington Heights* because it was limited to the issue of standing and involved a corporation whose goals were to reach out to particular races. 671 F. 2d 702, 705 (2nd Cir. 1982).

16

The Court did not have supplemental jurisdiction over Hu's state law claims and thus does not reach the merits of those claims. *See* 28 U.S.C. § 1367(a). At the time the Court dismissed Hu's claim, it held that "Hu may pursue [his state law] claims in state court, where a remedy for wrongful eviction may well be available."[8]

For the reasons stated, Hu's Motion to Reconsider is denied. Dk. 37. Hu's Motion for Writ of Mandamus is dismissed as moot. Dk. 45.[9] Based on Hu's pattern of violation of Court orders and abusive filings as set forth in the factual background in this opinion, this Court refers Yaodi Hu to the Executive Committee to consider whether he should be subjected to filing restrictions in the Northern District of Illinois.

So ordered.

Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date:    July 18, 2008

---

[8]  Hu filed a Bystander's Report pursuant to Illinois Supreme Court Rule 323(c) where he recounted the October 18, 2007 hearing and December 13, 2007 trial in state court. Dk. 48. According to Hu's Bystander's Report, Huey raised defenses such as failure to pay rent and make required repairs to the plumbing under the terms of the lease. Hu insisted upon participating in the trial despite the fact that he refused to consent to the Court's jurisdiction. Hu finally consented after the State Court Judge ordered his removal from the bench. Hu could have raised any number of his many defenses to the state court eviction proceeding, as by his own account, a full trial and hearing was held on the merits of the case.

[9]  As reflected in the docket, this is Hu's fourth attempt to stay the circuit court proceedings. Each time Hu files a motion he adds additional research but has essentially asks for the same relief under the save provision—namely, a stay of proceedings under 28 U.S.C. 1651 and Rule 65. In Hu's fourth motion, he offers no additional bases for staying the Circuit Court proceeding, and in fact, he refers to a Bystander's Report—in which Hu himself is the bystander—which states that the State Court proceedings were held on October 18 and December 13, 2007.