UNITED STATES DISTRICT COURT NORTHERN
DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| YAODI HU | ) | |
|     Plaintiffs | ) | |
| vs | ) | |
| | ) | case No.  08 CV 2007 |
| Honorable Timothy C. Evans Chief Judge | ) | |
| Of Circuit Court of Cook County Illinois | ) | Honorable Amy Eve |
| Honorable Pamela Hill Veal, Judge | ) | |
| Honorable  Sheryl Pethers , Judge | ) | jury demand |
| All in their  Official capacity | ) | |
| | ) | |
| Walinski & Trunkett, PC. | ) | |
| Brian Lewis, John Buscher, | ) | |
| Robert Walinski, Park National Bank | ) | |
| Allen Meyer, | ) | |

# RESPONSE TO EVANS, VEAL AND PETHERS' MOTION TO

## Brief History:

1. Plaintiff Yaodi Hu, pro se filed his section 1983 action on April 9, 2008.

2. On April 18, 2008, this Court *sua sponte*  dismissed Hu's action.

3. May 20, 2008, pro se plaintiff Hu filed his Motion under FRCP 6 to enlarge time filing his First Amended Complaint.

4. May 27, 2008, this Court granted Hu's motion setting June 27, 2008 as deadline filing his First Amended Complaint.

5. June 27, 2008, pro se plaintiff Hu filed his First Amended Complaint.

6. Hu's First Amended Complaint was immediately served upon all the defendants.

7. July 28, 2008, pro se plaintiff sent notice of this litigation to State of Illinois

Attorney General complying with the Supreme Court Rule 19 of State of Illinois.

8. July 29, 2008, defendant Allen Meyer filed his Motion to dismiss

9. July 30, 2008  Attorney General of State of Illinois appears for Tim Evans, Sheryl Pethers and Pamela Veal.

10. July 30, 2008, Attorney General filed its Motion to Dismiss.

## Judges are not Absolutely Immune from Actions Seeking Prospective Relieves

11. Pro se Plaintiff Hu agrees with Attorney General's position that Judges are absolutely immune from legal actions.  That judicial immunity only extends to personal liability.   Hu DID not sue all judges in their personal capacities.  Hu explicitly sued all judges in their official capacities.

12. Attorney General cited two cases supporting its motion to dismiss.   Both cases are inapposite.   Both cases support a proposition that judicial officials are absolutely immune from personal liabilities and pro se plaintiff totally agree with that.

13. In ***Stump v. Sparkman***, 435 U.S. 349 (1978), Justice White began with the following: "This case requires us to consider the scope of a judge's immunity from damages liability when sued under 42 U.S. C. § 1983." ***Id*** at 351.   It is very clear from that statement, that the High Court was addressing the issue of damages liability or personal liability only.   Plaintiff totally agrees that "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." ***Id*** at 359. Neither of plaintiff's complaints is seeking damage liability, or personal liability or

2

any liability against any of the judges. (Liability being commonly defined as financial obligation). Both plaintiff's Complaint made it clear that pro se Plaintiff is seeking prospective injunctive relieves.

14. Plaintiff in **_Dawson v. Newman_** 419 F.3d 656 (7th Cir. 2005) is seeking damages from Judge Newman. "Dawson argues that Judge Newman's failure to transmit the release order to the DOC was not a 'judicial' act or omission but a 'ministerial' or 'administrative' one." _id_ at 661. This case does not support the Motion to Dismiss by Attorney General. Hu is NOT seeking any damages from any of the judges.

15. Attorney General is correct in stating that the First Amended Complaint is essentially the same compared with the original complaint, regarding majority counts of claims. Hu did withdraw his section 1981 claim.

16. But the fact that the First Amended Complaint is similar to its Original complaint is not proper factual and legal basis for Attorney General filing its motion to dismiss. Attorney General's Motion to Dismiss is essentially frivolous.

17. Supreme Court in **_Pulliam v. Allen_** 466 U.S. 522 (1984) held that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." _Id_ at 541. "We never have had a rule of absolute judicial immunity from prospective relief, and there is not evidence that the absence of that immunity has had a chilling effect on judicial independence." _Id_ at 536.

18. Plaintiff respectfully prays this Court deny Attorney General's Motion to Dismiss. .

Respectfully Submitted,    Yaodi Hu    219 W. Cermak Chicago IL 60616

3