**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| YAODI HU | ) | |
| | ) | |
| Plaintiffs | ) | |
| vs | ) | |
| | ) | case No.  08 CV 2007 |
| Honorable Timothy C. Evans Chief Judge | ) | |
| Of Circuit Court of Cook County Illinois | ) | Honorable Amy Eve |
| Honorable Pamela Hill Veal, Judge | ) | |
| Honorable  Sheryl Pethers , Judge | ) | jury demand |
| All in their  Official capacity | ) | |
| | ) | |
| Walinski & Trunkett, PC. | ) | |
| Brian Lewis, John Buscher, | ) | |
| Robert Walinski, Park National Bank | ) | |
| Allen Meyer, | ) | |

# Response to Allen Meyer's Motion to Dismiss

**Some Background:**

1. In the case of Yaodi Hu v. Peter Huey et al. 07 CV 3822,  Honorable Kendall denied Hu's Rule 59 motion on July 18, 2008.  Hu already filed his Notice of Appeal on August 18, 2008.

2. One of the issues under appeal would be whether invocation of judicial eviction proceeding by Peter Huey is state action.

3. Hu filed his response to Tim Evans' motion to dismiss and Tim Evans already filed its reply. In Hu's Amended Complaint, Hu  "pray for any other appropriate relief available under the laws of United States and State of Illinois against all defendants." (Amended Complaint ¶ 119).   Liberally construing Hu's Amended

Complaint, the relief prayed by plaintiff Hu shall include declaratory judgment.

See also (Amended Complaint, ¶ 8, f)

## Invocation of Judicial Proceeding is State Action

4.  In ***Flagg Brothers Inc. v. Brooks***  436 U.S. 149 (1978),  mere invocation of UCC

code by warehouseman to sell goods entrusted to him for storage is not state action,

because state official was not involved in sale.

5.   There is a different line of cases, "beginning with Sniadach v. Family Finance

Corp. 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed. 2d 349 (1969), in which the Court

considered constitutional due process requirement in the context of garnishment

actions and prejudgment attachments.  See North Georgia Finishing, Inc. v.

Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed. 2d 751 (1975); Mitchell v.

W.T. grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974),  Fuentes v.

Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).  Each of these cases

involved a finding of state action as an implicit predicate of the application of due

process standards.  Flagg Brothers distinguished them on the ground that in each

there was overt, official involvement in the property deprivation; there was no such

overt action by a state officer in Flagg Brothers."  ***Lugar v. Edmondson Oil***

***Company, Inc.***, 457 U.S. 922, 927 (1982).

6.  It is quite clear, that under ***Lugar v. Edmondson Oil Company, Inc***., invocation of

judicial proceeding is state action, because there is overt and official involvement

in judicial proceeding.

7.  "The two-part approach to a § 1983 cause of action, referred to in Flagg Brothers,

was derived from Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).  Adickes was a § 1983 action brought against a private party, based on a claim of racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.  …..we held that the private party's joint participation with a state official in a conspiracy to discriminate would constitute both "state action" essential to show a direct violation of petitioner's Fourteenth Amendment equal protection rights" and action " ' under color' of law for purposes of the statute." Id at 152 90 S.Ct. at 1606." **_Lugar_** at 930-931.

8. "Beginning with Sniadach v. Family Finance corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed. 2d 349 (1969), the Court has consistently held that constitutional requirements of due process apply to garnishment and prejudgment attachment procedures whenever officers of the State act jointly with a creditor in securing the property in dispute.  Sniadach and North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975), involved state created garnishment procedures; Mitchell v. W.T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed. 2d 406 (1974), involved execution of a vendor's lien to secure disputed property.  In each of these cases state agents aided the creditor in securing the disputed property; but in each case the federal issue arose in litigation between creditor and debtor in state courts and no state official was named as a party. Nevertheless, in each case the Court entertained and adjudicated the defendant-debtor's claim that the procedure under which the private creditor secured the disputed property violated federal constitutional standards of due process.  Necessary to that conclusion is the holding that private use of the

3

challenged state procedures with the help of state officials constitutes state action for purposes of the Fourteenth Amendment." ***Lugar*** at 923.

9. Applying ***Lugar*** to our instant case,  Allen Meyer's application of the state statute 735 ILCS 5/9-108,  his invocation of  eviction proceeding, especially Allen Meyer's purposeful oral Motion striking Hu's jury demand without notice to Hu , with the help of state official, constitutes state action for purposes of the Fourteenth Amendment.

10. "If the creditor-plaintiff violates the debtor-defendant's due process rights by seizing his property in accordance with statutory procedures, there is little or no reason to deny to the latter a cause of action under the federal statute, § 1983, designed to provide judicial redress for just such constitutional violations." ***Lugar*** at 934.

11. In ***In re Application of County Collector***, 838 N.E.2d 907, 217 Ill.2d 1 (IL. 2005), the Supreme Court of Illinois, in applying ***Tulsa***  concluded in note 7 that invocation of state judicial proceeding is state action.  Following is the exact quote of that note 7:   "The public guardian's argument is directed toward Apex and its purported failure to take adequate steps to notify Mary Lowe. Apex is a private party. Nevertheless, Apex does not dispute that it made 'use of state procedures with the overt, significant assistance of state officials' (Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 486, 108 S.Ct. 1340, 1345, 99 L.Ed.2d 565, 576 (1988)), so that sufficient state action exists here to invoke the protections of due process. See also F. Alexander, Tax Liens, Tax Sales and Due Process, 75 Ind. L.J. 747, 764 n. 102 (2000)." ***Id*** at 838 N.E.2d 930.

12. In ***Tulsa Professional Collection services, Inc. v. Pope***, 485 U.S. 478 (1988), invocation of a probation proceeding is considered state action and therefore notice requirement in Mullane v. Central Hanover Bank & Trust Co, 339 U.S. 306 (1950) becomes applicable.

13. In ***Sallie v. Tax Sale Investors Inc***., 998 F.Supp.612 (D. Md. 1998), a tax sale of a property is considered state action and the private party involved in that state action is considered state actor.

14. In ***Roginsky v. Blake***, 131 F.Supp. 2d 715 (D. Md. 2000), invocation of eviction proceeding is considered state action.

15. Defendant Allen Meyer contended that "Jones v. Flowers, 547 U.S. 220, 126 S.Ct. 1708 (2006), like Tulsa Professional and In re Application of County Collector before it, relates to whether a particular notice provision satisfied due process. And like those cases discussed above, it does not in any fashion involve either § 1983 or Rooker-Feldman Doctrine" (Motion to Dismiss p.6 ¶ 4). Defendant is patently wrong. The common thread of Jones v. Flowers, Tulsa and In re Application of County Collector is that state action was involved. Private party's invocation of judicial proceeding makes it a state action and therefore due process of Fourteenth Amendment becomes applicable. Private party also becomes state actor by invoking a state judicial proceeding. The requirement of state action or under the color of law is identical. Once state action requirement is satisfied, a necessary element of § 1983 is also satisfied. ***Lugar*** at 930-931.

16. Regarding defendant's contention of Rooker-Felderman doctrine, it is enough to point out that the Supreme Court in ***Lugar*** (similar factual pattern) did not invoke

that doctrine.  Nor did the Court in ***Roginsky v. Blake***.  Hu did not ask this Court to

review the final decision in the Circuit Court of Cook County.  Rather, violation of

due process by Allen Meyer becomes an independent cause of action under section

1983.  If Huey succeeded in evicting Hu, then obviously Hu will claim damages for

Meyer's violation of Hu's due process right.

## Conclusion:

Defendant Meyer totally misunderstood the decisional laws regarding state action.

Defendant's motion ought to be denied.

Respectfully Submitted,        Yaodi Hu         219 W. Cermak Chicago IL 60616

Signature:   yaodi hu