UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YAODI HU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 2007 |
| | ) | |
| HONORABLE TIMOTHY C. EVANS, Chief Judge | ) | Judge Amy St. Eve |
| Of Circuit Court of Cook County, Illinois, | ) | |
| HONORABLE PAMELA HILL VEAL, Judge, | ) | Magistrate Judge |
| HONORABLE SHERYL PETHERS, Judge, | ) | |
| All in Their Official Capacity, WALINSKI & | ) | |
| TRUNKETT, PC, BRIAN LEWIS, JOHN | ) | |
| BUSCHER, ROBERT WALINSKI, PARK | ) | |
| NATIONAL BANK, ALLEN MEYER, | ) | |
| | ) | |
| Defendants. | ) | |

**ALLEN MEYER'S REPLY IN SUPPORT OF HIS RULE 12(b)(6)
MOTION TO DISMISS PLAINTIFF'S [AMENDED] COMPLAINT**

The Defendant, Allen Meyer, through counsel, O'Hagan Spencer LLC, offers the following in support of his Motion to Dismiss:

**A.    Summary of Amended Complaint, Motion to Dismiss & Response**

Like his original Complaint, the Plaintiff's Amended Complaint attempts to plead a cause of action against Allen Meyer ("Meyer") under 42 USC § 1983 related to Meyer's successful prosecution of a Forcible Entry action against the Plaintiff. To support his § 1983 claim, the Plaintiff says much, but of relevance:

- Meyer filed a motion to strike the Plaintiff's jury demand on the ground that Illinois' Forcible Entry & Detainer Act does not provide for jury trials in actions involving commercial (as opposed to residential) real estate;

- The underlying court granted that motion;

- The grant of that motion constituted a violation of the Plaintiff's due process rights because:

1

- The Forcible Entry Act section at issue is an unconstitutional deprivation of the Plaintiff's Seventh Amendment right to a jury trial; and

- The grant was secured after Meyer visited the chambers of the underlying court.

Meyer moved to dismiss this Amended Complaint, contending that (a) he is not a "state actor" for § 1983 analysis and (b) regardless, the Amended Complaint represents a collateral attack on a state-court judgment, which is not permitted in light of the *Rooker-Feldman* Doctrine. Meyer referenced this Court's April 18 2008 Order dismissing the Plaintiff's original Complaint insofar as that Order addressed both the "state actor" and *Rooker-Feldman* issues.

In his Response, the Plaintiff still clings to the notion that the mere invocation of state-court proceedings renders the attorney who invokes those proceedings a "state actor" for § 1983 analysis. To support his proposition, he cited many cases, which will be discussed in further detail below. But none actually stand for the proposition he posits. Further, the Response paid scant attention to the *Rooker-Feldman* Doctrine, and this too will be addressed below.

**B.    Summary of Argument**

The Plaintiff's relative silence in his Response as to the *Rooker-Feldman* Doctrine could well be viewed as acquiescence. And it should: the Amended Complaint is nothing short of an attack on a state-court judgment, which the *Rooker-Feldman* Doctrine prohibits in a federal proceeding. The Plaintiff has offered no coherent argument otherwise.

And while there is no corresponding silence as to his claim that Meyer is a "state actor" under § 1983, the cases he cites have no application to this discussion. The Amended Complaint contains only a mere allegation of a conspiracy between Meyer and Judge Pethers and under controlling Seventh Circuit precedent, "mere allegations of joint action or a conspiracy" are not

enough to carry the day.

Thus, despite being given the opportunity to cure the deficiencies evident in his original Complaint, the Plaintiff has failed to do so. He is still attacking a state-court judgment, and he still has not pleaded facts sufficient to render Meyer a "state actor" for § 1983 purposes. Either continuing deficiency provides independent ground for the dismissal of his Amended Complaint.

**C.     Argument**

1.     Rooker-Feldman

The *Rooker-Feldman* Doctrine recognizes that only the United States Supreme Court has jurisdiction to review final judgments entered in civil cases by state courts, and that federal district and appellate courts lack such appellate jurisdiction. Ibitayo v. McDonald, 2003 WL 227650046 *2 (N.D.Ill. 2003); *see also*, Blair v. SupportKids, Inc., 222 F.Supp.2d 1038, 1046 (N.D.Ill. 2002), *citing* 28 U.S.C. § 1257 *and* Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 509 (7th Cir. 1996).

The Doctrine thus "prevents federal district and appellate courts from entertaining a process to reverse or modify a state court decision." *Blair*, 222 F.Supp.2d at 1046, *citing* Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) *and* D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Its application is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005).

In determining whether a federal plaintiff is seeking review of a state-court judgment, the district court focuses on the complained-of injury: if it derives from the state-court judgment

3

itself, the Doctrine applies and the district court lacks jurisdiction to hear the claim. *Blair*, 222 F.Supp. at 1046.

The Doctrine also applies to bar federal claims that are inextricably intertwined with a state-court judgment. Brokaw v. Weaver, 305 F.3d 660, 668 (7th Cir. 2002); *Blair*, 222 F.Supp. at 1046. There exists no clear line that separates a federal claim that is inextricably intertwined with a state-court judgment from one that is not. *Blair*, 222 F.Supp. at 1046. Nonetheless, the inquiry to be undertaken is whether "the district court is in essence being called upon to review the state-court decision." *Blair*, 222 F.Supp. at 1046, *citing* Levin v. Attorney Registration and Disciplinary Comm'n of the Supreme Court of Illinois, 74 F.3d 763, 766 (7th Cir. 1996).

In the instant case, the Plaintiff wants this Court to give him relief from a judgment entered by a state court without a jury trial. He contends that the state civil procedure code section upon which the state court relied in conducting the trial without a jury is unconstitutional. Further, he requests an injunction against the continued operation of that state civil procedure code section.

The purported injury of which the Plaintiff complains – a judgment entered without a jury trial – was put upon him by the state court's judgment. The relief he requests from this Court – a declaration of unconstitutionality and an injunction against enforcement of the state-court judgment – is nothing more than a cancellation of that judgment. The *Rooker-Feldman* doctrine removes from this Court any jurisdiction to entertain his claim.

The Plaintiff also wants an injunction against the continued operation of that state civil procedure code section. That code section – 735 ILCS 5/9-108 – permits jury trials in Forcible Entry & Detainer actions relating to residential leases, but not in those relating to commercial leases. Presumably, the Plaintiff seeks to invalidate § 9-108 because if it is deemed

4

unconstitutional on equal protection or due process grounds, he would then have had a right to a jury trial in the underlying action. In other words, he wants this Court to undo what a state court has done.

The *Rooker-Feldman* Doctrine does not necessarily address this style of indirect attack on a state-court judgment. However, the indirect attack is still an inappropriate use of 42 USC § 1983, insofar as the United States Supreme Court has held that § 1983 may not be used to obtain relief that implies the invalidity of a state-court judgment. Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 1377 L.Ed.2d 906 (1997).

And ultimately, that is precisely what the entirety of the Plaintiff's Complaint is: an attack – direct or otherwise – on a state-court judgment and, if successful, such success would imply the invalidity of the state-court judgment. To be sure, the Plaintiff denies this in the Amended Complaint, wherein he professed to this Court that he "is not asking the Federal Court to review the final result of the litigation." Amended Complaint, ¶ 11. But despite this statement, the Complaint is replete with allegations revealing his true intent, most notably:

- "*Hu hereby challenges the constitutionality of 735 ILCS 59-108 on its face for violating the equal protection clause of Fourteenth Amendment.* Hu already sent notice according to Supreme Court Rule 19 to Attorney General's Office of State of Illinois. Hu prays for declaratory and injunctive relief." Amended Complaint, ¶ 83 (*emphasis supplied*); *see also*, ¶ 84-86.

- "Because Hu is entitled to jury trial notwithstanding his waiver in the Lease, *orders entered on December 13, 2007 and December 21, 2007 based upon 735 ILCS 5/9-108 are null and void*. Hu prays for preliminary *injunctive relief against Huey from enforcing the possession order* entered by Judge Sheryl Pethers." Amended Complaint, ¶ 87 (*emphasis supplied*).

*See also*, Amended Complaint, ¶¶ 24, 58, 107 and 108.

The emphasized text in the two preceding bullet points renders this case factually

different from *Blair*. There, this Court, in denying a *Rooker-Feldman* motion, noted that the "complaint, on its face, does not call on this Court to review the validity of state court judgments. . . . In passing on [the claims the complaint does set forth], this Court will not be reviewing any judgments entered by the Illinois courts." *Blair*, 222 F.Supp.2d at 1046-47. Here, the Court is being asked to do exactly what it was not asked to do in *Blair*.

This Court continued: "Indeed, Plaintiffs have conceded that they have no intention of challenging the underlying orders. . . ." *Blair*, 222 F.Supp.2d at 1047. Here, the Plaintiff has conceded no such thing. To the contrary, his Complaint establishes his intent to do just that. He seeks an order that the state court's orders are "null and void," and "injunctive relief against Huey [who is not even a party to this case] from enforcing the possession order entered by Judge Sheryl Plethers." He is thus attacking not only the state-court procedures and orders that divested him of a jury trial, but also the state-court judgment entered upon the resulting bench trial.

Thus, his Complaint, by its own words, establishes that the Plaintiff's claims call upon this Court to review a state-court judgment, a request that this Court is – respectfully – without jurisdiction to entertain.

About *Rooker-Feldman*, the Plaintiff states only this in his Response:

> [It] is enough to point out that the Supreme Court in ***Lugar*** (similar factual pattern) did not invoke that doctrine. Nor did the Court in ***Roginski v. Blake***. Hu did not ask this Court to review the final decision in the Circuit Court of Cook County.

Resp., at p. 5 (*emphases in original*).

Both sentences bear brief discussion. Taking the second sentence first, the Plaintiff in fact has asked this Court to review the final decision in the Circuit Court of Cook County. The particular allegations wherein the Plaintiff seeks review are cited above and, while there are

6

others, these reveal that the Plaintiff is, in fact, asking "this Court to review the final decision in the Circuit Court of Cook County."

Addressing the second sentence, *Lugar* does *not* have a similar fact pattern. In *Lugar*, the state-court judgment the plaintiff complained of had been dismissed by the state court before the plaintiff filed his § 1983 claim. As such, the federal court in *Lugar* was not being asked to review a state-court judgment. Not so here, as already discussed.

And as it relates to *Roginski*, there is one single factual difference between it and this case that renders *Roginski* inapplicable: there, the defendant apparently did not raise *Rooker-Feldman* as grounds for dismissal; here, Meyer has.

If the Plaintiff wishes to challenge the procedures employed in the underlying case, a method exists for that challenge: appeal to the Illinois Appellate Court (notably, the Plaintiff has done this), appeal to the Illinois Supreme Court and, if still not satisfied, petition the United States Supreme Court for a writ of *certiorari*. But resorting to this Court is not proper and requires dismissal of this action.

2.    Section 1983 Claim

A discussion of the myriad cases cited by the Plaintiff in his Response will follow, but the discussion is best understood in light of the Seventh Circuit decision in Fries v. Helsper, 146 F.3d 452 (7th Cir. 1998). There, the Court wrote:

> To state a valid cause of action under § 1983, a plaintiff must demonstrate that: (1) the defendant(s) deprived him of a right secured by the Constitution or any law of the United States; and (2) the deprivation of that right resulted from the defendant(s) acting under color of law. . . . For an individual to act under color of law, there must be evidence of a *concerted effort* between a state actor and that individual. . . . To establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights . . . and (2) those individual(s) were "willful participant(s) in joint activity with the State or its agents.

146 F.3d at 457 (*emphasis in the original; internal citations omitted*).

Thus, for the Amended Complaint to withstand this Motion, the Plaintiff must have alleged that Meyer and some state official agreed to violate the Plaintiff's constitutional rights, and then willfully participated in activity to carry out that agreement.

However, these requirements do not allow for general pleading. "Mere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss." *Id.*, 146 F.3d at 458. Given this, the Amended Complaint must do more than utter the word "conspiracy" if it is to survive this Motion.

It does not. The sum total of the Plaintiff's allegations to support his contention that a conspiracy was afoot are as follows:

> Counsel Allen Meyer admitted in open court that he went to Sheryl Pethers' chamber several times during the time of litigation. These multiple and unusual visit by counsel Allen Meyer is part of the conspiracy between Allen Meyer and Judge Peters in depriving Hu's constitutional right of due process right of fair trial.

Amended Complaint, ¶ 13.

> Allen Meyer also conspired with Judge Pethers so Judge Pether would ignore all the relevant facts and law in rendering a favorable decision to Allen Meyer's client. Allen Meyer visited Judge Pethers chamber inappropriately several times during the litigation.

Amended Complaint, ¶ 77.

As noted in Meyer's Motion to Dismiss, the Amended Complaint does not address why Meyer visited chambers, whether Judge Pethers was present, whether Meyer and Judge Pethers spoke, whether Meyer and Judge Pethers spoke of the subject litigation, or what was said to further the Plaintiff's perception that a conspiracy was afoot. Instead, the Plaintiff makes "mere

allegations" as to the existence of this conspiracy.

As such, the Plaintiff has not stated a cause of action under § 1983 against Meyer. Nor should he be permitted to amend this Complaint yet again. He has already done so once in an attempt to bring Meyer into the folds of this conspiracy, and he failed. Pleading "is not like playing darts; a plaintiff can't keep throwing claims at the board until she gets one that hits the mark." Doe v. Howe Military School, 227 F.3d 981, 990 (7th Cir. 2000).

The new round of cases cited by the Plaintiff do not alter this basic analysis. To take them in the order in which they were decided:

In Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337 (1969), § 1983 was not at issue; instead, the petitioner was challenging a state's wage garnishment procedure. The Court thus made no determination as to whether the private individuals that used that procedure were "state actors" for § 1983 analysis.[1]

In Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970), the plaintiff made sufficient allegations of conspiracy – something beyond "mere allegations" – for her action against private actors to survive. Here, the Plaintiff has not.

Fuentes v. Shevin, 407 U.S. 67 (1972), Mitchell v. W.T. Grant Co., 416 U.S. 600 (1974), and North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601 (1975), each involved constitutional challenges to garnishment and pre-judgment attachment procedures and did not involve § 1983. Thus, as in *Sniadach*, the Court never addressed whether private individuals may have § 1983 liability as "state actors" for their use of the challenged procedures.

Flagg Bros., Inc. v. Brooks, 436 U.S. 149 (1978), did involve § 1983, but the Supreme

---

[1] *Sniadach* provides a good example of how a party who perceives a constitutional violation in a state court proceeding should address that perception: appeal to the state intermediate appellate court; appeal to the state supreme court; petition the United States Supreme Court for a writ of *certiorari*. This is the procedure that the *Rooker-Feldman* Doctrine mandates.

9

Court held that the defendant, a private entity, was not a "state actor" for § 1983 purposes. The facts, and the reasoning employed by the Supreme Court, are so inapposite to this case that Meyer will not further discuss the holding.

Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922 (1982), bears a little more discussion. First, the Court specifically stated: "we do not hold today that a private party's mere invocation of state legal procedures constitutes joint participation or conspiracy with state officials satisfying the § 1983 requirement of action under color of law." 457 U.S. at 939, fn. 21 (*internal quotations omitted*). Thus, the Seventh Circuit's decision in *Fries*, requiring more than a "mere allegation" of conspiracy, comports with the Supreme Court's view on the circumstances under which a private party can be held liable pursuant to § 1983. More importantly, this holding runs contrary to what the Plaintiff wants this Court to believe.

Second, the Court specifically limited the reach of its holding: "The holding today, as the above analysis makes clear, is limited to the particular context of prejudgment attachment." *Id*. Insofar as this case does not involve pre-judgment attachment, *Lugar* has no application to it.

In Sallie v. Tax Sale Investors, Inc., 998 F.Supp. 612 (Md. 1998), the District Court invoked *Lugar* as support for its decision. And as just noted, the *Lugar* line of reasoning has no application to this case.

Finally, the Plaintiff cites Roginsky v. Blake, 131 F.Supp.2d 715 (Md. 2000). This is curious because *Roginsky* is actually favorable to Meyer: in that case and in this, the operative complaint is "bereft of sufficient facts to support Plaintiff's proposition that the Defendants were participants in a joint action with" the judge. 131 F.Supp.2d at 719. Like the plaintiff's complaint in *Roginsky*, the Plaintiff's Amended Complaint here should be dismissed with prejudice.

Ultimately, Meyer filed a motion that was granted. That, in and of itself, cannot support § 1983 liability, insofar as a private lawyer's use of the state's court system does not mean he or she is acting under color of state law. Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994), *citing* Dennis v. Sparks, 449 U.S. 24, 28 (1980).

Moreover, while the existence of a conspiracy between Meyer and Judge Pethers could theoretically support a § 1983 action against Meyer, the Plaintiff has failed to adequately plead such a conspiracy. And it is not as if though this Court has not provided the Plaintiff the opportunity to do so. The Court's April 18 2008 Order makes it quite clear that "conspiracy" could be the route to a well-pleaded complaint. This Court showed him the bull's eye, he just cannot hit it and this case should be dismissed with prejudice.

Wherefore, the Defendant, Allen Meyer, requests that this Court dismiss the Plaintiff's amended Complaint pursuant to Fed.R.Civ.Pro. 12(b)(6) without leave to amend, and requests such further relief as this Court deems just.

Dated: August 27 2008.

                                            Respectfully Submitted,

                                            By:    __s/ Daniel B. Meyer_____
                                                       Daniel B. Meyer
                                                       Counsel to Allen Meyer

Daniel B. Meyer
Edward C. Eberspacher IV
O'Hagan Spencer LLC
One East Wacker Drive
Suite 3400
Chicago, Illinois 60601
312.422.6100